IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BYRON BARRETT, individually and on behalf of )
a class of similarly situated individuals,       )
                                                 )
                        Plaintiff                )   No.
                                                 )
                v.                               )
                                                 )
RC2 CORPORATION,                                 )   **JURY TRIAL**
                                                 )   **DEMANDED**
                        Defendant                )
-------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, Byron Barrett, brings this Class Action Complaint against Defendant RC2 Corporation ("RC2") on behalf of himself and all others similarly situated, and states as follows:

## NATURE OF ACTION

1.      Plaintiff brings this Class Action on behalf of purchasers of Thomas & Friends Wooden Railway vehicles, buildings, and other train set components ("Thomas & Friends Toys") containing lead paint and which were distributed by Defendant between the dates of January 2005 and June 2007.

2.      Defendant marketed, manufactured and distributed these toys specifically intended for children using red and yellow surface paint containing lead. Lead paint can be poisonous when ingested, and its use on toys has been subject to clear regulatory prohibitions.

3.      On or about June 13, 2007, in cooperation with the U.S. Consumer Product Safety Commission ("CPSC"), Defendant recalled approximately 1.5 million

defective Thomas & Friends Toys, all of which had been manufactured, in part or in whole, in China.

4. This is far from the first time that Chinese manufacturing has been the source of dangerous children's toys distributed in the United States. It is estimated that sixty percent of recalled U.S. products were manufactured in China. There have been approximately 18 U.S. recalls of children's jewelry due to lead content; all coming from Chinese manufacturers. And there have been six different major recalls of Chinese-made toys in the last six months alone.

5. Despite knowing these dangers, Defendant failed to take reasonable steps to ensure that its products were safe for use.

6. And, even now, Defendant is failing to take full responsibility for its misconduct; offering only to replace defective toys, as opposed to full and speedy refunds.

7. Plaintiff brings this lawsuit on behalf of a nationwide class seeking, *inter alia*, money damages as well as injunctive relief to ensure that adequate safety procedures are implemented in the future.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this litigation pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-209. Defendant is a corporation doing business within the state of Illinois.

9. Venue is proper in this court because Defendant resides in this County.

## PARTIES

10. Plaintiff is a resident of California.

11. RC2 is an Illinois Corporation doing business in the state of Illinois. Defendant sells its products through chain retailers, specialty retailers, wholesalers, and directly to consumers. Defendant is a self-proclaimed "designer, producer, and marketer of "high quality, innovative collectible, hobby, toy and infant products". These products include products related to feeding, care, and play toys for infants and toddlers. The Company sells through more than 25,000 retail outlets located primarily in North America, Europe, and Asia Pacific.

## FACTUAL ALLEGATIONS

12. Thomas & Friends Toys are wooden trains, box cars, cabooses, train tracks, cares, buildings and related toys which are popular among children.

13. Defendant marketed, distributed, and sold these popular toys, manufactured in China, that were coated with lead paint. These toys are marketed towards children who can be expected to lick, suck and bite the toys.

14. Defendant portrays its toys as safe and quality products, providing peace of mind to parents. Plaintiff and the Class believed they were purchasing toys that would be safe for their children.

### *Dangers of Lead Poisoning*

15. Lead is a highly toxic metal. Lead may cause a range of health effects from behavioral problems and learning disabilities to seizures and death.

16. The CPSC has declared that "[t]oys and other articles intended for use by children that bear "lead-containing paint"" are "banned hazardous products." In addition, through a settlement reached between the EPA and Sierra Club, the EPA has agreed to

take actions to protect children from lead exposure in an attempt to eliminate childhood lead poisoning by 2010.

17.     Because of consumers' justifiable fear of lead exposure, a toy with even small amounts of lead is inherently worth far less than the same toy containing no lead. This is true even if the actual likelihood of lead-related illness is remote.

### *Thomas & Friends Toys Recalled*

18.     On June 13, 2007, Defendant in conjunction with the CPSC issued a voluntary recall of the Thomas & Friends Toys. The recall involved approximately 1.5 million toys sold nationwide between January 2005 and June 2007.

19.     The recall notice stated that the toys should be taken away from young children immediately, and that consumers could contact Defendant for a "replacement toy."

### Defendant's Prior Knowledge Of The Need To Test Toys Manufactured in China

20.     Toys and other products originating from China have often been unsuitable for their intended use. Indeed,

  a.     it is estimated that sixty percent of recalled U.S. products were manufactured in China.

  b.     there have been approximately 18 U.S. recalls of children's jewelry due to lead content; all coming from Chinese manufacturers.

  c.     there have been six different major recalls of Chinese-made toys in the last six months alone.

21. Defendant itself has had other recalls involving lead paint in its toys. In 2003, for example, Defendant had to recall certain Lamaze toys due to lead paint on part of the toys.

22. Defendant has long since been on notice of the need to carefully test toys originating from China – especially for the existence of lead paint.

### *Facts Relating to the Named Plaintiff*

23. Plaintiff purchased a Thomas & Friends Toy for his family within the last two years. This toy was subject to the recall due to the possibility of lead paint poisoning.

24. Plaintiff no longer trusts Defendant to provide a safe replacement toy, and wants to be reimbursed for the cost of the toy.

### *Class Allegations*

25. Plaintiff brings this action on behalf of himself and all persons who purchased Thomas & Friends Toys which contain lead between January 2005 and June 2007 (the "Class").

26. Upon information and belief, the members of the Class number in the tens of thousands, such that joinder of all members is impracticable.

27. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

    (a) Are the products defective;

    (b) Was Defendant on notice to test the products for lead paint;

(c) Did Defendant commit consumer fraud by failing to properly test and then selling defective products;

(c) Whether Plaintiff and members of the Class are entitled to damages.

28. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the Class, and he has retained counsel competent and experienced in class action litigation.

29. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

### (Violation of the Consumer Fraud Act)

30. Plaintiff incorporates by reference the foregoing allegations.

31. The Consumer Fraud Act prohibits "unfair or deceptive acts or practices." 815 ILCS 505/2.

32. Defendant committed, *inter alia*, the following unfair and/or deceptive acts or practices:

a. It failed to test the defective Thomas & Friends Toys to make sure they were not contaminated with lead paint;

b. It marketed the defective Thomas & Friends Toys as safe for children;

  c. It sold defective and unsafe toys to hundreds of thousands of consumers; and

  d. It failed to include proper warning labels on its products.

33. Defendant knew or should have known of the defect, but did not disclose this defect to Plaintiff or the Class. Defendant has been involved in similar recalls in the past and knew of the dangers of toys manufactured in China.

34. Defendant intended Plaintiff and the Class to rely on its misrepresentations and omissions.

35. Defendant's illegal conduct resulted in actual damages, proximately caused by that conduct, to each member of the Class.

36. Defendant's conduct involves trade practices directed to the market generally and otherwise implicates consumer protection concerns.

WHEREFORE, Plaintiff prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Reasonable Attorney's fees and costs;

4. Injunctive relief; and

5. Such further and other relief as the Court deems appropriate.

## COUNT II

### (Breach of Warranties)

37. Plaintiff incorporates by reference the foregoing allegations.

38. Defendant breached express warranties to Plaintiff and his Class and violated the Uniform Commercial Code.

39. Defendant breached implied warranties to Plaintiff and his Class and violated the Uniform Commercial Code.

40. Defendant breached the implied warranty of merchantability.

41. As a proximate cause of this misconduct, Plaintiff and his Class suffered actual damages.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Appropriate injunctive relief;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## COUNT III

### (Negligence)

42. Plaintiff incorporates by reference the foregoing allegations.

43. Defendant owed its customers a duty to offer safe, non toxic products in the stream of commerce.

44. Defendant breached this duty by failing to exercise due care in the producing, processing, manufacturing and offering for sale of the unsafe toys described herein.

45. As a proximate cause thereof, Plaintiff and his Class suffered actual damages.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual damages;
3. Appropriate injunctive relief;
4. Reasonable attorney's fees and costs; and
5. Such further and other relief the Court deems appropriate.

## COUNT IV

### (Unjust Enrichment)

46. Plaintiff incorporates by reference the foregoing allegations.

47. Defendant has been unjustly enriched by its sale of defective toys.

48. By unwittingly paying money for these defective toys, Plaintiff and his Class conferred a benefit upon Defendant, which benefit the Defendant knowingly retained.

49. It is against equity and good conscience to permit Defendant to retain the profits and benefits it has received as a result of their wrongful practices described above.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual damages;
3. Appropriate injunctive relief;
4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

August 7, 2007

Byron Barrett, individually and on behalf of a class of similarly situated individuals

*/s/* one of his attorneys

Jay Edelson
Blim & Edelson, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
(312) 913-9400
(312) 913-9401 (Fax)
Atty No. 38373

Scott A. Kamber (not admitted in Illinois)
Ethan Preston
Kamber & Associates, LLC
11 Broadway, 22nd floor
New York, New York 10004
(212) 920-3072
(212) 202-6364 (fax)

(Rev. 12/4/00) CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT /CHANCERY DIVISION

Byron Burnett, Plaintiff

v.

RC2 Corporation, Defendant

Case No. 07CH20924

## CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence. Please check the box in front of the appropriate category which best characterizes your action being filed.

| Code | | Category |
|---|---|---|
| 005 | ___ | Administrative Review |
| 006 | ___ | Change of Name |
| 001 | X | Class Action |
| 002 | ___ | Declaratory Judgment |
| 004 | ___ | Injunction |
| 008 | ___ | Mechanic's Lien |
| 003 | ___ | Mortgage Foreclosure |
| 007 | ___ | General Chancery |

___ Accounting
___ Arbitration Awards
___ Certiorari
___ Dissolution of Corporation
___ Dissolution of Partnership
___ Equitable Lien
___ Interpleader
___ Mandamus
___ Ne Exeat

___ Partition
___ Quiet Title
___ Quo Warranto
___ Redemption Rights
___ Reformation of a Contract
___ Rescission of a Contract
___ Specific Performance
___ Trust Construction
___ Other _____

FILED-4
2007 AUG -7 AM 11:29
COOK COUNTY, ILLINOIS
CHANCERY DIV.
DOROTHY BROWN CLERK

By: _____ Attorney / Pro Se

Atty. No.: 38373
Name: Jay Edelson
Atty. for: Plaintiff
Address: 53 W. Jackson Blvd., 1647
City/State/Zip: Chicago, IL 60604
Telephone: 312-913-9400 x2

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | CCG N001-10M-1-07-05 ( ) |
| SUMMONS | ALIAS - SUMMONS | |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery DIVISION

(Name all parties)

Byron Barrett

v.

RC2 Corporation

No. 07CH20924

To: 1111 West 22nd Street
Suite 320
Oak Brook, IL 60523

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. **AUG 0 7 2007**

Atty. No.: 38373
Name: Jay Sholson
Atty. for: Plaintiff
Address: 53 W. Jackson, 1642
City/State/Zip: Chicago, IL 60604
Telephone: 312-913-9400

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

[SEAL]

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS