IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE RC2 CORP. TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | Case No. 07 cv 7184 |
| | MDL No. 1893 |
| DOCUMENT RELATES TO: | JUDGE LEINENWEBER |
| All Actions | |

**PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO THE ALL WRITS ACT**

Plaintiffs, individually and on behalf of all others similarly situated, for their Emergency Motion for Preliminary Injunction Pursuant to the All Writs Act, state as follows:

1. This matter involves RC2 Corporation's and Learning Curve Brand, Inc.'s (collectively, "RC2") attempt to make an end-run around this Court and gain approval of a collusive nationwide settlement from an Illinois state court that has little connection to this litigation. If granted final approval, the Illinois state court settlement will extinguish the claims transferred to and centralized before this Court by the Judicial Panel on Multi-District Litigation ("JPML") for little to no value. Without this Court's intervention, the state court's preliminary approval order, initially entered January 22, 2008 in *Barrett, et al. v. RC2 Corp.,* Case No. CH 20924 (Cir. Ct. Cook County, Ill.), could effectively end further proceedings in this matter.

2. Plaintiffs, who are victims of RC2's distribution and sale of 1.7 million Thomas and Friends Wooden Railway Toys ("Thomas Toys") tainted with lead paint, hereby seek an injunction under the All Writs Act, barring RC2 from proceeding with a proposed class action

settlement of their claims in the Circuit Court of Cook County. The proposed state court settlement is a "claims made" settlement that offers little to no value to most Class members.

3. Specifically, the Settlement Agreement does not protect the interests of the Class for the following non-exhaustive list of reasons:

    a.    While the Settlement Agreement releases "any and all *class* claims which [a class member] may have for personal injury (including claims for medical monitoring whether as a claim or an element of damages)," it does not provide any recovery for medical monitoring or the costs to administer blood tests for children who may have ingested dangerous amounts of lead from playing with the toys nor compensate parents for the exposure of a toxic substance to their children.

    b.    Class members who complied with the recalls and already returned their toys to Defendants are not entitled to any compensation. As a result, Class members that own more than 60 percent of the Recalled Toys are excluded from receiving *any* compensation under the Settlement Agreement.

    c.    Class members who no longer possess Recalled Toys due to destruction or disposal are entitled to a maximum of two coupons or credits in the amount of $15.00 for the purchase of toys from RC2's website. However, between 46 and 80 percent of the "value" of the coupons will be dissipated by shipping costs, which are not covered by Defendants. Moreover, the average price of the Thomas Toys on the website is $35.67. Accordingly, the coupons are nothing more than a savvy marketing campaign that will benefit only Defendants.

    d.    The Class is defined to include business entities and releases claims of business entities despite the fact that Mr. Barrett is an individual person that is not adequate to represent the interests of business entities.

    e.    RC2 represented to Congress that it had adopted the points set forth as the injunctive relief provisions in the Settlement Agreement two months before *Barrett* was filed.

4. For their willingness to settle on RC2's terms and sell out the Class, plaintiff's counsel in *Barrett* stand to collect a fee of $2.9 million.

5. A stay by this Court will protect this Court's jurisdiction over the claims transferred to it by order of the JPML, will prevent Defendants' "reverse auction" and will ensure that the congressional concerns embodied in the Class Action Fairness Act of 2005 will be carried out.

Failure on the part of the Court to grant the requested relief will mean that this MDL proceeding will be resolved in a county court in Illinois with no prior connection to this litigation. Indeed, Defendants' "reverse auction" necessitates an injunction and an MDL Court possesses the power under the All Writs Act to enjoin this type of behavior is clear.

6. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), courts possess "extraordinary powers" to enjoin parallel state court proceedings that threaten their jurisdiction. The Act provides: "[t]he Supreme Court and all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a).

7. Further, under the Anti-Injunction Act, 28 U.S.C. § 2283, federal courts have the power to enjoin state court proceedings when (1) the injunction is "expressly authorized by Act of Congress," (2) the injunction is "necessary in aid of [the court's] jurisdiction," (3) the injunction is necessary "to protect or effectuate [the court's] judgments."

8. Here, an order pursuant to the All Writs Act is necessary to prevent serious impairment to this Court's authority to decide the case, as well as to protect the Class from a collusive and wholly-inadequate settlement and release of their claims.

WHEREFORE, for the reasons provided above and in their accompanying memorandum, Plaintiffs respectfully request this court to enjoin Defendants, and all those acting in conjunction with Defendants, from pursuing, entering, negotiating, executing, or enforcing any settlement of any claims presented in this action without the express approval of this Court.

Dated: January 28, 2008	Respectfully submitted

        By:   /s/ Elizabeth A. Fegan
        Elizabeth A. Fegan
        Timothy P. Mahoney
        Daniel J. Kurowski
        HAGENS BERMAN SOBOL SHAPIRO LLP
        820 North Boulevard, Suite B
        Oak Park, IL 60301
        Telephone: (708) 776-5600
        Facsimile: (708) 775-5601
        E-mail: beth@hbsslaw.com
        E-mail: timm@hbsslaw.com
        E-mail: dank@hbsslaw.com

        Steve W. Berman
        Ivy Arai
        HAGENS BERMAN SOBOL SHAPIRO LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA 98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594
        E-mail: steve@hbsslaw.com
        E-mail: ivy@hbsslaw.com

        Laurence D. King
        Linda M. Fong
        KAPLAN FOX & KILSHEIMER LLP
        555 Montgomery Street
        Suite 1501
        San Francisco, CA  94111
        Frederic S. Fox
        Donald R. Hall
        KAPLAN FOX & KILSHEIMER LLP
        805 Third Avenue
        New York, NY  10022

        William N. Riley
        Jamie Kendall
        PRICE WAICUKAUSKI & RILEY, LLC
        301 Massachusetts Avenue
        Indianapolis, IN  46204

*Interim Co-Lead Counsel for the Class in In re: RC2 Corp. Toy Lead Paint Products Liability Litigation, MDL No. 1893 (N.D. Ill.)*

## **CERTIFICATE OF SERVICE**

      I, Elizabeth A. Fegan, an attorney, hereby certify that a true and correct copy of the foregoing PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO THE ALL WRITS ACT was served on counsel via CM/ECF and counsel on the following Service List via e-mail on January 28, 2008:

Bart Thomas Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
Bart.murphy@icemiller.com

James Petersen, Esq.
Katherine A. Winchester, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
James.peterson@icemiller.com
Katherine.winchester@icemiller.com
Judy.okenfuss@icemiller.com

*Counsel for Defendants in MDL 1893 and Barrett*

                                                                  /s/ Elizabeth A. Fegan
                                                                     Elizabeth A. Fegan