# **Exhibit 1**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BYRON BARRETT, individually and on behalf of )
a class of similarly situated individuals, )
)
                     Plaintiff    )    No. 07CH 20924
)
                    v.           )
)
RC2 CORPORATION,                     )    **JURY TRIAL**
)    **DEMANDED**
                    Defendant    )
----------------------------------------------------x

FILED 2007 AUG -7 AM 11:26

## CLASS ACTION COMPLAINT

Plaintiff, Byron Barrett, brings this Class Action Complaint against Defendant RC2 Corporation ("RC2") on behalf of himself and all others similarly situated, and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this Class Action on behalf of purchasers of Thomas & Friends Wooden Railway vehicles, buildings, and other train set components ("Thomas & Friends Toys") containing lead paint and which were distributed by Defendant between the dates of January 2005 and June 2007.

2. Defendant marketed, manufactured and distributed these toys specifically intended for children using red and yellow surface paint containing lead. Lead paint can be poisonous when ingested, and its use on toys has been subject to clear regulatory prohibitions.

3. On or about June 13, 2007, in cooperation with the U.S. Consumer Product Safety Commission ("CPSC"), Defendant recalled approximately 1.5 million

defective Thomas & Friends Toys. all of which had been manufactured. in part or in whole. in China.

4. This is far from the first time that Chinese manufacturing has been the source of dangerous children's toys distributed in the United States. It is estimated that sixty percent of recalled U.S. products were manufactured in China. There have been approximately 18 U.S. recalls of children's jewelry due to lead content; all coming from Chinese manufacturers. And there have been six different major recalls of Chinese-made toys in the last six months alone.

5. Despite knowing these dangers, Defendant failed to take reasonable steps to ensure that its products were safe for use.

6. And. even now. Defendant is failing to take full responsibility for its misconduct; offering only to replace defective toys. as opposed to full and speedy refunds.

7. Plaintiff brings this lawsuit on behalf of a nationwide class seeking. *inter alia*. money damages as well as injunctive relief to ensure that adequate safety procedures are implemented in the future.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this litigation pursuant to Illinois Code of Civil Procedure. 735 ILCS 5/2-209. Defendant is a corporation doing business within the state of Illinois.

9. Venue is proper in this court because Defendant resides in this County.

## PARTIES

10. Plaintiff is a resident of California.

11. RC2 is an Illinois Corporation doing business in the state of Illinois. Defendant sells its products through chain retailers, specialty retailers, wholesalers, and directly to consumers. Defendant is a self-proclaimed "designer, producer, and marketer of "high quality, innovative collectible, hobby, toy and infant products". These products include products related to feeding, care, and play toys for infants and toddlers. The Company sells through more than 25,000 retail outlets located primarily in North America, Europe, and Asia Pacific.

## FACTUAL ALLEGATIONS

12. Thomas & Friends Toys are wooden trains, box cars, cabooses, train tracks, cares, buildings and related toys which are popular among children.

13. Defendant marketed, distributed, and sold these popular toys, manufactured in China, that were coated with lead paint. These toys are marketed towards children who can be expected to lick, suck and bite the toys.

14. Defendant portrays its toys as safe and quality products, providing peace of mind to parents. Plaintiff and the Class believed they were purchasing toys that would be safe for their children.

*Dangers of Lead Poisoning*

15. Lead is a highly toxic metal. Lead may cause a range of health effects from behavioral problems and learning disabilities to seizures and death.

16. The CPSC has declared that "[t]oys and other articles intended for use by children that bear "lead-containing paint"" are "banned hazardous products." In addition, through a settlement reached between the EPA and Sierra Club, the EPA has agreed to

take actions to protect children from lead exposure in an attempt to eliminate childhood lead poisoning by 2010.

17.　　Because of consumers' justifiable fear of lead exposure, a toy with even small amounts of lead is inherently worth far less than the same toy containing no lead. This is true even if the actual likelihood of lead-related illness is remote.

*Thomas & Friends Toys Recalled*

18.　　On June 13, 2007, Defendant in conjunction with the CPSC issued a voluntary recall of the Thomas & Friends Toys. The recall involved approximately 1.5 million toys sold nationwide between January 2005 and June 2007.

19.　　The recall notice stated that the toys should be taken away from young children immediately, and that consumers could contact Defendant for a "replacement toy."

**Defendant's Prior Knowledge Of The Need To Test Toys Manufactured in China**

20.　　Toys and other products originating from China have often been unsuitable for their intended use. Indeed,

　　a.　　it is estimated that sixty percent of recalled U.S. products were manufactured in China.

　　b.　　there have been approximately 18 U.S. recalls of children's jewelry due to lead content; all coming from Chinese manufacturers.

　　c.　　there have been six different major recalls of Chinese-made toys in the last six months alone.

21. Defendant itself has had other recalls involving lead paint in its toys. In 2003, for example, Defendant had to recall certain Lamaze toys due to lead paint on part of the toys.

22. Defendant has long since been on notice of the need to carefully test toys originating from China – especially for the existence of lead paint.

*Facts Relating to the Named Plaintiff*

23. Plaintiff purchased a Thomas & Friends Toy for his family within the last two years. This toy was subject to the recall due to the possibility of lead paint poisoning.

24. Plaintiff no longer trusts Defendant to provide a safe replacement toy, and wants to be reimbursed for the cost of the toy.

*Class Allegations*

25. Plaintiff brings this action on behalf of himself and all persons who purchased Thomas & Friends Toys which contain lead between January 2005 and June 2007 (the "Class").

26. Upon information and belief, the members of the Class number in the tens of thousands, such that joinder of all members is impracticable.

27. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

    (a)    Are the products defective;

    (b)    Was Defendant on notice to test the products for lead paint;

(c) Did Defendant commit consumer fraud by failing to properly test and then selling defective products;

(e) Whether Plaintiff and members of the Class are entitled to damages.

28. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the Class, and he has retained counsel competent and experienced in class action litigation.

29. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

### (Violation of the Consumer Fraud Act)

30. Plaintiff incorporates by reference the foregoing allegations.

31. The Consumer Fraud Act prohibits "unfair or deceptive acts or practices." 815 ILCS 505/2.

32. Defendant committed, *inter alia*, the following unfair and/or deceptive acts or practices:

a. It failed to test the defective Thomas & Friends Toys to make sure they were not contaminated with lead paint;

b. It marketed the defective Thomas & Friends Toys as safe for children;

  c.  It sold defective and unsafe toys to hundreds of thousands of consumers; and

  d.  It failed to include proper warning labels on its products.

33.  Defendant knew or should have known of the defect, but did not disclose this defect to Plaintiff or the Class. Defendant has been involved in similar recalls in the past and knew of the dangers of toys manufactured in China.

34.  Defendant intended Plaintiff and the Class to rely on its misrepresentations and omissions.

35.  Defendant's illegal conduct resulted in actual damages, proximately caused by that conduct, to each member of the Class.

36.  Defendant's conduct involves trade practices directed to the market generally and otherwise implicates consumer protection concerns.

WHEREFORE, Plaintiff prays for the following relief:

1.  An order certifying the Class as defined above;

2.  An award of actual damages;

3.  Reasonable Attorney's fees and costs;

4.  Injunctive relief; and

5.  Such further and other relief as the Court deems appropriate.

## COUNT II

### (Breach of Warranties)

37.  Plaintiff incorporates by reference the foregoing allegations.

38.  Defendant breached express warranties to Plaintiff and his Class and violated the Uniform Commercial Code.

39. Defendant breached implied warranties to Plaintiff and his Class and violated the Uniform Commercial Code.

40. Defendant breached the implied warranty of merchantability.

41. As a proximate cause of this misconduct, Plaintiff and his Class suffered actual damages.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Appropriate injunctive relief;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## COUNT III

### (Negligence)

42. Plaintiff incorporates by reference the foregoing allegations.

43. Defendant owed its customers a duty to offer safe, non toxic products in the stream of commerce.

44. Defendant breached this duty by failing to exercise due care in the producing, processing, manufacturing and offering for sale of the unsafe toys described herein.

45. As a proximate cause thereof, Plaintiff and his Class suffered actual damages.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Appropriate injunctive relief;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## COUNT IV

### (Unjust Enrichment)

46. Plaintiff incorporates by reference the foregoing allegations.

47. Defendant has been unjustly enriched by its sale of defective toys.

48. By unwittingly paying money for these defective toys, Plaintiff and his Class conferred a benefit upon Defendant, which benefit the Defendant knowingly retained.

49. It is against equity and good conscience to permit Defendant to retain the profits and benefits it has received as a result of their wrongful practices described above.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Appropriate injunctive relief;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

August 7, 2007                          Byron Barrett, individually and on behalf of
                                        a class of similarly situated individuals

                                        *[signature]*
                                        One of his attorneys

Jay Edelson
Blim & Edelson, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
(312) 913-9400
(312) 913-9401 (Fax)
Atty No. 38373

Scott A. Kamber (not admitted in Illinois)
Ethan Preston
Kamber & Associates, LLC
11 Broadway, 22nd floor
New York, New York 10004
(212) 920-3072
(212) 202-6364 (fax)