# Exhibit 3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BYRON BARRETT, individually and on behalf of  )
a class of similarly situated individuals,  )
  )
                   Plaintiff,  )     No. 07 CH 20924
  )
                   v.  )     Judge William Maki
  )
RC2 CORPORATION,  )
  )
                 Defendant.  )

## CLASS ACTION SETTLEMENT AGREEMENT

THIS AGREEMENT is entered by and among Plaintiff in this Action, for himself and on behalf of the Settlement Class, and Defendant.

Plaintiff and Defendant are referred to collectively as the "Parties."

Subject to Court approval as required by the applicable Rules, and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this agreement and upon the entry by the Court of a Final Order and Judgment, this Action shall be settled and compromised upon the terms and conditions contained herein.

WHEREAS, a number of putative class actions have been filed against Defendant regarding Thomas & Friends train products;

WHEREAS, the putative class action complaint was filed by Plaintiff in *Barrett v. RC2 Corporation*, 07 CH 20924 (Cook County, IL) (the "Complaint"), alleging claims for damages and injunctive and declaratory relief against Defendant due to Defendant's alleged selling, manufacturing, distributing or marketing of toys with allegedly high levels of lead paint;

WHEREAS, Defendant has denied and continues to deny Plaintiff's claims in the Complaint and other similar actions, has denied any wrongdoing or liability to Plaintiff, and has raised numerous affirmative defenses;

WHEREAS, Plaintiff's counsel have conducted an examination and investigation of the facts and law relating to the matters set forth in the Complaint and have conducted pretrial discovery, including depositions and review of relevant documents, regarding the claims and defenses asserted in this Action;

WHEREAS, the Parties have engaged in extensive, arms-length negotiations, including multiple, in person sessions in front of Judge Robert Boharic (Ret.) in his capacity as a mediator;

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiff's claims, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and the public as a whole, and is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class;

WHEREAS, Defendant has similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending multiple and protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class;

WHEREAS, the Parties agree that all potential Settlement Class Members shall have an individual right to be excluded ("opt out") from the Settlement Class (as provided in this Agreement), such that participation in the settlement benefits shall be voluntary;

NOW, WHEREFORE, the Parties stipulate and agree that any and all Settled Claims against all Released Parties regarding the Settlement Toy Products shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement, as a good faith, fair, reasonable and adequate settlement under applicable rules, regulations and laws.

## I.    <u>DEFINITIONS</u>

As used in this Agreement and the exhibits hereto, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

<u>Action</u> means *Barrett v. RC2 Corporation,* No. 07–CH 20924 (Cook County, Illinois).

<u>Administrative Expense</u> means all reasonable expenses associated with administration of the Agreement.

<u>Agreement</u> means this Settlement Agreement (including all exhibits hereto).

<u>Award</u> means the benefits a Settlement Class Member may receive pursuant to the Settlement Agreement.

<u>Claim Form</u> means the form approved by the Court and filed with the Claims Administrator within six (6) months of the Notice Date (the "Claims Period").

<u>Claims Administration Expenses</u> means the expenses incurred by the Claims Administrator in handling claims by Class Members.

<u>Claims Administrator</u> means the Person selected by the parties and approved by the Court to oversee the processing and payment of Class Members claims as set forth in this Agreement. The Parties agree that Gregory J. Kilrea, COO of RC2 or his designee(s) shall perform the duties of Claims Administrator and shall act as Claims Administrator.  The Parties shall agree upon an

appropriate independent third party firm to conduct an appropriate audit of the claims administration process. Any discretionary obligations under this Agreement (including but not limited to the Claim Administrator's right to allow class members to remedy deficient claim forms) shall be supervised, and approved, by this independent third party. Further, Plaintiff maintains the right to challenge the exercise of such discretionary obligations before the Special Master.

Class Counsel means Lead Class Counsel consisting of attorneys Jay Edelson and Scott Kamber of KamberEdelson, LLC and William M. Audet of Audet & Partners, LLP and Liaison Class Counsel consisting of attorney Gino DiVito of Tabet DiVito & Rothstein LLC and counsel for Plaintiffs in the Coordinated State Court Actions..

Class Notice means the form of Court-approved notice (or notices) of this Settlement Agreement which are directed to the Class. The Parties have proposed that the Court approve the summary and long form notices in the form of Exhibits 2 and 3 to this Agreement.

Class Representative shall mean Byron Barrett.

Coordinated State Court Actions means the following pending class actions filed in other state court jurisdictions asserting similar class claims whose plaintiffs and counsel have agreed to the terms and conditions of this settlement: *Lombana v. RC2 Corp.*, No. L-7701 (Bergen County, NJ); *Norem v. RC2 Corp.*, No. 07-465859 (Sup.Ct. San Francisco CA); *Wood v. RC2 Corp.* No. 37 3007 CA 02275 (2nd Judicial Circuit, Leon County, FL); and *Word v. RC2 Corp.*, No. CT 004360-07 (Shelby County TN).

