# **Exhibit 5**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BYRON BARRETT, individually, and on behalf of all others similarly situated ) ) ) ) Plaintiffs, ) ) v. ) ) RC2 CORPORATION, ) ) Defendant. ) | No. 07 CH 20924 Judge William O. Maki |

### PRELIMINARY APPROVAL ORDER

This matter came to be heard on the motion of the Parties for preliminary approval of a settlement in this nation-wide class action. The Court reviewed Plaintiff's Memorandum in Support of Preliminary Approval (the "Memorandum") that detailed the nature of the case, the mediation resulting in the settlement and the activities leading to the settlement. The Memorandum also included the settlement agreement, and the notices proposed to be issued to the class and the manner notice is to be provided to the Class. The motion was presented to the Court for preliminary approval on January 22, 2008 at which time the Court heard from the Parties and made inquires regarding the proposed settlement. Based upon the Court's review of the proposed settlement, including Plaintiff's Memorandum in Support of Preliminary Approval and the other documents referenced in the Memoradum, **IT IS HEREBY ORDERED THAT**:

1. This order supplements the handwritten order entered by the Court on January 22, 2008 following the presentation by the Parties on the motion for preliminary approval of the settlement. The terms of the settlement agreement are approved, subject to further consideration thereof at the final approval hearing.

2. The Court grants preliminary approval to the settlement and finds that the requirements of Section 5/2-801 of the Illinois Code of Civil Procedure for maintenance of this action as a class action have been satisfied in all respects.

3. The following class is hereby certified: All persons who purchased or otherwise acquired any Settlement Toy Products (as defined in the Settlement Agreement) in the United States (the "Settlement Class"). Excluded from the Settlement Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant and Defendant's legal representatives, assigns and successors, as well as any person who timely files a request for exclusion from the Settlement Class. Also excluded are the Judge assigned to whom this case is assigned and his immediate family. The Court finds, on a preliminary basis only, that the appropriate factors are present and that certification of the Class, with notice and opt-out

rights is appropriate.

4.  The Court has reviewed the form, content and manner of notice proposed by the Parties, including the publication notice and full notice proposed by the Parties and attached hereto as Exhibits 1 and 2. The Court finds that the form and content of the proposed notices and the manner of providing notice to the Settlement Class as outlined in the Memorandum (which includes, inter alia, a combination of direct e-mail notice, direct mail notice, internet publication and notice by publication in national publications), is the best notice that is practicable under the circumstances, comports with due process and protects the interests of the Settlement Class.

5.  The terms of the proposed settlement are fair and reasonable and adequate.

6.  Byron Barrett is an adequate class representative and is appointed as the class representative.

7.  Class Counsel will fairly and adequately represent the Settlement Class and the following Class Counsel are hereby appointed to represent the Settlement Class:

Lead Class Counsel:
Jay Edelson
KamberEdelson, LLC
53 W. Jackson Blvd., Ste. 1530
Chicago, IL 60604

Willam M. Audet
Audet & Partners, LLP
221 Main Street, Ste. 1460
San Francisco, CA 94105

Scott Kamber
KamberEdelson, LLC
11 Broadway, 22nd floor
New York, NY 10004

Liaison Counsel:
Gino L. Divito
Tabet DiVito & Rothstein LLC
209 S. LaSalle St., 7th Fl.
Chicago, IL 60604

8.  Subject to the conditions outlined in the Settlement Agreement, RC2 Corporation is hereby appointed to act as Claims Administrator, as outlined in the Settlement Agreement and the Memorandum.

9.  Defendant will cause direct e-mail notice to be disseminated on or before February 11, 2008 and direct mail notice to be issued where the e-mail notice is not effectively transmitted by March 7, 2008.

10.  Any request to be excluded from the Settlement Class (ie, opt out) must be filed with the Clerk of the Court on or before April 21, 2008 with copies sent by mail to

counsel for the Parties.

11. Any objections or comments to the proposed settlement must be filed and served by April 21, 2008 with the Clerk of the Court, with copies of any documents filed with the Court to be served on the counsel for the parties. Any objections to the proposed settlement must timely comply with the requirements of the Settlement Agreement and the approved settlement notice.

12. A final approval hearing will be held on May 6, 2008 at 11:00 a.m. At that time, the Court will consider whether the class should be certified for settlement purposes and consider the fairness, reasonableness and adequacy of the Settlement Agreement, including Class Counsels' application for attorneys' fees and reimbursement of costs.

13. Claim forms must be received by the Claims Administrator on or before July 7, 2008.

ENTER:

Date: 1-23-2008

_____
Judge William O. Maki

ENTERED
JUDGE WILLIAM O. MAKI-1604
JAN 23 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Lead Class Counsel
Jay Edelson
KamberEdelson, LLC
53 W. Jackson Blvd., Ste. 1530
Chicago, IL 60604
312-589-6370

Willam Audet
Audet & Partners, LLP
221 Main Street, Ste. 1460
San Francisco, CA 94105
415-568-2555

Scott Kamber
KamberEdelson, LLC
11 Broadway, 22nd floor
New York, NY 10004

Liaison Class Counsel
Gino L. DiVito
Tabet DiVito & Rothstein LLC
209 S. LaSalle St., 7th Fl.
Chicago, IL 60604

3