# Exhibit 12

**FILED**

SEP 0 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07C3514
Judge Leinenweber

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE THOMAS & FRIENDS™ WOODEN RAILWAY TOYS LITIGATION | MDL DOCKET NO.: _____ |

## RC2 CORPORATION'S AND LEARNING CURVE
## BRANDS, INC.'S MOTION FOR TRANSFER OF ACTION TO
## THE NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED PRE-TRIAL
## PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

1.    Defendants RC2 Corporation and Learning Curve Brands, Inc. (collectively referred to hereafter as "RC2") seek to have all of the actions listed at Tab A of the Exhibit Volume transferred to the United States District Court for the Northern District of Illinois for coordinated pre-trial proceedings as permitted by Section 1407 of Title 28 of the United States Code.

2.    Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a Schedule of Actions is submitted herewith as Tab A in the accompanying Exhibit Volume. Copies of the Complaints in the actions for which coordination is sought are set forth at Tabs B through N.

3.      As set forth more fully in the accompanying Brief in Support of RC2's Motion for
        Transfer of Actions to the Northern District of Illinois for Coordinated Pre-Trial
        Proceedings Pursuant to 28 U.S.C. § 1407 (hereinafter the "Brief in Support"), at
        least thirteen separate class actions raising a number of claims relating to Thomas
        & Friends™ Wooden Railway Toys have been filed in the past three months.

4.      Each of the actions claims that a plaintiff was exposed to paint containing lead
        and subsequently allegedly suffered damages.

5.      Each complaint seeks certification of a nationwide class. Further, each complaint
        contains causes of action against RC2 sounding in strict liability, negligence,
        breach of implied warranty, and State Consumer Fraud Acts. Many of the
        complaints also include claims based on breach of express warranty, medical
        monitoring and unjust enrichment.

6.      Because plaintiffs' allegations raise common issues of fact, RC2 anticipates that
        each plaintiff will request RC2 to produce similar or identical information,
        documents and witnesses.

7.      RC2's corporate headquarters are located in Oak Brook, Illinois, which is in the
        Northern District of Illinois. It would appear at this stage that the majority of the
        documents and witnesses relevant to these cases will be located at RC2's
        corporate headquarters in the Northern District of Illinois.

8.      The expeditious resolution of these disputes would best be accomplished through
        coordinated discovery.

2

9.     As demonstrated more fully in the accompanying Brief in Support, coordination of these actions for pretrial discovery proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. Furthermore, the issues of fact in these actions are sufficiently similar to warrant coordination pursuant to 28 U.S.C. §1407.

10.    The United States District Court for the Northern District of Illinois is the most desirable forum for the pretrial proceedings because:

   (a)    It is the Court in which nine of the thirteen actions were filed;

   (b)    It is the location of the corporate headquarters of RC2;

   (c)    It is the probable location of some of the documents, evidence and witnesses in this matter; and

   (d)    It is in a geographically central location for this nationwide litigation.

11.    A copy of this Motion, the Brief in Support hereof, the Exhibit Volume, Notice of Appearance for RC2 Corporation and Learning Curve Brands, Inc., Request for Oral Argument and Corporate Disclosure Statement of RC2 Corporation and Learning Curve Brands, Inc. were served on each party to each of the actions set forth in the Schedule of Actions, and a copy has been filed in each District Court in which an action potentially affected by this motion is pending.

WHEREFORE, RC2 respectfully requests that, pursuant to 28 U.S.C. § 1407, the MDL Panel order the transfer of the Actions set forth at Tab A to the United States District Court for the Northern District of Illinois for coordinated pre-trial proceedings and, with the consent of that court, to the docket of District Judge Harry D. Leinenweber.

1/1990188.1

3

Respectfully submitted,

RC2 Corporation and Learning Curve Brands, Inc.

