IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE RC2 CORP. TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | CASE NO. 07-CV-7184 (N.D. Ill.)  MDL NO. 1893  JUDGE LEINENWEBER |

**PLAINTIFFS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 2 TO PROTECT THE INTEGRITY OF THE MDL PROCEEDINGS**

On August 29, 2007, this Court appointed "Interim Co-Lead Counsel on behalf of the Class" in the multi-district litigation proceeding now known as *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, MDL 1893, Case No. 07-cv-7184 (N.D. Ill.). The Court specifically charged Interim Co-Lead Counsel with conducting the litigation and the "conduct of settlement negotiations on behalf of plaintiffs." *See* Ex. 2 (Order Appointing Interim Lead Counsel for the Putative Class).

One of the underlying purposes of this Court's appointment of Co-Lead Counsel was to prevent Defendants from "attorney-shopping" and thus ensure that the integrity of the MDL proceedings remained in tact. The leading authority on Class Actions, 3 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 9.35 (4th ed. 2002) ("NEWBERG"), explains:

> "**Selection and duties of lead counsel**":
>
> Court-appointed organization of plaintiff's counsel, in addition to facilitating efficiency and orderliness in multiparty litigation, also serves important objectives of curtailing potential abuses in connection with settlement issues. Without an official representative to speak for the plaintiffs and the class, even before a class ruling, *the defendants are in a position to engage in attorney-hopping and to negotiate a settlement with a second set of attorneys after the first set has declined the settlement offer.*
>
> \*           \*           \*
>
> Appointed lead counsel are frequently delegated responsibility to conduct settlement negotiations to alleviate potential attorney-shopping among the defendants.

NEWBERG, § 9.35(emphasis added).  Yet, despite this Court's Order, that is exactly what happened here – Defendants negotiated an inadequate settlement with plaintiff's counsel in *Barrett v. RC2 Corp.*, No. 07 CH 20924 (Cir. Ct. Cook County),[1] after learning that Interim Co-Lead Counsel in this MDL refused to settle on those terms.

Upon discovering that a settlement had been preliminarily approved without notice to Interim Lead Counsel or the Federal Court, Interim Lead Counsel, together with many of the Federal Plaintiffs,[2] immediately filed a Petition to Intervene and Stay Notice in the *Barrett* action. As a result, on January 29, 2008, the Circuit Court of Cook County granted the Federal Plaintiffs' request to stay publication of notice to the Class pending this Court's and the state court's thoughtful consideration of these issues. *See Barrett* Order dated January 29, 2008, Ex. 3. Interim Lead Counsel also filed a Motion For Preliminary Injunction Under the All Writs Act now pending before this Court.

In addition to an injunction, this Court also has the ability to enter case management orders to protect the integrity of the MDL proceedings. For example, the Honorable Judge Patti Saris, who oversees *In re Pharmaceutical Industry Average Wholesale Price Litigation*

---

[1] In fact, Defendants did so without defense counsel even filing an appearance in the state court case until January 24, 2007 – two days *after* preliminary approval of the settlement. Defendants had to wait until a settlement was reached (or until they hit an impasse with the *Barrett* lawyers) before appearing, in order to preserve their rights to removal under the Class Action Fairness Act ("CAFA"). Under CAFA, Defendants would have to exercise their right to removal of the state court action within 30 days. Defendants decided to wait to appear to see if they could back room a deal. Had they not been able to consummate a deal, defense counsel could then have appeared in *Barrett* and claim that Defendants had not yet waived their right to remove the action to federal court and this MDL.

This game play is demonstrated by RC2's treatment of *Wilson v. RC2*, which was originally filed on September 21, 2007 in the Circuit Court of Lee County, Arkansas. RC2 removed *Wilson* to federal court in November 2007 and *Wilson* was consolidated with these MDL proceedings by the JPML. Thus, when RC2's removal of *Wilson* is compared to its failure to appear in the *Barrett* case until after preliminary approval, it is clear that RC2 cherry picked Barrett as the Plaintiff that would be willing to sell out the Class without the Federal Court's oversight.

