# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE RC2 CORP. TOY LEAD PAINT    )
PRODUCTS LIABILITY LITIGATION    )    No. 07 CV 7184
                                 )    MDL No. 1893
                                 )
*Document relates to all actions*    )    Judge Leinenweber

## DECLARATION OF BART T. MURPHY

Bart T. Murphy, being first duly sworn on oath, states as follows:

1.    I am counsel for the Defendants RC2 Corporation and Learning Curve Brands, Inc. (collectively "Defendants") in the above captioned matter. Unless indicated to the contrary, I have personal knowledge of the facts stated herein.

2.    I was contacted by Plaintiffs' Counsel in an action filed in the Circuit Court of Cook County, *Barrett v RC2 Corporation*, ("*Barrett*") in early August 2007. The allegations in the *Barrett* case were similar to the allegations in the other cases filed in state and federal courts against RC2. Plaintiffs counsel in *Barrett* requested a meeting to discuss the possibility of settlement and I agreed to such a meeting.

3.    Defendants first met with Plaintiffs' Counsel in *Barrett* on August 13, 2007 at my firm's DuPage County office in Lisle, Illinois. At this meeting preliminary settlement issues were discussed and methods, including mediation, of reaching a settlement were discussed. Broad picture relief under a proposed settlement was also discussed.

4.    A second meeting with Plaintiffs' Counsel in *Barrett* was held at my offices on September 14, 2007. The Parties reached an agreement to employ the services

1

of a mediator to help achieve a settlement and by September 28, 2007 the Parties had agreed to retain Judge Robert Boharic (ret.) as a mediator.

5.     On October 15, 2007 the first mediation session was held before Judge Boharic.

6.     On or about October 17, 2007, I received the letter dated October 17, 2007 from William Riley which is attached to this response as Exhibit 2.  The subject line of this letter states it concerns: "Proposed Settlement Discussion".  I did not respond to this letter and I did not provide it to Plaintiff's Counsel in *Barrett* until sometime within the last week or so.  I did not construe this letter as a demand and my construction is supported by Ms. Fegan's e-mail message (see discussion below) dated November 8, 2007 in which she stated she need information to make their <u>initial demand</u>.  I did not engage in any settlement negotiations with Plaintiff's counsel as a result of this letter.

7.     On October 29, 2007 a second mediation session was held before Judge Boharic.

8.     On November 7, 2007 a status hearing was held in the initial consolidated cases before this Court.  I appeared at the status hearing and then had to leave to make an appearance before another District Court Judge in the building on another matter.  After the status hearing the group of Plaintiffs' Counsel, which included Ms. Fegan, and several other attorneys from my firm, including my partner James Petersen, met in the cafeteria of the federal courthouse to discuss discovery issues.  After I completed my appearance in the other matter that I had scheduled that morning, I joined the group in the cafeteria.  While the focus of this meeting was on discovery issues, at some point in this meeting Plaintiffs' Counsel inquired as to whether Defendants would be willing to consider

settlement. I informed Plaintiffs' Counsel that Defendants were willing to consider settlement and recall advising Plaintiffs' Counsel that if they were serious about settlement they should make a demand as I was not going to bid against myself. Plaintiffs' Counsel responded by indicating that they could not make a demand unless they obtained certain information from us. I advised Plaintiffs' Counsel to put their requests for information in writing to me and that if they were reasonable I would respond.

9.      On November 8, 2007 I received an e-mail message from Beth Fegan, one of Plaintiffs' Counsel which referenced our meeting in the federal court cafeteria on November 7, 2007 and requested information which Ms. Fegan stated was necessary to "allow us to formulate a settlement demand". Ms. Fegan's message also stated: "The more information you can provide, the more vetted our initial demand will be." A true and accurate copy of this e-mail message is attached as Exhibit 3 to the response memorandum of which this affidavit is Exhibit 1.

10.     On November 21, 2007, I sent Ms. Fegan an e-mail providing her with the information she requested in her November 8, 2007 e-mail message. I also sent a second supplemental e-mail message to her that day. It was agreed that the information I provided was to be treated as confidential.

11.     On November 30, 2007 a third mediation session was held before Judge Boharic with Plaintiffs' Counsel in *Barrett*. During this session the parties reached an agreement in principle to settle the *Barrett* case.

12.     On December 10, 2007 I received a letter from Ms. Fegan containing Plaintiffs' initial settlement demand. A copy of this letter is attached to the State Court

(Barrett) Plaintiff's response to Plaintiffs' Emergency Motion for an Injunction. I had previously informed Plaintiffs' Counsel at the November 8, 2007 meeting that I was not going to bid against myself and that if they were serious about discussing settlement they should make a demand. The December 10, 2007 letter was the first demand that Defendants received. The letter stated that the demand would only remain open for 30 days.

13.    I did not respond to Ms. Fegan's December 10, 2007 letter nor did I conduct any settlement negotiations with Plaintiffs' Counsel. I had advised Plaintiffs' Counsel that if they were serious about settlement they should make a demand as I was not going to bid against myself. Since Plaintiff's Counsel did not make a demand until December 10, 2007, settlement negotiations with Plaintiffs Counsel in this case never commenced as by December 10, 2007, Defendants had already reached a settlement agreement with the Plaintiffs in *Barrett*.

14.    On January 22, 2008, Plaintiffs Motion for Preliminary Approval of the Settlement Agreement was presented to Judge Maki and he entered a hand-written order granting preliminary approval.

15.    On January 23, 2008, Judge Maki entered a formal type-written preliminary approval order.

16.    In reviewing the claim forms and procedures subsequent to January 23, 2008, I noted that the claim form for Option 2 did not explicitly address claims of persons who returned a toy(s) in the recall and were sent a replacement(s). Further while this issue was negotiated between the Parties in the mediation and an agreement had been reached to provide relief to such persons, the Settlement Agreement did not clearly reflect

this agreement. I also found an error in the list of toys contained in Exhibit 1 to the Settlement Agreement as one toy was listed twice and one was omitted. To address these issues I sent an e-mail to Class Counsel in *Barrett* on January 28, 2008 at 1:47 a.m. proposing an Amendment No. 1 to the Settlement Agreement. I drafted Amendment No. 1 to the Settlement Agreement and sent it via e-mail to Class Counsel in *Barrett* at 10:49 a.m. I executed Amendment No. 1 to the Settlement Agreement for Defendants and it was filed with a motion seeking approval of the amendment in the Clerk's Office of the Circuit Court of Cook County on January 28, 2008 at 12:42 p.m.

17.    I did not receive Plaintiffs' Counsel Emergency Motion for a Preliminary Injunction or any other filings Plaintiffs made that day in state or federal court until they were sent to me via e-mail beginning at 1:40 p.m. on January 28, 2008. Exhibit 6 is a true and accurate copy of the first e-mail I received from Plaintiffs' Counsel in this case on January 28, 2008 containing motions filed by Plaintiffs in state or federal court that day. As of the time these motions were sent by Plaintiffs' Counsel to me via e-mail I had already executed Amendment No. 1 to Settlement Agreement and it had already been filed with the Court for approval.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Bart T. Murphy

Subscribed and sworn to
before me this 7th day of
February 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
JANE D. BOYD
Notary Public, State of Illinois
My Commission Expires May 10, 2009