# EXHIBIT 2

Case 1:07-cv-07184    Document 25-3    Filed 02/08/2008    Page 1 of 3




**William N. Riley**
Attorney at Law

October 17, 2007

VIA E-MAIL & U.S. MAIL

Bart T. Murphy, Esq.
ICE MILLER, LLP
2300 Cabot Drive
Suite 455
Lisle, Illinois 60532

Judy S. Okenfuss, Esq.
James L. Petersen, Esq.
ICE MILLER, LLP
One American Square, Suite 3100
Indianapolis, Indiana 46282

RE: Proposed Settlement Discussion

Dear Counsel:

Thank you for the open and frank conversation we had on October 12, 2007. We believe that there is an opportunity at this early juncture in the litigation to effectuate a positive result for your client and a just settlement for the putative class. It has not often been our experience that a situation can be resolved so early to the benefit of all the parties involved in a particular piece of litigation, however, we believe that due to a number of events we have arrived at a situation that presents a uniquely beneficial opportunity to the defendant and the putative class to resolve this matter.

RC2 Corporation originally recalled, on June 13, 2007, approximately 1.5 million toys that were contaminated with lead paint. In conformity with an agreement with the Consumer Product Safety Commission, RC2 offered replacement toys pursuant to 15 U.S.C. § 2064(d)(2). RC2 reported that 60% of the recalled toys had been replaced. On September 26, 2007, RC2 announced that 200,000 more toys, including one model offered as a replacement, were being recalled because they were also contaminated with lead paint. This is a very difficult position for your client to find itself in. We imagine that we can all agree that there has been a significant impact to the credibility of RC2 amongst the toy purchasing public and that the license for the Thomas Toys has been seriously jeopardized by these actions. The loss of public confidence can be the death knell of a corporation. Given the rapid approach of the Christmas season we believe that RC2 is in a position to not only attempt to regain public trust in its flagship brand, but also to adequately compensate the putative class in this litigation.

The structure that we see for achieving a settlement would be along the following lines. RC2 would agree to a full monetary refund of those toys covered by the original recall.

Hammond Block Building
301 Massachusetts Ave
Indianapolis, IN 46204

317-633-8787
Fax 317-633-8797

wriley@price-law.com

Individuals who received a replacement, including the tainted toy, would still be eligible for full replacement value of their original toy. RC2 would also create a fund where individuals who purchased the RC2 trains could visit a doctor's office and have a lead exposure test done on their children. To be clear, none of the putative class would be surrendering any right to bring a personal injury suit by participation in this settlement.

RC2 would join with the interim lead counsel in this litigation to present to the court a joint motion for class certification and approval of a settlement and RC2 would be able to then garner national attention on the positive efforts to conclude the situation by fairly treating all of those individuals who purchased the contaminated toys. Further, RC2 would agree to base individual western inspectors in the plants in China, who are paid directly by RC2, that would be responsible for periodic inspections and the maintenance of quality control over products from the Chinese manufacturers. RC2 would also agree to other safeguards to be implemented.

We would be willing to mediate this matter at the convenience of RC2 and would suggest that one of the following four mediators be selected to mediate this matter: Nicholas J. Politan, Jr., Layn R. Phillips (Irell & Manella, LLP), Daniel Weinstein (JAMS) and Edward A. Infante (JAMS).

We intend to file an application for preliminary injunction if we cannot move this matter forward with regard to settlement. We feel that it is our responsibility to prevent any further lead contaminated toys from reaching the general public and we have to take steps to protect the putative class. We would like to hear a response from you within a week or we will proceed as outlined.

With kindest regards,

Elizabeth Fegan
Frederic S. Fox
William N. Riley

WNR/ema

cc: Laurence King, Esq.
Ivy Arai, Esq.
Christine Fox, Esq.
Jamie Kendall, Esq.
Joseph Williams, Esq.