# EXHIBIT 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE:
RC2 CORP. TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

**MDL NO. 1893  ALL CASES**

Case No.  07 C 7184

### Declaration of James L. Petersen

I, James L. Petersen, on oath, depose and state as follows:

1.      I am a partner at Ice Miller LLP, the law firm providing the defense for all defendants in *In re RC2 Corp. Toy Lead Paint Products Liability Litigation*, MDL 1893.  I have full knowledge of the matters stated herein and could and would testify as follows.

2.      On October 12, 2007 I attended a Rule 26(f) conference for the Northern District of Illinois consolidated cases held in Indianapolis, Indiana at the offices of Price Waicukauski & Riley, LLC, one of the Plaintiffs' attorneys (the "Rule 26(f) Conference").  Drew Miroff and Judy Okenfuss from Ice Miller LLP were the other attorneys representing Defendants who were present at this meeting.  Will Riley, Joe Williams, and Jamie Kendall of Price Waicukauski & Riley, LLC personally attended on behalf of the Plaintiffs.  Fred Fox, Larry King, and Beth Fegan participated by telephone on behalf of Plaintiffs.

3.      Since Rule 26(f) requires the parties to consider the possibilities of settlement, this issue was raised during the Rule 26(f) Conference.  During the course of the Rule 26(f) Conference Beth Fegan, counsel for Plaintiffs, informed Defendants' Counsel that Plaintiffs would not be interested in discussing settlement unless we agreed not to discuss settlement with any other party.  Defendants' Counsel did not agree to this request.  Contrary to the

representations made by Ms. Fegan in open court, Defendants' Counsel were never asked by Ms. Fegan or any other counsel for Plaintiffs during the Rule 26(f) Conference, or at any other time to my knowledge, whether Defendants were engaged in settlement negotiations with any other plaintiff. Defendants' Counsel did not agree at the Rule 26(f) Conference or at any other time to my knowledge, that we would not negotiate with others or represent to Plaintiffs' Counsel that we were not negotiating with other parties.

4.    Plaintiffs' Counsel prepared the initial draft of the Rule 26(f) Conference report to this Court, which was filed by Plaintiffs on November 6, 2007. Under the heading "Possibilities of Prompt Settlement or Resolution" the report states: "The parties have discussed the suitability of this case for mediation." As there was no substantive settlement discussion, this was an accurate report.

5.    Defendants did not solicit a settlement demand from Plaintiffs' Counsel during the Rule 26(f) Conference. The possibility of settlement was raised in the Rule 26(f) Conference as part of the parties' obligation to consider this issue under Rule 26(f). No settlement negotiations or substantive settlement discussions were conducted during the Rule 26(f) Conference. I informed Plaintiffs' Counsel at the Rule 26(f) Conference that while Defendants were willing to consider the possibility of settlement any settlement discussions would have to be conducted with my partner Bart Murphy, who was not present at the Rule 26(f) Conference.

6.    I do not recall participating in any other discussion on the issue of settlement with Plaintiffs' Counsel until a meeting held in the cafeteria of the Federal Courthouse in Chicago on November 7, 2007. On November 7, 2007 a status hearing was held in this case and following the hearing the Parties met in the cafeteria of the courthouse. I and several other attorneys from Ice Miller, including my partner Bart Murphy, were present at this meeting. The issue of

settlement possibilities was raised at this meeting and I recall that Mr. Murphy informed Plaintiffs' Counsel that Defendants were willing to consider settlement and that if the Plaintiffs were serious about settlement they should make a demand. I recall that Plaintiffs' Counsel responded by indicating they could not make a demand unless they received certain information from Defendants. I further recall that Mr. Murphy responded by indicating that Plaintiffs' Counsel should put their request for information in writing to him and he would respond. No substantive settlement negotiations occurred at this meeting.

FURTHER AFFIANT SAYETH NAUGHT.

James L. Petersen

Subscribed and sworn to before me this 7th day of February 2008.

Notary Public

I/2073481.1