Court shall mean the Circuit Court of Cook County, Illinois.

**SETTLEMENT AGREEMENT**

Defendant(s) means RC2 Corporation, and all affiliated companies of RC2 or companies in which RC2 Corporation or one of its subsidiaries has a controlling interest, including but not limited to Learning Curve Brands, Inc., Learning Curve International, Inc., Learning Curve Canada Limited, RC2 (Asia) Limited); RC2 (Hong Kong) Limited; RCE Holdings, LLC, LearningCurveShop.com, Inc., Racing Champions Worldwide Ltd., RC2 Australia Pty, Ltd., Learning Curve Canada Holdco, Inc., RC2 Deutschland Gmbh, Racing Champions International Limited; RC2 Canada Corporation; RCIL Limited (UK) French Branch and RCIL Limited (UK) Netherlands Branch. It is expressly understood that all of the aforementioned entities, to the extent they are not Parties to this Agreement are intended third party beneficiaries of this Agreement.

Defendant's Counsel means Ice Miller LLP.

Effective Date means the date 35 days after the entry of the Final Order and Judgment (as defined herein) or in the event that a member of the Settlement Class files a timely appeal from the entry of the Final Order and Judgment the date on which the Final Order and Judgment becomes final and not subject to further review.

Fairness Hearings mean the hearings to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Settlement Agreement in accordance with applicable jurisprudence.

Final Order and Judgment means the Order and Final Judgments to be entered by the Court, approving this Agreement without material alterations, as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class, and issuing such other findings and determinations as the Court or the parties deem necessary and

appropriate to effectuate the terms of this Agreement.

Notice Date means the date upon which Class Notice is first disseminated to the Class.

Notice Expenses means (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, internet hosting and publishing the Notice to the Class of the proposed Settlement, identifying and notifying Class Members and informing Class Members of the proposed settlement and (ii) any necessary notice and notice-related expenses.

Notice Plan means the proposed plan of disseminating notice of the Agreement to Class Members.

Opt Out Period means the period for filing a Request For Exclusion ending on the deadline contained in the Class Notice.

Parties means Plaintiff and Defendant.

Person means any individual and any of their minor children whom they have custody of, corporation, trust, partnership, limited liability company or other legal entity and their respective successors or assigns.

Plaintiff means Byron Barrett and the Settlement Class.

Preliminary Approval means the Court's conditional certification of the Class, preliminary approval of this Agreement, and approval of the form and dissemination of Class Notice.

RC2 Corporation means RC2 Corporation, Learning Curves Brands, Inc, and their respective subsidiaries, affiliates, predecessors, successors and assigns.

Release means the form executed by the Class Members pursuant to this Agreement.

**SETTLEMENT AGREEMENT**

Released Party means Defendant (as defined above) including its predecessors, successors, assigns, parents, subsidiaries, divisions, departments, retailers, or affiliates, and any and all of its past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, representatives, subrogees and assigns of any of the foregoing.  It is expressly understood that to the extent a Released Party is not a party to this Agreement, they are an intended third party beneficiary of this Agreement. Releasing Party means Plaintiff and each Class member and any Person claiming by or through him/her/it as his/her/its spouse, child, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

Request For Exclusion is the written communication that must be filed with the Claims Administrator that is postmarked on or before the end of the Opt Out Period if a Class member wishes to be excluded from the Settlement Class.

Settled Claim means any claim, liability, right, demand, suit, matter, obligation, damage, loss or cost (including the cost of remediation), action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims whether known or unknown, asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Action or in any other action or proceeding in this Court or any other court or forum, regardless of legal theory, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising from or in any way relating to the manufacture, distribution, handling or touching or contact of any kind, and marketing or use (including playing with or storing) of the Settlement

Toy Product.  Without limiting the generality of the foregoing, Settled Claim shall include, with regard to the foregoing subject matter:

(1)    any class, group, collective or individual claim for any breach or violation of any federal or state statute, case law, common law or other law;

(2)    any claim for breach of any duty imposed by law, by contract or otherwise;

(3)    any claim based on strict product liability, consumer statute, negligence, medical monitoring, breach of express or implied warranty, racketeering, fraud, conspiracy, consumer fraud, negligent misrepresentations and/or omissions, or intentional misrepresentations and/or omissions;

(4)    any claim arising from or in any way related to the design, manufacture, production, sale, promotion or distribution of the Settlement Toy Products by Defendant or retailers selling such products;

(5)    any claim for damages, injunctive relief, class damages or relief, medical monitoring (whether as a claim or a form of damages), penalties, punitive damages, exemplary damages, or any claim for damages based upon any multiplication or enhancement of compensatory damages associated with the above; and

(6)    any *class* claim for personal injury, including but not limited to claims for medical monitoring whether as a claim or damages or remedy for a claim.

Notwithstanding the foregoing, this term "Settled Claim" does not include any individual claim for personal injury of any Class member.