*Judy S. Okenfuss*

By one of their attorneys
Judy S. Okenfuss
Indiana Attorney No 16157-49

Judy S. Okenfuss
Jim L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2100

Bart Murphy
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
(630) 955-0555

Gordon S. Rather, Jr
Claire Shows Hancock
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
(501) 371-0808

Dennis M. Reznik
Charles Stotter
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 921-5214

Hugh Russ
HODGSON RUSS ANDREWS WOODS & GOODYEAR
140 Pearl Street
Buffalo, NY  14202-4040
(716) 848-1388
Attorney for RC2 Corporation only

1/2001110.1

# RECEIVED

SEP    4 2007

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

07C3514
Judge Leinenweber

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE THOMAS & FRIENDS™ WOODEN RAILWAY TOYS LITIGATION | MDL DOCKET NO.: _____ |

## BRIEF IN SUPPORT OF RC2 CORPORATION'S AND LEARNING CURVE BRANDS, INC.'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

**I.    INTRODUCTION**

Plaintiffs in at least five (5) federal Districts have filed at least thirteen (13) class actions claiming injuries and damages allegedly caused by Thomas & Friends™ Wooden Railway Toys against Defendants RC2 Corporation and Learning Curve Brands, Inc. (collectively referred to hereafter as "RC2"). For the convenience of the Parties and witnesses and to promote the just and efficient pretrial conduct of multiple similar lawsuits, RC2 requests that these lawsuits be transferred to a single district, the Northern District of Illinois, for coordinated pretrial proceedings.

## II.    BACKGROUND

### A.    Factual Background.

On June 13, 2007, RC2 issued a recall on various Thomas & Friends™ Wooden Railway Toys that were manufactured between January 1, 2005, and June 13, 2007. These toys were recalled because surface paint on some of the toys might contain excess levels of lead.

### B.    Procedural History.

Between June 18, 2007, and August 17, 2007, at least thirteen (13) complaints containing allegations concerning Thomas & Friends™ Wooden Railway Toys were filed against RC2 in United States District Courts across the country. All of the Complaints seek certification of a nationwide class and allege that RC2 is liable under theories of strict liability, negligence, breach of implied warranty, and state consumer fraud acts. Further, many of the Complaints also include counts based on theories of unjust enrichment, breach of express warranty, and a need for medical monitoring programs. Six (6) of the actions involve separate Plaintiffs who are represented by only two separate law firms.[1] Furthermore, with the recent nature and widespread publication of RC2's recall of Thomas & Friends™ Wooden Railway Toys, RC2 expects additional complaints may be filed.

True and accurate copies of each of the Complaints is attached hereto at Tabs B through N in the accompanying Exhibit Volume; the Complaints are captioned as follows:

- Tab B: *Stratton v. RC2 Corp., et al.*, No. 4:07-cv-640 (E.D. Ark.);

---

[1] HAGENS BERMAN SOBOL SHAPIRO LLP represents the plaintiffs in the following actions:
   (a) *Hesse v. Learning Curve Brands, Inc., et al.* (N.D. Ill.);
   (b) *O'Leary v. Learning Curve Brands, Inc., et al.* (N.D. Ill.);
   (c) *Reddell v. Learning Curve Brands, Inc., et al.* (N.D. Ill.); and
   (d) *Wilson v. Learning Curve Brands, Inc., et al.* (N.D. Ill.).

PRICE WAICUKAUSKI & RILEY, LLC represents the plaintiffs in the following actions:
   (a) *Miller v. RC2 Corp., et al.* (S.D. Ind.); and
   (b) *Kreiner v. RC2 Corp., et al.* (N.D. Ill.).