[2] The following Federal Plaintiffs filed the Petition to Intervene and Complaint in Intervention in the state court: John O'Leary, Theresa Reddell, Rebekah Lockhart, Cherise Wilson, Aive Rei-Ghafoor, Tonya Tubbs, Thomas Toms, Tracy Hofmann, Sheree Argiris, Cheng Yin, Jodie Morrison, Michelle Stumpf, Elizabeth Harris, Ryan Kreiner, Claudine Kreiner, Joseph Hudspeth, Caryn Hudspeth, James Stratton, Christa Stratton, David Murdock, Thomas Brady, Robyn Rohde, and Brian Deutsch.

("*AWP*"), MDL 1456, Civil Action No. 01-12257-PBS (D. Mass.), entered a case management order that provides in pertinent part:

> To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

*See AWP* Case Management Order No. 10, § 6, at 6 (March 25, 2004), Ex. 4.[3] Clearly, as evidenced by Defendants' attempt to conduct a reverse auction and backroom a deal in a state court in which it had never even appeared, a similar Case Management Order should be entered here.

Accordingly, Plaintiffs propose the entry of Case Management Order No. 2, a copy of which is attached hereto as Ex. 1, which provides:

> To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions, including any further discussions to amend, revise, or renegotiate the purported settlement in *Barrett v. RC2 Corp.*, No. 07 CH 20924 (Cir. Ct. Cook County). Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

*See* Ex. 1. This Case Management Order will thus prevent future emergencies such as the one occasioned here when Interim Lead Counsel learned from the media on January 22, 2008 that

---

[3] For other examples where MDL Courts entered orders specifically to protect the integrity of the MDL proceedings, *see In re Managed Care Litig.*, 236 F. Supp. 2d 1336 (S.D. Fla. 2002) (entering an injunction and stating, "The JPML has ordered that all cases relating to the improper payment to physicians be consolidated in this Court pursuant to § 1407. To allow another federal court sitting in another Circuit to settle this entire action against one of the Defendants in the consolidated proceeding would effectively render the JPML's decisions and existence moot. This cannot be the correct interpretation of the law."); *In re Lease Oil Antitrust*, 48 F. Supp. 2d 699 (S.D. Tex. 1998) ("If an effort by the defendants to reach an inadequate or collusive settlement in state court is 'left unchecked,' then this court will be absolutely prevented from 'bringing the litigation to its natural conclusion.'…For these reasons the All Writs Act authorizes this Court to enter an injunctive order against the parties in order to preserve its jurisdiction over this MDL litigation."). Although these issues generally arose under the All Writs Act and thus injunctions were entered to prevent the consummation of negotiated settlements, the *AWP* court's order is the corollary and protects against future misuse of MDL proceedings.

3

Defendants had tried to obtain preliminary approval of a settlement of the MDL claims from a state court without notice to this Court or Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter Case Management Order No. 2, a proposed copy of which is attached hereto, and grant such other and further relief as this Court deems appropriate.

Respectfully Submitted,

Dated: January 29, 2008

By: /s/ Elizabeth A. Fegan

Elizabeth A. Fegan, Esq.
Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60301
Tel. 708-776-5604
Fax. 708-776-5601
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman, Esq.
Ivy D. Arai, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
ivy@hbsslaw.com

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
Suite 1501
San Francisco, CA 94111
lking@kaplanfox.com
lfong@kaplanfox.com

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY  10022
ffox@kaplanfox.com
dhall@kaplanfox.com

William N. Riley
Joe Williams
Jamie Kendall
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN  46204
wriley@price-law.com
jwilliams@price-law.com
jkendall@price-law.com

*Interim Co-Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

      I, Elizabeth A. Fegan, an attorney, hereby certify that a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 2 was served on counsel via CM/ECF and counsel on the following Service List via e-mail on January 29, 2008:

Bart Thomas Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
Bart.murphy@icemiller.com

James Petersen, Esq.
Katherine A. Winchester, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
James.peterson@icemiller.com
Katherine.winchester@icemiller.com
Judy.okenfuss@icemiller.com

*Counsel for Defendants in MDL 1893 and Barrett*


/s/ Elizabeth A. Fegan
Elizabeth A. Fegan