Settlement Class or Class Member(s) means "all Persons who purchased or otherwise acquired any Settlement Toy Product in the United States.  Excluded from the Settlement Class

SETTLEMENT AGREEMENT

are Defendant, any entity in which Defendant has a controlling interest or which has a controlling

interest in Defendant, and Defendant's legal representatives, assigns and successors, as well as

any person who has timely filed a Request for Exclusion from the Settlement Class with the

Claims Administrator under this Agreement.  Also excluded are the Judge to whom this case is

assigned and any member of the Judge's immediate family.

Settlement Consideration means the settlement consideration provided by Defendant and

the Class Members, as set forth in this Agreement.

Settlement Toy Product(s) means the Thomas & Friends Wooden Railway products listed

in Exhibit 1 to this Agreement.

Special Master shall mean Judge Robert Boharic (ret).  The Special Master shall have

authority to resolve any disputes between the parties regarding implementation and enforcement

of the Settlement Agreement.  The Special Master shall also have the authority to initially

consider any challenges or disputes raised by any Class Member to any individual payments

under the Settlement Agreement.

United States includes the fifty states of the United States and all territories and

possessions of the United States.

## II.    FOR SETTLEMENT PURPOSES ONLY

A.    This Agreement is for settlement purposes only, and neither the fact of, nor any

provision contained in this Agreement or its exhibits, nor any action taken hereunder shall

constitute, be construed as, or be admissible in evidence as any admission of the validity of any

claim or any fact alleged by Plaintiff in this Action or in any other pending action or of any

wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or admission

by Defendant of any claim or allegation made in this Action or in any other action, nor as an admission by Plaintiff, Settlement Class Members or Class Counsel of the validity of any fact or defense asserted against them in this Action or in any other action.

**B.**    This Agreement is without prejudice to the rights of Defendant to (i) oppose Class certification in this Action should this Agreement not be approved or implemented for any reason, (ii) oppose certification in any other proposed or certified class action, or (iii) use the certification of the Class to oppose certification of any other proposed or existing class arising out of the claims asserted herein.

## III.    REQUIRED EVENTS AND COOPERATION BY THE PARTIES

**A.**    Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court for one or more orders which by their terms shall:

1.    Appoint the Class Representative as the representative of the Settlement Class;

2.    Appoint Lead, Liaison, and Class Counsel;

3.    Preliminarily and conditionally certify the Class under 735 ILCS 5/2801 for settlement purposes only and preliminarily approve this Agreement for purposes of issuing notice to the Class;

4.    Approve the form and contents of the Settlement Class Notice and the method of its dissemination to Class Members;

5.    Provide for disclosure of reasonably available information; and

6.    Schedule the Fairness Hearing to review comments and/or objections

regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the

application for an award of attorneys' fees and reimbursement of expenses and to consider

whether the Court shall issue a Final Order and Judgment approving the Settlement, granting

Class Counsel's application for fees and expenses, and dismissing the Action with prejudice.

**B.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions

and steps in order to accomplish these required events on the schedule set by the Court.

**C.** Class Counsel shall dismiss, with prejudice, the Coordinated State Court Actions no

later than 35 days following the Effective Date.

## IV.    **CERTIFICATION OF CLASS**

For settlement purposes only, the Parties stipulate to the certification of the following

Settlement Class: "All Persons (including corporations, partnerships, sole proprietorships or

other forms of business entities) who purchased or otherwise acquired any Settlement Toy

Product in the United States." Excluded from the Settlement Class are Defendant, any entity in

which Defendant has a controlling interest or which has a controlling interest in Defendant, and

Defendant's legal representatives, assigns and successors, as well as any person who has timely

filed a Request for Exclusion from the Settlement Class with the Claims Administrator under this

Agreement. Also excluded are the Judge to whom this case is assigned and any member of the

Judge's immediate family. Further the Parties stipulate to the appointment of Plaintiff as the

Class Representative and Class Counsel as Plaintiff's counsel for the class.

This Agreement is contingent upon the Court finally certifying a class substantially as

defined in the preceding paragraph. Should the Court fail to finally certify a class substantially as

defined in the preceding paragraph, then Defendant shall have the option of rescinding this

Agreement at its sole discretion within 10 business days of the date the Court grants final certification to a class.