- Tab C: *Hesse v. Learning Curve Brands, Inc., et al.*, No. 1:07-cv-3514 (N.D. Ill.);

- Tab D: *Deke v. RC2 Corp., et al.*, No. 1:07-cv-3609 (N.D. Ill.);

- Tab E: *Walton v. RC2 Corp., et al.*, No. 1:07-cv-3614 (N.D. Ill.);

- Tab F: *O'Leary v. Learning Curve Brands, Inc., et al.*, No. 1:07-cv-3682 (N.D. Ill.);

- Tab G: *Djurisic v. RC2 Corp., f/k/a RC2 Brands and Learning Curve Brands Inc., et al.*, No. 1:07-cv-3707 (N.D. Ill.);

- Tab H: *Reddell v. Learning Curve Brands, Inc., et al.*, No. 1:07-cv-3747 (N.D. Ill.);

- Tab I: *Rohde v. RC2 Corp., et al.*, No. 1:07-cv-4187 (N.D. Ill.);

- Tab J: *Kreiner v. RC2 Corp., et al.*, No. 1:07-cv-4547 (N.D. Ill.);

- Tab K: *Wilson v. Learning Curve Brands, Inc., et al.*, No. 1:07-cv-4642 (N.D. Ill.);

- Tab L: *Miller v. RC2 Corp., et al.*, No. 1:07-cv-772 (S.D. Ind.);

- Tab M: *Murdock v. RC2 Corp., et al.*, No. 2:07-cv-03376 (D. N.J.); and

- Tab N: *Kelly v. RC2 Corp.*, No. 1:07-cv-2525 (E.D.N.Y.).

At this time, discovery has not begun in any of these actions, and no responsive pleadings have been filed in any of these actions.

## III.    ARGUMENT

The Multidistrict Litigation Statute, 28 U.S.C. § 1407, encourages coordination of pretrial proceedings when (i) the lawsuits involve common questions of fact; (ii) coordination would serve the convenience of the parties and witnesses; and (iii) coordination would promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407.

### A.    Coordination is Appropriate because these Actions Involve Common Questions of Fact.

Coordination of cases is appropriate where common issues of fact exist (28 U.S.C. § 1407(a)) and is appropriate in products liability litigation. *See, e.g., In re Ephedra Prods. Liab.*

3

*Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004); *see also, e.g., In re Upjohn Co. Antibiotic "Cleocin" Prods. Liab. Litig.*, 450 F. Supp. 1168, 1169-1170 (J.P.M.L. 1978). It is not necessary that all questions of fact be common between cases in order for coordination to be appropriate. *See, e.g., In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979)(recognizing "that certain individual factual issues will be present in each action" but holding that "[c]entralization pursuant to Section 1407 is necessary..."). The existence of unique questions of fact as to individual plaintiffs does not prevent coordination of actions because a transferee judge "has the broad discretion in designing a pretrial program to allow discovery on any issues unique to a particular action to proceed concurrently with discovery on common issues." *In re Celotex Corp. "Technifoam" Prods. Liab. Litig.*, 424 F. Supp. 1077, 1078-79 (J.P.M.L. 1977)(finding "unpersuasive" the defendants' arguments that one of the actions did "not involve a single, primary, common defendant as" did certain other actions, that one of the actions "involve[d] at least two different products manufactured by different companies," and that the basis for alleged liability in one of the actions differed)(*citing In re Republic National-Realty Equities Sec. Litig.*, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974)). Moreover, "individual parties need not participate in discovery on issues in which they are not involved." *Celotex*, 424 F. Supp., at 1079 (*citation omitted*).

In the actions brought against RC2, each Plaintiff alleges that (a) he/she purchased Thomas & Friends™ Wooden Railway Toys subject to the aforementioned recall (*see Stratton* Compl. at ¶ 18 (Defs.' Exh. B); *Hesse* Compl. at ¶ 7 (Defs.' Exh. C); *Deke* Compl. at ¶ 2 (Defs.' Exh. D); *Walton* Compl. at ¶ 21-22 (Defs.' Exh. E); *O'Leary* Compl. at ¶ 9 (Defs.' Exh. F); *Djurisic* Compl. at ¶ 19 (Defs.' Exh. G); *Reddell* Compl. at ¶ 10 (Defs.' Exh. H); *Rohde* Compl. at ¶ 3 (Defs.' Exh. I); *Kreiner* Compl. at ¶ 18 (Defs.' Exh. J);  *Wilson* Compl. at ¶¶ 9-15 (Defs.'