## V.    **SETTLEMENT CONSIDERATION**

A.    **Injunctive Relief** – In addition to the compensation to Class Members outlined below and the Cy Pres Fund outlined below, Defendant has agreed that it shall on or before a date 60 days after final judgment is entered in this action, create and implement a Quality Assurance Program ("QAP") for Thomas & Friends Wooden Railway products sold by it which are painted, which shall include the following five components or items: (1) establish minimum testing and auditing procedures for all incoming material(s) used by any of Defendant's contract manufacturers and all outgoing finished products distributed in the United States; (2) establish a direct link between United States representatives of RC2 and RC2 representatives in offshore facilities to allow for the direct reporting of any Thomas & Friends Wooden Railway products which fail applicable heavy metals testing; (3) establish a program to trace the source and location of any problem/deficient products to the source; (4). purchase and use on a regular basis in both the United States and any offshore facilities, XRF testing equipment and utilize such equipment for regular basis and on a spot testing basis of painted products of Defendant; and (5) all contracts entered into between RC2 and contract manufacturers after the date final judgment is entered for the production of Thomas & Friends Wooden Railway products containing painted surfaces shall contain a clause that requires the contract manufacturer to comply with RC2's minimum testing and auditing procedures for incoming materials pursuant to the QAP.  The QAP may be revised by

Defendant to accommodate any improved technology and/or relevant improved laws or regulations or restrictions in the United States or any location of any contract manufacturer.  Defendants shall be in good faith compliance with their obligation to implement the aforementioned five steps or items within 60 days of final approval of this Settlement, notwithstanding any appeal or objection or collateral challenge to the terms of this Settlement Agreement up to and until January 1, 2011.  However, if a final order which is not subject to further review is entered rejecting approval of this Settlement, Defendants shall not be obligated to implement the injunctive relief outlined in this paragraph.  Defendants shall be obligated to follow the QAP with respect to the production of applicable Thomas & Friends Wooden Railway products, to the extent Defendants are producing such products, until January 1, 2011.  After January 1, 2011, Defendant shall abide by commercially reasonable methods, given the then-current state of technology and applicable laws and regulations, to assure product safety and integrity of its Thomas & Friends Wooden Railway products.

B.    **Replacement and Cash Consideration Program** – In addition to all other consideration outlined in this Settlement Agreement, Class Members who timely file claims, shall have the option of obtaining either a monetary payment, coupon  or a toy exchange, as detailed below.

*(1) Cash Reimbursement Program* – Any Class Member in current possession, custody or control of any Settlement Toy Product shall be entitled to compensation for either the actual price paid upon submission of proof of purchase or the listed price of the product as set forth in Exhibit 1 subject to the limitations set forth herein.  If the Class Member is unable to submit

appropriate proof of price paid, then the class member shall be paid the listed price of the product as set forth in Exhibit 1. In order to obtain a benefit under this program, the Class Members shall timely submit a completed claim form. Defendant shall make available to Settlement Class members submitting claim forms a pre-addressed, pre-paid shipping label for the Settlement Class member to return the Settlement Toy Product to the Claims Administrator. Notwithstanding the foregoing, Class Members may return the Settlement Toy Product, at their own cost, along with the completed claim form. In such event, Defendant shall not be responsible for reimbursement of such Class Members' cost of shipping. The Claims Administrator shall issue one payment per Settlement Toy Product returned.

   *(2)* *The Toy Exchange Program* – Class Members may choose to be compensated under the toy exchange program. Under the toy exchange program, the Class Member shall be entitled to a replacement Settlement Toy Product plus a bonus toy. To participate in the Toy Exchange Program, the class member must timely submit a completed claim form to Defendant along with the Settlement Toy Products to be exchanged. Defendant will make available to Settlement Class members a pre-paid, pre-addressed shipping label to return the Settlement Toy Product to Defendant. A reasonable time period after the Effective Date of the Settlement Agreement,, Defendant will ship to the class member a replacement product and a bonus toy to be selected by Defendant. All of the aforementioned shipping and postage costs shall be borne by Defendant as provided herein. In the event a Class Member returns to Defendant a toy which is not one of the Settlement Toy Products as listed in Exhibit 1, then Defendant will return the toy submitted to the Class Member. Class Members who have already returned recalled Settlement Toy Products and received replacement product in the recall process are not eligible for the Toy Exchange

Program. Not withstanding the foregoing sentence, Class Members who participated in the recall and received as a bonus item a Toad with Brake Lever vehicle, which has been recalled by RC2, may return the recalled Toad with Brake Lever vehicle they received for a new bonus item.

    **(3)  *Destroyed or Disposed Settlement Toy Product Claim With Proof of Purchase*-** As will be outlined in the claim form, if the Class Member no longer has possession of the Settlement Toy Product due to its destruction or disposal, and the Class Member has proof of purchase of the Settlement Toy Product, upon timely submission of reasonable proof of purchase along with a completed claim form and affidavit, the Class Member shall be entitled to receive the relief provided under subsection (1) above subject to the following.  Relief may be obtained for only two Settlement Toy Products per address under this subsection.  In order to claim relief under this subsection, the Class Member must have destroyed or disposed of the Settlement Toy Product and not simply have transferred ownership to someone else.