4

Exh. K); *Miller* Amd. Compl. at ¶ 18 (Defs.' Exh. L); *Murdock* Compl. at ¶ 10 (Defs.' Exh. M);

and *Kelly* Compl. at ¶ 7 (Defs.' Exh. N); and that (b) the purchase allegedly resulted in damages

for which RC2 is liable under legal theories, which legal theories include:

- **Strict Liability** [*see Stratton* Compl. Count III (Defs.' Exh. B); *Hesse* Compl. Count III (Defs.' Exh. C); *Deke* Compl. Count I (Defs.' Exh. D); *Walton* Compl. Count 1 (Defs.' Exh. E); *O'Leary* Amended Compl. Count III (Defs.' Exh. F); *Djurisic* Compl. Count IV (Defs.' Exh. G); *Reddell* Compl. Count III (Defs.' Exh. H); *Rohde* Compl. Count II (Defs.' Exh. I); *Kreiner* Compl. Count III (Defs.' Exh. J); *Wilson* Compl. Count III (Defs.' Exh. K); *Miller* Amend. Compl. Count III (Defs.' Exh. L); *Murdock* Compl. Count V (Defs.' Exh. M); and *Kelly* Compl. Count III (Defs.' Exh. N)];

- **Negligence** [*see Stratton* Compl. Count IV (Defs.' Exh. B); *Hesse* Compl. Count I (Defs.' Exh. C); *Deke* Compl. Count III (Defs.' Exh. D); *Walton* Compl. Count II (Defs.' Exh. E); *O'Leary* Amended Compl. Count IV (Defs.' Exh. F); *Djurisic* Compl. Count I (Defs.' Exh. G); *Reddell* Compl. Count IV (Defs.' Exh. H); *Rohde* Compl. Count III (Defs.' Exh. I); *Kreiner* Compl. Count IV (Defs.' Exh. J); *Wilson* Compl. Count IV (Defs.' Exh. K); *Miller* Amend. Compl. Count IV (Defs.' Exh. L); *Murdock* Compl. Count I (Defs.' Exh. M); and *Kelly* Compl. Count I (Defs.' Exh. N)];

- **Breach of Implied Warranty** [*see Stratton* Compl. Count II (Defs.' Exh. B), *Hesse* Compl. Count II (Defs.' Exh. C); *Deke* Compl. Count II (Defs.' Exh. D); *Walton* Compl. Count IV (Defs.' Exh. E); *O'Leary* Amended Compl. Count II (Defs.' Exh. F); *Djurisic* Compl. Count V (Defs.' Exh. G); *Reddell* Compl. Count II (Defs.' Exh. H); *Rohde* Compl. Count I (Defs.' Exh. I); *Kreiner* Compl. Count II (Defs.' Exh. J); *Wilson* Compl. Count II (Defs.' Exh. K); *Miller* Amend. Compl. Count II (Defs.' Exh. L); *Murdock* Compl. Count II (Defs.' Exh. M); and *Kelly* Compl. Count IV (Defs.' Exh. N)];

- **State Consumer Fraud Acts** [*see Stratton* Compl. Count V (Defs.' Exh. B); *Hesse* Compl. Count I (Defs.' Exh. C); *Deke* Compl. Count I (Defs.' Exh. D); *Walton* Compl. Count V (Defs.' Exh. E); *O'Leary* Amended Compl. Count I (Defs.' Exh. F); *Djurisic* Compl. Count VI (Defs.' Exh. G); *Reddell* Compl. Count I (Defs.' Exh. H); *Rohde* Compl. Count IV (Defs.' Exh. I); *Kreiner* Compl. Count V (Defs.' Exh. J); *Wilson* Compl. Count I (Defs.' Exh. K); *Miller* Amend. Compl. Count V (Defs.' Exh. L); *Murdock* Compl. Count VII (Defs.' Exh. M); and *Kelly* Compl. Count V (Defs.' Exh. N)];