    **(4)  *Destroyed or Disposed Settlement Toy Product Claim Without Proof of Purchase* –** As will be outlined in the claim form, if the Class Member no longer has possession of the Settlement Toy Product due to its destruction or disposal, and the Class Member also does not have proof of purchase of the Settlement Toy Product, then such Settlement Class Member upon timely submitting a fully completed Destroyed or Disposed Settlement Toy Product Claim Without Proof of Purchase Claim Form shall receive a coupon or credit in the amount of $15.00 for the purchase of any Learning Curve Thomas and Friends Wooden Railway item from the Learning Curve online store for each Settlement Toy Product claimed.  Only a maximum of two such coupons will be issued per address.  To the extent Defendant believes that the total number of claims submitted under this sub-section exceed the reasonably likely number of Settlement

Toy Products that were actually destroyed or disposed, Defendant retains the right at its sole discretion to impose a $400,000 limit on the relief provided under this subsection.  In the event such discretion is exercised, the face value of the coupon to be issued pursuant to this subsection shall be reduced on a pro-rata basis based on the limit imposed.  Coupons will expire one year from the date of issuance and are not transferable.  Coupons are valid only for Thomas and Friends Wooden Railway merchandise available on the Learning Curve website at the time of order.

(5)    ***Miscellaneous Provisions Regarding Relief.***  Any Settlement Toy Product returned to Defendant by a Class Member becomes the property of Defendant and Defendant shall not have any obligation to preserve or maintain the Settlement Toy Product and Defendant may dispose of or destroy such Settlement Toy Product as it sees fit and in accordance with the law.  Class Members expressly waive any claims for spoliation arising from or related to the disposal or destruction of any Settlement Toy Product  returned to Defendant.  Defendant shall have the right to challenge fraudulent claims before the Special Master.

C.    **Cy Pres:**  Within 60 days of the Effective Date, Defendant shall pay $100,000 to an appropriate non-profit organization as approved by the Court.

D.    **Costs of Notice, Administration, and Other Costs and Expenses**: In addition to the above consideration, Defendant shall be solely responsible to pay all Claims Administration Expenses and all Notice Expenses for a notice program as described in this Agreement, as well as all attorneys fees and costs awarded by the Court to Class Counsel.

E. Class Members shall have until 60 days after the Effective Date of this Agreement to file claims.

F. Class Members who do not timely return a completed Claim Form shall not be eligible for an Award. Nothing in this provision shall be construed to prevent the Claims Administrator, in its discretion, from permitting a Class member to remedy deficiencies in such Class member's Claim Form or related documentation during the Term of Agreement. There shall be only one Award under this Agreement for a Settlement Toy Product.

G. The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by resolving claims in a rational, responsive, cost effective and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement in a computerized database. The Claims Administrator shall maintain all such records until expiration of the Term of Agreement and such records will be made available upon request to Class Counsel and Defendant's counsel. The Claims Administrator shall also provide such reports and such other information to the Court as it may require.

H. Any Settlement Toy Product which is returned to the Claims Administrator in the claims process becomes the property of Defendant and may be disposed of by Defendant. In the event that the settlement contemplated under this Agreement does not receive final approval, then Defendant shall provide any Settlement Class Member who returned a Settlement Toy Product to the Claims Administrator with a replacement product.

VI.    **CLAIMS ADMINISTRATION**

A.    All reasonable and necessary expenses incurred in administering this Agreement, including the costs of implementing and administering the settlement, shall be paid by Defendant. The Claims Administrator shall provide Class Counsel and Defendant's Counsel

with a detailed written summary of its activities on a quarterly basis.

B.     Class Counsel, in conjunction with the Claims Administrator, shall submit a

timely report to the Court summarizing the work performed by the Claims Administrator

including a report of all amounts paid to Class Members.

C.     The Claims Administrator shall cause a website to be created containing claims

information and relevant documents. Defendant shall pay the cost of creating and maintaining

this website. The website may be rendered inactive at the discretion of Defendant after 60 days

following the entry of the Final Approval Order approving the settlement in this case. The

Parties shall agree on all information and documents to be posted on this website. No documents

or information shall be posted on this website unless the Parties agree. In the event they cannot

reach agreement on this issue they shall submit their dispute to the Special Master who shall

decide the issue. The fees for the Special Master for deciding such disputes will be paid by the

losing party. If the Special Master accepts the position of Defendant, then his fees shall be paid

by Class Counsel. If the Special Master accepts the position of Plaintiff, then Defendant shall

pay his fees. In the event the Special Master rules in part for both Parties, then his decision shall

also apportion his fees to be paid by the Parties.

## VII.  <u>NOTICE TO THE CLASS</u>

A.     Upon Preliminary Approval (and as the Court may direct), the Parties (or their

designee) shall cause the Class Notice describing the Fairness Hearing and the terms of the

Settlement embodied herein to be disseminated to potential Class Members as provided herein.