- **Medical Monitoring Program** [*see Stratton* Compl. Count VI (Defs.' Exh. B); *Deke* Compl. Counts I, II, III, and IV (Defs.' Exh. D); *Walton* Compl. Count VII (Defs.' Exh. E); *O'Leary* Amended Compl. Count V (Defs.' Exh. F); *Djurisic* Compl. Count VIII (Defs.' Exh. G); *Reddell* Compl. Count V (Defs.' Exh. H); *Rohde* Compl. Count VI (Defs.' Exh. I); *Kreiner* Compl. Count VI (Defs.' Exh.

5

J); *Wilson* Compl. Count V (Defs.' Exh. K); *Miller* Amend. Compl. Count VI (Defs.' Exh. L); and *Murdock* Compl. Counts IV and V (Defs.' Exh. M)];

• **Unjust Enrichment** [*see Stratton* Compl. Count I (Defs.' Exh. B), *Walton* Compl. Count III (Defs.' Exh. E), *Djurisic* Compl. Count VII (Defs.' Exh. G); *Rohde* Compl. Count V (Defs.' Exh. I); *Kreiner* Compl. Count I (Defs.' Exh. J); *Miller* Amend. Compl. Count I (Defs.' Exh. L); and *Kelly* Compl. Count II (Defs.' Exh. N)]; and

• **Breach of Express Warranty** [*see Deke* Compl. Count II (Defs.' Exh. D); *Walton* Compl. Count VI (Defs.' Exh. E); and *Murdock* Compl. Count III (Defs.' Exh. M)].

Although RC2 will need to obtain unique factual information from each individual Plaintiff in defense of these claims, RC2 believes that each of the Plaintiffs will seek similar or identical factual information from RC2 regarding Thomas & Friends™ Wooden Railway Toys. For example, it is likely that Plaintiffs will seek to depose the same witnesses regarding the manufacture, design, distribution and marketing of Thomas & Friends™ Wooden Railway Toys, and that Plaintiffs will request identical information through interrogatories and requests for production regarding the manufacture, distribution, design, marketing and specifications of materials used for Thomas & Friends™ Wooden Railway Toys.

Such factual issues are sufficiently similar to make coordination of the cases' pretrial proceedings appropriate. *See, e.g., In re "Factor VIII or IX Concentrate Blood Prods.," Prod. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993)(describing "[c]ommon factual questions" "with respect to" the defendants' conduct). Furthermore, as mentioned *supra,* any unique questions of fact that exist as to individual Plaintiffs do not serve as a bar to the coordination of pretrial proceedings sought herein.

**B.    Coordination in the Northern District of Illinois is Most Convenient for the Parties and Witnesses.**

Currently, the actions are pending in five (5) different federal courts:

(a) the United States District Court for the District of New Jersey;

6

(b) the United States District Court for the Eastern District of New York;

(c) the United States District Court for the Eastern District of Arkansas;

(d) the United States District Court for the Southern District of Indiana; and

(e) the United States District Court for the Northern District of Illinois.

Coordination of these actions into a single United States District Court would be the most convenient manner for the Parties and witnesses to conduct pretrial proceedings. The Northern District of Illinois is the most appropriate transferee forum for this docket because relevant discovery will likely be conducted within this District. *See, e.g., In re Air Crash near Woodbury, Conn., on Dec. 20, 2002*, 374 F. Supp. 2d 1358, 1359 (J.P.M.L. 2005)(Eastern District of New York was appropriate transferee forum where "[r]elevant discovery [would] likely be conducted within th[at] district..."). Moreover, RC2 maintains its corporate headquarters in Oak Brook, Illinois, which location is situated within the Northern District of Illinois. In addition, any of RC2's documents or witnesses located within the United States will likely be produced from this location.