Notice shall comport with due process and be effectuated pursuant to a Notice Plan. The Notice

Plan shall include: (i) individual e-mail notice to any Class Member whose e-mail address

Defendant acquired in the June and September recalls of Settlement Toy Products; (ii) individual direct mail (via first class mail) notice to any Class Member for whom Defendant can, with reasonable effort, obtain a street address but not an email address; (iii) appropriate publication of a "summary notice" substantially in the form of Exhibit 2, informing Class Members of a summary of the settlement and advising them that full long form notice substantially in the form of Exhibit 3 may be obtained from a designated website or by mailing a request for the long form notice to an address provided in the summary notice; (iv) Internet publication of the notice (and other appropriate documents) regarding the settlement and the claim process.

B.    The Class Notice shall advise Class Members of their rights, including the right to opt-out and/or comment or object upon the Settlement Agreement or its terms. The notice shall provide that any objection to the proposed Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Fairness Hearing, only if, on or before a date to be specified in the Class Notice, the Person making an objection shall file notice of his or her intentions to do so and shall file copies of such papers he or she proposes to submit at the hearing with the Clerk of the Court on or before the date specified in the Class Notice. Any objection to the Settlement Agreement must include: (1) the identity of the product, and (2) proof of purchase or current ownership of the product. Copies of the proposed 'summary' and full notices are attached hereto as Exhibits 2 and 3.

C.    Any Settlement Class Member who intends to object to the Settlement Agreement must include his/her name, address, telephone number, and proof of purchase or current ownership of the product. An objecting Class member must state, in writing, all Objections and the basis for any such Objection(s), and provide a statement whether the Objector intends to

appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file a written Objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this paragraph or as detailed in the Notice, shall not be permitted to object to the Class Settlement at the Fairness Hearing, and shall be foreclosed from seeking any review of the Class Settlement by appeal or other means.

        D.     The cost of the Notice, the Notice Plan as outlined herein, and the dissemination of the Notice shall be borne solely by Defendant.

        E.     The parties shall file appropriate proof of compliance with the Notice Plan with the Court prior to final approval of the settlement.

## VIII.   **OPT OUT RIGHT**

        A     A Class Member may opt out of the Class at any time during the Opt Out Period, as outlined in the Court-approved notice. In order to exercise the right to opt out, the Class Member must complete and return a Request For Exclusion to the Claims Administrator during the Opt Out Period. Except for those potential Class Members who have properly opted out, all Class Members will be deemed a Class Member for all purposes under this Agreement. Any potential Class Member who elects to opt out of the Class shall not (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The Request For Exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed.

        B.     The Claims Administrator shall provide Class Counsel and Defendant's counsel with a list of all completed Requests For Exclusion (Opt Out Requests) within five (5) business

days after expiration of the Opt Out Period.

## IX.    DEFENDANT'S RIGHT OF WITHDRAWAL

A.    If an excess of a reasonable amount of Class Members, in an amount to be agreed upon by the Parties and approved of by the Court prior to Notice being effectuated, timely file valid opt out requests, Defendant shall have the right to withdraw from this Agreement. Defendant shall exercise such withdrawal right, if at all, no later than ten (10) business days after being advised by Class Counsel in writing of the number of opt out requests following the end of the Opt Out Period.  In the event Defendant exercises its withdrawal right, Defendant shall promptly notify Class Counsel and cause the Claims Administrator to notify the Class, by at a minimum, posting information on the Settlement website and e-mailing information to those Class Members who provided an e-mail address to the Claims Administrator.

## X.    EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

A.    This Agreement shall be the sole and exclusive remedy for any and all Settled Claims of all Class Members against the Released Parties.  No Released Party shall be subject to liability or expense of any kind to any Class member with respect to any Settled Claim.  Upon entry of the Final Order and Judgment pursuant to the Fairness Hearing, each and every Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Settled Claim(s) against any Released Party in any court or any forum.

B.    The Parties agree that the Court shall retain exclusive and continuing jurisdiction of the Action, Parties, Class Members, the Special Master and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under this Agreement.

## XI.  **RELEASES**

A.     Upon entry of the Final Order and Judgment, each Class Member shall be deemed

to and does hereby release and forever discharge each Released Party of and from any and all

Settled Claims.

B.     Each Class Member shall be required, as a condition of receiving an Award, to

sign and to deliver a Release as part of the Claim Form. With respect to any and all Claims, and

upon entry of Final Order and Judgment without further action, for good and valuable

consideration, Plaintiff, on behalf of himself and the Settlement Class and as the representative of

the Settlement Class, shall expressly, and all Settlement Class Members shall be deemed to have,

and by operation of the final judgment contemplated by this Agreement shall have, fully, finally,

and forever expressly waived and relinquished with respect to Settled Claims, to the fullest

extent permitted by law, any and all provisions, rights, and benefits of section 1542 of the

California Civil Code and any and all similar provisions, rights, and benefits conferred by any

law of any state or territory of the United States or principle of common law that is similar,

comparable, or equivalent to section 1542 of the California Civil Code, which provides: "A

general release does not extend to claims which the creditor does not  know or suspect to exist in

his favor at the time of executing the release, which if known by him must have materially

affected his settlement with the debtor."