Further, nine (9) of the thirteen (13) actions filed against RC2 are already pending in the Northern District of Illinois. In fact, pursuant to Plaintiffs' Motion for Reassignment, the Honorable Judge Harry Leinenweber of the United States District Court for the Northern District of Illinois currently presides over seven (7) of the nine (9) actions filed in the Northern District of Illinois. [2]  Judge Leinenweber would therefore be an ideal candidate for assignment of the coordination of the other actions in the Thomas & Friends™ Wooden Railway Toys Litigation.

---

[2] The two (2) Illinois actions that are not currently assigned to Judge Leinenweber (*Kreiner v. RC2 Corp., et al.*, and *Wilson v. Learning Curve Brands, Inc., et al.*) were filed after the Motion for Reassignment was granted and then ruled upon by the Executive Committee of Illinois.

Moreover, many of the Plaintiffs' and RC2's counsel are situated in or within close proximity to the Northern District of Illinois. Finally, the Northern District of Illinois is a geographically central location for this nationwide litigation. Thus, coordination is not only convenient for the witnesses in these matters, but for a majority of the parties as well.

C.   **Coordination would Promote the Just and Efficient Conduct of the Litigation.**

Coordination serves to eliminate duplicative discovery, to avoid inconsistent pretrial rulings, and to conserve the resources of counsel, the parties and the judiciary. *See, e.g., In re Mirtazapine Patent Litig.*, 199 F.Supp.2d 1380, 1381 (J.M.P.L. 2002)(holding that centralization was "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."). Because the various actions filed by Plaintiffs concern similar factual issues arising from Thomas & Friends™ Wooden Railway Toys and their recall, Plaintiffs will be seeking similar, if not identical, information from RC2 through the discovery process. Therefore, coordination is necessary to promote the just handling of this litigation as it will allow for uniform decisions on common discovery issues, such as confidentiality, discoverability and relevance, none of which have yet to be decided in any of the actions.

Furthermore, coordination is necessary to ensure that this litigation is conducted in an efficient manner that conserves the resources of the judiciary, the parties and counsel. *See, e.g., In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994)(holding that centralization was "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments), and conserve the resources of the parties, their counsel and the judiciary.")

8

Coordination serves these purposes; for, it will (a) eliminate duplicative court proceedings in separate geographical forums; (b) eliminate the burden on RC2 of responding to thirteen (13) or more variations of the same discovery requests; and (c) eliminate the need for depositions of the same witnesses over substantively identical topics in thirteen (13) or more separate actions. Thus, coordination is necessary to effectively promote the just and efficient conduct of the litigation.

## IV. CONCLUSION

For the foregoing reasons, RC2 requests that the Thomas & Friends™ Wooden Toys Litigation be transferred to the Northern District of Illinois for coordinated pretrial proceedings pursuant to the Multidistrict Litigation Statute, 28 U.S.C. §1407.

9

Respectfully submitted,

RC2 Corporation and Learning Curve Brands, Inc.


By one of their attorneys
Judy S. Okenfuss
Indiana Attorney No 16157-49

Judy S. Okenfuss
Jim L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2100

Bart Murphy
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
(630) 955-0555

Gordon S. Rather, Jr
Claire Shows Hancock
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
(501) 371-0808

Dennis M. Reznik
Charles Stotter
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 921-5214

10

Hugh Russ
HODGSON RUSS ANDREWS WOODS & GOODYEAR
140 Pearl Street
Buffalo, NY  14202-4040
(716) 848-1388
Attorney for RC2 Corporation only

1/2001110.1

11

# RECEIVED

SEP   4 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

07-CV 3514

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

**IN RE THOMAS & FRIENDS™**
**WOODEN RAILWAY TOYS**
**LITIGATION**

**MDL DOCKET NO.:** _____

### PROOF OF SERVICE

I hereby certify that a copy of the foregoing Motion, Brief in Support, Exhibit Volume, Corporate Disclosure Statement, Request for Oral Argument, Notice of Appearance and this Proof of Service was served by First Class Mail on August 23, 2007 to the following:

**District Court Clerks**

Clerk, U.S. District Court, Northern District Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

Clerk, U.S. District Court, District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Clerk, U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Clerk, U.S. District Court, Eastern District of Arkansas
600 West Capitol Avenue
Little Rock, Arkansas 72201-3325

Clerk, U.S. District Court, Southern District of Indiana
46 E. Ohio Street, Room 105
Indianapolis, IN 46204

**Counsel**

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 West Main St.
Russellville, AR 72811
    **Counsel for Plaintiffs: James Weldon Stratton, et al.,**
    E.D. Arkansas No. 4:07-cv-640


Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
820 North Blvd, Suite B
Oak Park, Illinois 60301
    **Counsel for Plaintiffs: Channing Hesse, et al.,** N.D. Illinois No. 1:07-cv-3514
    **Counsel for Plaintiffs: John O'Leary, et al.,** N.D. Illinois No. 1:07-cv-3682
    **Counsel for Plaintiffs: Theresa Reddell, et al.,** N.D. Illinois No. 1:07-cv-3747
    **Counsel for Plaintiffs: Cherise Wilson, et al.,** N.D. Illinois No. 1:07-cv-4642

Steve W. Berman
Nicholas J. Styant-Browne
Attorneys for Plaintiffs
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
    **Counsel for Plaintiffs: Channing Hesse, et al.,** N.D. Illinois No. 1:07-cv-3514
    **Counsel for Plaintiffs: John O'Leary, et al.,** N.D. Illinois No. 1:07-cv-3682
    **Counsel for Plaintiffs: Theresa Reddell, et al.,** N.D. Illinois No. 1:07-cv-3747

Simeon J. Osborn
OSBORN SMITH, PLLC
2125 Fifth Avenue
Seattle, Washington 98121
    **Counsel for Plaintiffs: Channing Hesse, et al.,** N.D. Illinois No. 1:07-cv-3514

2

Robert M. Foote
Mark A. Bulgarelli
Craig S. Mielke
Joe R. Whatley
Edith Kallas
Mitchell M. Breit
FOOTE, MEYERS, MIELKE &
FLOWERS. LLC
28 North First Street, Suite 2
Geneva, Illinois 60134
  **Counsel for Plaintiffs: Jennifer Foshee Deke et al.,**
      N.D. Illinois No. 1:07-cv-3609

Kathleen C. Chavez (#06255735)
Chavez Law Firm, P.C.
28 North First Street, Suite 2
Geneva, Illinois 60134
  **Counsel for Plaintiffs: Jennifer Foshee Deke et al.,**
      N.D. Illinois No. 1:07-cv-3609

Nicholas B. Roth
EYSTER KEY TUBB ROTH,
MIDDLETON & ADAMS LLP
Eyster Building
P.O.Box 1607
Decatur, Alabama 35602
  **Counsel for Plaintiffs: Jennifer Foshee Deke et al.,**
      N.D. Illinois No. 1:07-cv-3609

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau
WEXLER TORISEVA WALLACE LLP
One N. LaSalle St., Ste. 2000
Chicago, IL 60602
  **Counsel for Plaintiffs: Kim Walton, et al., N.D. Illinois No. 1:07-cv-3614**

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery St., Ste. 1501
San Francisco, CA 94111
  **Counsel for Plaintiffs: Kim Walton, et al., N.D. Illinois No. 1:07-cv-3614**

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY 10022
    **Counsel for Plaintiffs: Kim Walton, et al.,** N.D. Illinois No. 1:07-cv-3614

Mark Tamblyn
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Ste. 290
Sacramento, CA 95815
    **Counsel for Plaintiffs: Kim Walton, et al.,** N.D. Illinois No. 1:07-cv-3614