C.     It is expressly understood that Individual personal injury claims of the Settlement

Class are not released hereunder.  The Settlement Class does release any and all *class* claims

which it may have for personal injury (including claims for medical monitoring whether as a

claim or an element of damages), assuming such a claim(s) could be validly certified as a class

**SETTLEMENT AGREEMENT**

claim.

## XII.  **CLASS COUNSEL FEES AND COSTS**

A.    Defendant has agreed to pay Class Counsel, subject to Court approval, $2,900,000.00 (Two Million, Nine Hundred Thousand Dollars) in attorneys' fees and reimbursement of costs.  Defendant agrees that said amount is fair and reasonable and will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses.  Class Counsel has, in turn, agreed not to seek more than said amount from the Court.

B.    Notwithstanding any appeal or objection or challenge to the Settlement or to the award of attorneys' fees and costs, within ten  (10) days after entry of the Final Order and Judgment, Defendant shall pay (by wire) to Lead Counsel the attorneys' fees and costs awarded by the Court.  Lead Class Counsel shall provide sufficient security as agreed to by Lead Class Counsel and Defendant for payment of the attorneys' fees and costs.

C.    In the event the Final Order and Judgment is reversed on appeal, in whole or in part, and as a result the attorneys' fees awarded by the Court are vacated, in whole or in part, the attorneys' fees shall be returned by Class Counsel to Defendant in the amount vacated within twenty (20) days of finality of the order vacating, in whole or in part, the Final Order and Judgment.  Provided, however, that Class Counsel shall be entitled to payment of attorneys' fees and costs in an amount agreed upon by the Parties in an amount to be sufficient to recover reasonable attorneys' fees and costs incurred in connection with resolving Claims on behalf of the Class Members during the pendency of any appeal.  Any dispute relating to the amount of any such payment shall be decided by the Special Master.

SETTLEMENT AGREEMENT

## XIII.  SETTLEMENT APPROVAL ORDER

A.     This Agreement is subject to and conditioned upon the issuance by the Court of the Final Order and Judgment which finally certifies the Settlement Class and grants final approval of the Agreement in accordance with applicable jurisprudence, and providing the below-specified relief, which relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Order and Judgment shall:

1.     Confirm the certification, for settlement purposes only, of the Settlement Class under applicable jurisprudence;

2.     Dismiss all complaints in the Action as to the Released Parties (except to the extent that opt-out rights are exercised by a Class Member pursuant to this Agreement) and stay or dismiss all other actions upon the Settled Claims of all of the Class Members, without cost, now existing or hereafter brought against any Released Party in state, federal and territorial courts;

3.     Bar and enjoin all Class Members from asserting against any Released Party any and all Settled Claims which the Class member had, has, or may have in the future;

4.     Release each Released Party from the Settled Claims which any Class Members have, had, or may have in the future, against such Released Party;

5.    Determine that this Agreement is entered into in good faith, is reasonable, fair and adequate, in the best interest of the Class; and

6.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant and all Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties.

## XIV.   **REPRESENTATIONS AND WARRANTIES**

Defendant represents and warrants (i) that it has all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Defendant; and (iii) that this Agreement has been duly and validly executed and delivered by Defendant and constitutes its legal, valid and binding obligation.

## XV.    **NO ADMISSIONS; NO USE**

A.    This Agreement shall in no event be construed or deemed to be evidence or an admission or a concession on the part of any Party with respect to any claim of any fault or liability or damages.

B.    This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are not and shall not in any event be:

1.    Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by

Defendant of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any defense which has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of Defendant; or

2.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any fault, breach of duty, wrongful act, or misrepresentation or omission in any statement or written document approved or made by Defendant or the approval or making of which was participated in by Defendant; or

3.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any of the Parties in these actions or in any other civil, criminal or administration action or proceeding other than such proceedings as may be necessary to effectuate the provisions of this Agreement; or

4.      Construed by anyone for any purpose whatsoever as evidence of a presumption, concession or any admission of any liability, fault, wrongdoing or otherwise on the part of Defendant; or

5,      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission that the

Class, or any of them has in fact suffered any damage, or that Defendant is liable to any Class member, or to any other Person;

6.    Construed as, offered in evidence as, received in evidence as, and/or deemed to be the basis of any claim of collateral estoppel or res judicata against Defendant; or

7.    Except as mutually agreed, referred to for any other reason by any of the Parties in these actions, or in any other civil, criminal or administrative proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement.

## XVI.  **MISCELLANEOUS PROVISIONS**

A.    In addition to any award under the Settlement, and in recognition of their efforts on behalf of the Class, the Class Representatives in this case and all affiliated state cases that join the settlement shall receive and award collectively $5,000 as appropriate compensation for their time and effort serving as the Class Representative in this litigation.

B.    This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.  The Parties contemplate that the exhibits to this Agreement may be modified by subsequent Agreement of Defendant and Class Counsel prior to

**SETTLEMENT AGREEMENT**

dissemination to the Class.