Robert J. Pavich
John J. Pavich
Anthony D'Amato - of counsel
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
    **Counsel for Plaintiffs: Paul Djurisic et al.,** N.D. Illinois No. 1:07-cv-3707

Kevin B. Rogers
307 North Michigan Avenue
Suite 305
Chicago, Illinois 60601
    **Counsel for Plaintiffs: Paul Djurisic et al.,** N.D. Illinois No. 1:07-cv-3707

Yvette Ostolaza
WEIL GOTSHAL & MANGES LLP
200 Crescent Court
Suite 300
Dallas, TX 75201
    **Counsel for Defendant: Apax Partners, Inc., Paul Djurisic et al.,** N.D. Illinois
    No. 1:07-cv-3707
    **Counsel for Defendant: Hit Entertainment, Paul Djurisic, et al.,** N.D. Illinois
    No. 07-cv-3707

Thomas A. Zimmerman, Jr.
Hugh J. Green
ZIMMERMAN & ASSOCIATES, P.C.
100 West Monroe Steeet
Suite 1300
Chicago, IL 60603
    **Counsel for Plaintiffs: Robyne Rohde, et al.,** N.D. Illinois No. 1:07-cv-4187

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204
        **Counsel for Plaintiffs:  Ryan Kreiner, et al.,** N.D. Illinois No. 1:07-cv-4547

William N. Riley
Jamie R. Kendall
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave
Indianapolis, IN 46204
        **Counsel for Plaintiffs: Robert Miller, et al.,** S.D. Indiana No. 1:07-cv-772

J. Aaron Cooke
COOKE LAW FIRM
P.O. Box 188
Lafayette, IN 47902
        **Counsel for Plaintiffs:  Robert Miller, et al.,** S.D. Indiana No. 1:07-cv-772

Peter S. Pearlman
COHEN LIFLAND PEARLMAN HERRMANN
& KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
        **Counsel for Plaintiffs:  David Murdock et al.,** New Jersey No. 2:07-cv-03376

Jack Reise
Stuart A. Davidson
James L. Davidson
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 E. Palmetto Park Rd., Ste 500
Boca Raton, FL 33432-4809
        **Counsel for Plaintiffs:  David Murdock et al.,** New Jersey No. 2:07-cv-03376

Jason A. Stuckey
Lauren Wagner Pederson
2031 2nd Ave. North
Birmingham, AL 35203
        **Counsel for Plaintiffs:  David Murdock et al.,** New Jersey No. 2:07-cv-03376

Dennis M. Reznick
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
    **Counsel for Defendant: Toys "R" Us, Inc., David Murdock, et al.,** New Jersey
    No. 2:07-cv-03376

Richard D. Millet
RICHARD D. MILLET & ASSOCIATES LLC
1065 Route 22 West, Suite 1A
Bridgewater, NJ 08807
    **Counsel for Defendant: Wal-Mart Stores, Inc., David Murdock, et al.,** New
    Jersey No. 2:07-cv-03376

John Balestriere
Craig Stuart Lanza
BALESTRIERE PLLC
225 Broadway
Suite 2700
New York, NY 10007
    **Counsel for Plaintiffs: C. Kelly et al.,** E.D. New York No. 1:07-cv-2525

Respectfully submitted,

RC2 Corporation and Learning Curve Brands, Inc.

*Judy A. Okenfuss*

By one of their attorneys
Judy S. Okenfuss
Indiana Attorney No 16157-49

Judy S. Okenfuss
Jim L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2100

Bart Murphy
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
(630) 955-0555

Gordon S. Rather, Jr
Claire Shows Hancock
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
(501) 371-0808

Dennis M. Reznik
Charles Stotter
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ  07078
(973) 921-5214

7

Hugh Russ
HODGSON RUSS ANDREWS WOODS & GOODYEAR
140 Pearl Street
Buffalo, NY 14202-4040
(716) 848-1388
Attorney for RC2 Corporation only

I/2001110.1