C.      This Agreement shall be construed under and governed by the laws of the

State of Illinois, applied without regard to laws applicable to choice of law.

D.      This Agreement may be executed by the Parties in one or more

counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument.  Facsimile signatures or signatures sent by e-mail

shall be treated as original signatures and shall be binding.

E.      This Agreement is conditioned upon Class Counsel being provided with

any additional discovery, including Defendant's providing to Class Counsel additional

information and discovery that confirms the material representations made by Defendant

which form the basis of this Settlement, and third-party discovery as may be necessary

and appropriate, such additional discovery to be completed prior to the Fairness Hearing.

F.      Any notice, instruction, application for Court approval or application for

Court orders sought in connection with this Agreement or other document to be given by

any Party to any other Party shall be in writing and delivered personally or sent by

registered or certified mail, postage prepaid, if to Defendant to the attention of

Defendant's respective representatives and to Class Counsel on behalf of Class Members,

or to other recipients as the Court may specify.

G.      Plaintiff's or Class Counsel in the affiliated Coordinated State Court

Actions shall, upon final approval of the settlement in this Action, obtain dismissal of

their respective class action complaints.

H.      This Agreement shall be binding upon and inure to the benefit of the heirs,

successors, assigns, executors and legal representatives of all parties to this Stipulation and the Settlement.

      I.     Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

      J.     Advice of Counsel and Rules of Construction. The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.

      K.     No Waiver. The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

      L.     Notice. All notices to the Parties or counsel required by this Agreement, except Settlement Class member opt outs and objections, shall be made in writing and communicated by fax and mail to the following addresses:

If to Plaintiffs or Plaintiffs' counsel:

> Jay Edelson, Esq.
> KamberEdelson, LLC
> 53 West Jackson Boulevard
> Suite 1530
> Chicago, Illinois 60604

If to Defendant or Defendant's Counsel:

> Bart Murphy, Esq.
> Ice Miller LLP
> 2300 Cabot Drive; Suite 455
> Lisle, Illinois 60532

**SETTLEMENT AGREEMENT**

## XVII.  TERMINATION OF THIS AGREEMENT

A.      Subject to the claimant payment provisions, this Agreement shall, without notice, be automatically terminated if the Final Order and Judgment are not entered, if the Final Order and Judgment are reversed on appeal and the reversal becomes final, or in the event of Defendant's termination pursuant to this Agreement.  Upon termination, all Parties shall be restored to their respective positions as immediately prior to the date of execution of this Settlement Agreement except as otherwise provided.

B.      Notwithstanding any other provision of this Agreement, if this Agreement is terminated, Defendant hereby stipulates and agrees that Plaintiff may pursue his claims by moving for class certification.  In that event, Defendant will also not object to the addition or substitution of Class representative Plaintiffs, but may oppose class certification on other grounds nunc pro tunc without prejudice from the existence of this Agreement.

## XVIII. AUTHORITY TO SIGN

Any individual signing this Agreement on behalf of any Person represents and warrants that he or she has full authority to do so.

Facsimile signatures shall be considered valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement.

**SETTLEMENT AGREEMENT**

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

**AGREED:**

## PLAINTIFF AND PLAINTIFF'S IN THE COORDINATED STATE COURT ACTIONS

### LEAD CLASS COUNSEL

Dated: _____, 2008          AUDET & PARTNERS, LLP


_____

William M. Audet
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556



Dated:_____, 2008          KAMBEREDELSON, LLC


_____

Jay Edelson
53 W. Jackson Blvd; Suite 1530
Telephone: 312.589.6370
Facsimile: 312.913.9401

*On Behalf of Plaintiffs and*
*the Class*

**LIAISON CLASS COUNSEL**

Dated: _____, 2008          TABET DIVITO & ROTHSTEIN LLC


_____

Gino L DiVito
Tabet DiVito & Rothstein LLC
209 S. LaSalle St., 7th Fl.
Chicago, IL 60604
Telephone: 312-762-9450

**SETTLEMENT AGREEMENT**

**COORDINATED STATE COURT ACTION COUNSEL**

Dated: _____, 2008      GLASSMAN, EDWARDS, WADE & WYATT, P.C.


_____

B. J. Wade
Glassman, Edwards, Wade & Wyatt, P.C.
26 North Second Street
Memphis, TN 38103

Dated: _____, 2008      GAVIN & MILLES


_____

William H. Garvin
Garvin & Milles
1582 Village Square Boulevard
Tallahassee, FL 32309

Dated: _____, 2008      GARDY & NOTIS, LLP


_____

Mark C. Gardy
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, New Jersey 07632

**SETTLEMENT AGREEMENT**

**DEFENDANT**

Dated: _____, 2008          RC2 CORPORATION


_____


By: _____
     [Print name and title]

**SETTLEMENT AGREEMENT**