# APPENDIX A

## COMPREHENSIVE CHRONOLOGY OF EVENTS[1]

| Key To Chronology | |
|---|---|
| Orange | Prosecution and Defense of MDL Litigation |
| Light Orange | Settlement Discussions in MDL Litigation |
| Blue | Prosecution and Defense of *Barrett* Litigation |
| Light Blue | Settlement Discussions in *Barrett* Litigation |
| Grey | Background Facts |

| | Date | Event Description | Source |
|---|---|---|---|
| 1. | 6/07 | Since June 2007, "RC2 has instituted its Multi-Check Toy Safety System, which includes several significant additional safeguards to protect our toy quality." | Letter of Curtis W. Stoelting to U.S. Representatives Rush and Stearns (9/6/07), Ex. 16 to the Declaration of Elizabeth A. Fegan In Support of Plaintiffs' Emergency Motion For Preliminary Injunction Pursuant to the All Writs Act ("Orig. Fegan Decl.") |

---

[1] Plaintiffs have incorporated Defendants' recitation of settlement events in *Barrett* litigation directly from the Settlement Chronology in Defendants' Response In Opposition to Plaintiffs' Emergency Motion For A Preliminary Injunction ("Def. Resp."), at 9-11.

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 2. | 6/13/07 | RC2 announces recall of 26 Thomas & Friends Wooden Railway toys and notes that the Company "expects to record in the second quarter, a charge in the range of $1 million to $2 million, net of tax, to provide for inventory, return and replacement reserves." | Orig. Fegan Decl., Ex. 17 |
| 3. | 6/15/07 | Filing of Class Action Complaint in *Sweeney, et al. v. RC2 Corp., et al.*, No. 07-772 (Southern District of Indiana) | *Sweeney* Docket |
| 4. | 6/22/07 | Filing of Class Action Complaint in *Hesse v. Learning Curve Brands, Inc. et al.*, No. 07-3514 (N.D. Ill.) | *Hesse* Docket |
| 5. | 6/22/07 | Filing of Class Action Complaint in *Kelly, et al. v. RC2 Corp., et al.*, No. 07-2525 (E.D.N.Y.) | *Kelly* Docket |
| 6. | 6/22/07 | Filing of Class Action Complaint in *Deke, et al. v. RC2 Corp., et al.*, No. 07-3609 (N.D. Ill.) | *Deke* Docket |
| 7. | 6/27/07 | Filing of Class Action Complaint in *Walton, et al. v. RC2 Corp., et al.*, No. 07-3614 (N.D. Ill.) | *Walton* Docket |
| 8. | 6/29/07 | Filing of Class Action Complaint in *O'Leary, et al. v. Learning Curve Brands, et al.*, No. 07-3682 (N.D. Ill.) | *O'Leary* Docket |
| 9. | 7/2/07 | Filing of Class Action Complaint in *Djurisic, et al. v. Apex Partners, Inc., et al.*, No. 07-3707 (N.D. Ill.) | *Djurisic* Docket |
| 10. | 7/3/07 | Filing of Class Action Complaint in *Reddell, et al. v. Learning Curve Brands, et al.*, No. 07-3747 (N.D. Ill.) | *Reddell* Docket |
| 11. | 7/3/07 | Plaintiff's Motion For Preliminary Injunction filed in *Djurisic* | *Djurisic* Docket |

Comprehensive Chronology

|     | Date | Event Description | Source |
| --- | --- | --- | --- |
| 12. | 7/5/07 | Hearing held on Motion for Preliminary Injunction before Judge Kennelly in *Djurisic* | *Djurisic* Docket |
| 13. | 7/6/07 | Motion by Plaintiff Channing Hesse for reassignment of cases as related pursuant to Local Rule 40.4. | *Hesse* Docket |
| 14. | 7/6/07 | Defendants' Motion To Dismiss Motion For Preliminary Injunction filed in *Djurisic* | *Djurisic* Docket |
| 15. | 7/11/07 | Appearance before Judge Leinenweber on motion for reassignment of cases | Transcript of Proceedings (7/11/07) |
| 16. | 7/19/07 | Appearance before Judge Leinenweber on motion for reassignment of cases and regarding case management issues and order. | Transcript of Proceedings (7/19/07) |
| 17. | 7/19/07 | Appearance for Defendant Learning Curve Brands, Inc. by Bart Thomas Murphy filed | *Hesse* Docket |
| 18. | 7/19/07 | Order granting Plaintiff's Motion for Reassignment of the following cases as related pursuant to Local Rule 40.4: *Deke v. RC2 Corp. et al.* No. 07CV3609; *Walton v. RC2 Corp. et* al, No. 07CV3614*; O'Leary v. Learning Curve Brands, Inc.*, No. 07CV3682; *Djurisnic vs. Apax Partners, Inc. et al.* No. 07CV3707; and *Reddell v. Learning Curve Brands, Inc. et al.*, No. 07CV3747. | *Hesse* Docket |
| 19. | 7/20/07 | Filing of Class Action Complaint in *Stratton, et al. v. RC2 Corp., et al.*, No. 07-640 (Eastern District of Arkansas) | *Stratton* Docket |
| 20. | 7/20/07 | Filing of Class Action Complaint in *Murdock, et al. v. RC2 Corp., et al.*, No. 07-3376 (D.N.J.) | *Murdock* Docket |

Comprehensive Chronology

|    | Date | Event Description | Source |
|----|------|-------------------|--------|
| 21. | 7/25/07 | Filing of Class Action Complaint in *Rohde, et al. v. Learning Curve Brands, et al.*, No. 07-4187 (N.D. Ill.) | *Rohde* Docket |
| 22. | 7/26/07 | Status Hearing before Judge Leinenweber. | *Hesse* Docket |
| 23. | 8/7/07 | Filing of Class Action Complaint in *Barrett v. RC2 Corp.* in Circuit Court of Cook County. | Orig. Fegan Decl., Ex. 21 (*Barrett* Docket) |
| 24. | 8/13/07 | "Face to face meeting with Plaintiffs' counsel in *Barrett* at offices of Defense counsel solicited by State Court Plaintiffs' Counsel. Preliminary settlement issues discussed and methods, including mediation, of reaching a settlement discussed. Broad picture relief discussed." | Def. Resp., at 9. |
| 25. | 8/13/07 | Filing of Class Action Complaint in *Kreiner, et al. v. RC2 Corp., et al.*, No. 07-4547 (N.D. Ill.) | *Kreiner* Docket |
| 26. | 8/14/07 | MOTION by Plaintiff Channing Hesse to appoint counsel *Motion To Appoint Interim Lead Counsel for the Putative Class Per The Majority Consensus of the Plaintiffs in this District.* | *Hesse* Docket |
| 27. | 8/17/07 | MOTION by Plaintiff Channing Hesse to reassign case *Second Motion For Reassignment of Cases As Related Pursuant to Local Rule 40.4.* | *Hesse* Docket |
| 28. | 8/17/07 | Filing of Class Action Complaint in *Wilson, et al. v. Learning Curve Brands, et al.*, No. 07-4642 (N.D. Ill.) | *Wilson* Docket |

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 29. | 8/20/07 | *Martinez* Plaintiff moves for transfer and coordination of RC2 actions in C.D. Cal. | JPML Docket, Ex. 1 to the Declaration of Elizabeth A. Fegan In Support of Plaintiffs' Reply In Support of Their Motion For Preliminary Injunction ("Fegan Decl.") |
| 30. | 8/22/07 | U.S. Representatives Rush and Stearns request information from RC2 related to the June recall. | Orig. Fegan Decl., Ex. 16 |
| 31. | 8/23/07 | RC2 Corporation's and Learning Curve Brands, Inc.'s Motion for Transfer of Action to the Northern District of Illinois for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 (JPML). | Fegan Decl., Ex. 1 (JPML Docket) |
| 32. | 8/24/07 | MOTION by Plaintiff Channing Hesse for order *All Plaintiffs' Motion For Entry of Case Management Order No. 1*. | *Hesse* Docket |
| 33. | 8/24/07 | MOTION by plaintiff Abel Martinez for transfer and coordination pursuant to 28 U.S.C. 1407. | *Hesse* Docket |
| 34. | 8/27/07 | JOINT MOTION by plaintiffs for transfer of actions to the Northern District of Illinois Pursuant to 28 USC § 1407. | *Hesse* Docket |
| 35. | 8/27/07 | MOTION by Defendant Learning Curve Brands, Inc. for extension of time *to answer*, MOTION by Defendant Learning Curve Brands, Inc. to stay *proceedings*. | *Hesse* Docket |
| 36. | 8/28/07 | *First Amended Consolidated Complaint of the Consensus Plaintiffs' Group.* | *Hesse* Docket |
| 37. | 8/29/07 | Status Hearing before Judge Leinenweber. | Transcript of Proceedings (8/29/07) |

5

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 38. | 8/29/07 | ORDER Appointing Interim Lead Counsel for the Putative Class. | *Hesse* Docket |
| 39. | 8/30/07 | Filing of Class Action Complaint in *Singer, et al. v. Learning Curve Brands, et al.*, No. 07-22271 (S.D. Fla.) | *Singer* Docket |
| 40. | 8/31/07 | By this date, RC2 had recovered more than 60% of the recalled toys. | Orig. Fegan Decl., Ex. 16 |
| 41. | 9/4/07 | MOTION by RC2 and Learning Curve for transfer of actions to the Northern District of Illinois Pursuant to 28 USC § 1407. | *Hesse* Docket |
| 42. | 9/6/07 | RC2's CEO Curtis W. Stoelting responds to letter of Congress re RC2 recall. | Orig. Fegan Decl., Ex. 16 |
| 43. | 9/13/07 | MINUTE entry; Enter Order Appointing Interim Lead Counsel for the Putative Class (HBSS, Kaplan Fox, Price Waicukauski & Riley). | *Hesse* Docket |
| 44. | 9/13/07 | AGREED ORDER Management Order No. 1. Signed by Judge Harry D. Leinenweber on 9/13/07. | *Hesse* Docket |
| 45. | 9/14/07 | "Second face to face meeting with State Court Plaintiffs' counsel at which Parties agreed in principle to mediate settlement. By 9/28, parties had agreed to mediation before Jd. Robert Boharic (ret.)" | Def. Resp., at 9. |
| 46. | 9/21/07 | Filing of Class Action Complaint in *April Wilson v. RC2 Corp.* in Lee County Circuit Court, Arkansas. | Notice of Removal in *Wilson v. RC2 Corp.*, *Wilson* Docket |

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 47. | 9/26/07 | RC2 announces recall of 5 additional Thomas & Friends Wooden Railway toys (All-Black Cargo Car, Toad, Olive Green Sodor Cargo Box, All Green Maple Tree Top, and Green Signal Base Accessories) and references the June 2007 introduction of the "Multi-Check Toy Safety System." | Orig. Fegan Decl., Ex. 19 (Press Release); Ex. 28 (CPSC Notice #07-308) |
| 48. | 9/28/07 | Filing of Class Action Complaint in *Deutsch, et al. v. Learning Curve Brands, et al.*, No. 07-1689 (E.D.Mo.) | *Deutsch* Docket |
| 49. | 10/2/07 | Filing of Class Action Complaint in *Hungerpillar, et al. v. RC2 Corp., et al.*, No. 07-1805 (N.D. Ala.) | *Hungerpillar* Docket |
| 50. | 10/12/07 | Rule 26(f) conference call held. Interim Lead Counsel William Riley attended in person; Beth Fegan and Fred Fox attended by phone. During this conference, the parties discussed settlement. Both parties indicated that they were open to settlement discussions. Defense counsel stated that RC2 wanted settlement discussions to take place in the context of a mediation with parameters and a written proposal from plaintiffs. Plaintiffs responded that, if they were to provide a written settlement proposal, they would want an assurance that RC2 was not negotiating with other lawyers in a competing case. Defense counsel tacitly agreed and responded that Plaintiffs should make their proposal. | Declaration of William N. Riley In Support of Plaintiffs' Emergency Motion For A Preliminary Injunction Pursuant to the All Writs Act ("Riley Decl."), ¶¶ 2-6. But see Def. Resp., at 9.[2] |
| 51. | 10/12/07 | JPML issues order setting hearing session for RC2 federal actions. | Orig. Fegan Decl., Ex. 6 |
| 52. | 10/15/07 | "1st Mediation Session in *Barrett* case is held before Jd. Robert Boharic (ret.)" | Def. Resp., at 9. |

---

[2] In the abbreviated chronology in Defendants' Response, Defendants confirm that settlement discussions "broached" and state: "No settlement demand was solicited from Plaintiffs' counsel at this meeting. Defense counsel were not asked if they were negotiating with other parties and did not agree not to do so." Def. Resp., at 9. Ultimately, this issue is a red herring in light of the fact that Barrett's counsel states that Defense counsel twice gave them oral and written assurances that they were not discussing settlement with anyone else, when the facts demonstrate by Defendants' own admissions that they were.

7

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 53. | 10/17/07 | Defense Counsel forwards response to Proposed Rule 26(f) report, indicating that "in many places we simply felt that the proposed time was too short" and indicating that they "are still in the process of reviewing the proposed protocol with regards to production of electronic documents and would expect to have something to you within a few days." | Fegan Decl., Ex. 2 (E-mail of 10/17/07 from Judy Okenfuss to William Riley, Fred Fox, Laurence King, Beth Fegan, Christine Fox, Jaime Kendall, Joe Williams) |
| 54. | 10/17/07 | MDL Counsel William Riley outlines settlement demand to RC2 counsel specifically stating, *inter alia*: "The structure that we see for achieving a settlement would be along the following lines. RC2 would agree to a full monetary refund of those toys covered by the original recall. Individuals who received a replacement, including the tainted toy, would still be eligible for full replacement value of their original toy. RC2 would also create a fund where individuals who purchased the RC2 trains could visit a doctor's office and have a lead exposure test done on their children.<br><br>* * *<br><br>Further, RC2 would agree to base individual western inspectors in the plants in China, who are paid directly by RC2, that would be responsible for periodic inspections and the maintenance of quality control over products from Chinese manufacturers. RC2 would also agree to other safeguards to be implemented."[3] | Riley Decl., Ex. A (Letter of 10/17/07 from William Riley to Bart Murphy, Judy Okenfuss and James Petersen) |

---

[3] In the abbreviated chronology in Defendants' Response, Defendants confirm that they received the October 17, 2007 letter but baldly conclude the letter "is not a demand." Def. Resp., at 9. Defendants' position appears to be based on the fact that the proposal for a common fund to be created for full toy refunds did not include hard numbers. However, Defendants' position is non-sensical in light of the fact that Defendants possessed and controlled the numbers from which to calculate the costs of full monetary refunds. *See* App., ##80-81. Accordingly, Defendants knew exactly how much refunds would cost.

8

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 55. | 10/23/07 | William Riley, one of the MDL Interim Lead Counsel, spoke via telephone with Jim Petersen, one of Defendant's counsel. Mr. Riley and Mr. Petersen discussed Defendants' draft of the Rule 26(f) Report. Further, Mr. Petersen indicated that Plaintiffs' Interim Lead Counsel "would be receiving a generic letter indicating that RC2 is interested in settlement." Mr. Petersen further stated that "the company is very interested in settlement sooner rather then later," and that "RC2 knows that this will be more expensive the longer it goes on and even if they defeat class certification that will not be the end of the litigation." | Riley Decl., ¶ 8. |
| 56. | 10/25/07 | Jay Edelson purportedly references *Barrett v. RC2* case during a legal symposium, thus implying that MDL Plaintiffs should be on notice of state court proceedings. However, based on Plaintiffs' research, the symposium at which Mr. Edelson spoke was likely the DePaul University College of Law's and The International Institute for Animal Law's "How Much is Fido/Fluffy Worth?," which addressed animal valuation issues raised by pet food recalls. " | Transcript of Proceedings (1/19/08) before Judge Maki; Fegan Decl., Ex. 3 (Chicago Daily Law Bulletin, "Around town" (10/19/07)) |
| 57. | 10/26/07 | RC2's Initial Disclosures Under FRCP 26(a)(1) served. | Fegan Decl., Ex. 4 |
| 58. | 10/29/07 | MOTION by Defendants Learning Curve Brands, Inc., Learning Curve Brands, Inc. to dismiss *All Claims of Plaintiffs as Set Forth in the Consolidated Complaint*. | *Hesse* Docket |
| 59. | 10/29/07 | "2nd Mediation Session in Barrett case – parties mediate before Jd. Robert Boharic (ret.)" | Def. Resp., at 9. |

9

| | Date | Event Description | Source |
|---|---|---|---|
| 60. | 10/30/07 | Interim Lead Counsel William Riley speaks with Defendants' counsel Jim Petersen, who indicated a willingness to give Plaintiffs' Lead Counsel "the information on the units that were sold (less those returned from distributors and stores)" for purposes of continuing settlement discussions. Mr. Petersen also was emphatic that "RC2 wants to mediate before year end." Mr. Petersen told Mr. Riley that defense counsel was "going to have a conference call this afternoon to go over the mediators that plaintiffs suggested." Mr. Riley suggested that Plaintiffs would provide available dates for the mediators. | Riley Decl., ¶ 9. |
| 61. | 10/30/07 | MDL Plaintiffs issue First Request for Production of Documents to Defendants RC2 Corp., Learning Curve Brands Inc. | Fegan Decl., Ex. 5 |
| 62. | 11/1/07 | MDL Plaintiffs' counsel sends a letter to defense counsel with calendars for November and December setting out the dates and locations of mediator availability. | Riley Decl., ¶ 10, Ex. B (Letter of 11/1/07 from William Riley to James Petersen (cc: Beth Fegan and Fred Fox)); E-mail of 11/1/07 from Erin Amos to Beth Fegan and Fred Fox (cc: William Riley) |
| 63. | 11/2/07 | Interim Lead Counsel William Riley speaks with Defendants' counsel Jim Petersen, who indicated that he expected that they will be get back to the MDL Plaintiffs on Monday "with a mediator and a date" and stated that "Bart [Murphy] is leaning toward the two Chicago mediators [proposed by the MDL plaintiffs] because he has had prior dealings with both of them." | Riley Decl., ¶ 11. |
| 64. | 11/6/07 | REPORT of Rule 26(f) Planning Meeting by Channing Hesse. | *Hesse* Docket |

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 65. | 11/7/07 | *Plaintiffs' Second Amended Consolidated Complaint.* | *Hesse* Docket |
| 66. | 11/7/07 | Status Hearing before Judge Leinenweber. | *Hesse* Docket |
| 67. | 11/7/07 | Meeting between Interim Lead Counsel and Defendants' counsel in courthouse cafeteria.<br><br>Defendants' recitation of this meeting: "Murphy (Defense Counsel) advises Plaintiffs' counsel that Defendants willing to discuss settlement, but that medical monitoring was not necessary and was not acceptable to Defendants as part of settlement. Murphy advises that Defendants not going to bid against themselves and that if Plaintiffs serious about settlement they should make a demand. Plaintiffs' counsel indicate they need information to make demand and Murphy adivses them to send request to him and he will respond to reasonable requests."<br><br>Defendants omit that, when Mr. Murphy stated that "medical monitoring was not necessary and was not acceptable to Defendants as part of settlement," Plaintiffs' counsel responded that they would not release any medical monitoring claims without consideration for the Class, and that they thought he misunderstood the nature of the medical monitoring being requested as it was limited to the costs of diagnostic blood lead testing. | Riley Decl., ¶¶ 12-14; Def. Resp., at 9 |
| 68. | 11/8/07 | Per Defendants' request, MDL Interim Lead Counsel issues informal data request for settlement purposes. | Fegan Decl., Ex. 6 (E-mail of 11/8/07 from Beth Fegan to Bart Murphy) |
| 69. | 11/08/07 | Defendants removed case entitled Wilson, et al. v. RC2 Corp. from the Circuit Court of Lee County, Arkansas to the Eastern District of Arkansas (No. 07-00140) (with Ice Miller attorney Fred Biesecker listed as "of counsel") | *Wilson* Docket |

Comprehensive Chronology

|     | Date | Event Description | Source |
| --- | --- | --- | --- |
| 70. | 11/12/07 | RC2 submits notice of the removed *Wilson* matter as a "tag-along" action pursuant to JPML Rule 7.2. | JPML Docket |
| 71. | 11/13/07 | Clerk mails Case Management Call Notice in *Barrett v. RC2 Corp.* | Orig. Fegan Decl., Ex. 21 (*Barrett* Docket) |
| 72. | 11/13/07 | MDL Interim Lead Counsel requests ETA from defense counsel on RC2's response to informal data request for settlement purposes. | Fegan Decl., Ex. 7 (E-mail of 11/13/07 from Beth Fegan to Bart Murphy) |
| 73. | 11/13/07 | Defense counsel, Bart Murphy, responds to Plaintiffs' inquiry regarding status of data for settlement purposes, stating: "I should be able to respond to most of inquiries by Friday" | Fegan Decl., Ex. 8 (E-mail of 11/13/07 from Bart Murphy to Beth Fegan) |
| 74. | 11/13/07 | Defense counsel files with JPML a Notice of Substitution of Counsel, replacing Bart Murphy with James Petersen. | JPML Docket |
| 75. | 11/15/07 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel held. | Fegan Decl., ¶ 2. |
| 76. | 11/15/07 | First Set of Requests to Admit Served to Defendants Pursuant to Fed. R. Civ. P. 36 | Fegan Decl., Ex. 12 |
| 77. | 11/17/07 | Defense counsel, Bart Murphy, sends an email to MDL Interim Lead Counsel, Beth Fegan, in response to Plaintiffs' request for data for settlement purposes and states: "Beth - this got sidetracked and I will try to get you the info early next week" | Fegan Decl., Ex. 10 (Email from Bart Murphy dated 11/17/07). *See also* Fegan Decl., Ex. 11 (Email dated 11/17/07 from Beth Fegan to Bart Murphy) |

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 78. | 11/20/07 | Defendants' First Set of Requests for Production to All Plaintiffs served. | Fegan Decl., Ex. 12 |
| 79. | 11/21/07 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel held. | Fegan Decl., ¶ 2. |
| 80. | 11/21/07 | RC2 provides response to MDL Plaintiffs' informal data request for settlement purposes | Fegan Decl., Ex. 27 (E-mail of 11/21/07 from Bart Murphy to Beth Fegan) (Redacted) |
| 81. | 11/21/07 | RC2 provides follow-up to response to informal data request, clarifying the estimated retail range of prices. | Fegan Decl., Ex. 28 (E-mail of 11/21/07 from Bart Murphy to Beth Fegan) (Redacted) |
| 82. | 11/29/07 | MDL hearing session takes place. Defendants' counsel appears and argues that the Northern District of Illinois is appropriate forum for litigation | JPML Docket |
| 83. | 11/30/07 | "3rd Mediation Session – Settlement Agreement (in principle) reached in *Barrett* case after all day mediation session before Judge Boharic (ret.)" | Def. Resp., at 10 |
| 84. | 12/6/07 | 30(b)(6) Notice of Depositions issued in MDL action re (RC2 Corp. and Learning Curve Brands). | Fegan Decl., Ex. 13 |
| 85. | 12/7/07 | Defense counsel Judy Okenfuss left Beth Fegan a voicemail message to discuss "discovery issues relating to the Thomas cases and also specifically to discuss …the notice of depositions." | Fegan Decl., ¶ 2 |

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 86. | On or about 12/10/07 | Judy Okenfuss and Beth Fegan confer regarding Defendants' request for additional time to prepare 30(b)(6) deposition witnesses | Fegan Decl., ¶ 2 |
| 87. | 12/10/07 | MDL Interim Co-Lead Counsel send an expanded explanatory demand to RC2, per defense counsel's request, based on data provided to Plaintiffs by Defense Counsel. | Fegan Decl., Ex. 14 (Letter of 12/10/07 from Beth Fegan to Bart Murphy, James Petersen and Judy Okenfuss |
| 88. | 12/12/07 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Harry D. Leinenweber for all further proceedings from Judge Dow. | *Hesse* Docket |
| 89. | 12/12/07 | Audet & Partners reserves the domain name THOMAS TRAINSETTLEMENT.COM. | WHOIS Search Results |
| 90. | 12/13/07 | RESPONSE by MDL Plaintiffs in Opposition to MOTION by Defendants Learning Curve Brands, Inc., Learning Curve Brands, Inc. to dismiss *All Claims of Plaintiffs as Set Forth in the Consolidated Complaint*. | *Hesse* Docket |
| 91. | 12/13/07 | Letter from Judy Okenfuss to Beth Fegan regarding general postponement of 30(b)(6) depositions until January 2008 | Fegan Decl., Ex. 24 |
| 92. | 12/13/07 | E-mail from Beth Fegan to Judy Okenfuss stating: "We did discuss postponement of the 30b6 depositions until January; however, I advised you we would only agree to the postponement as long as we agreed on dates certain. We did not agree to "mid-January" as you state. Rather, you advised that you would send me a letter with dates certain this week. Thus, the reference in your letter to a general postponement until mid-January does not comport with our agreement." | Fegan Decl., Ex. 25 |

Comprehensive Chronology

|     | Date     | Event Description | Source |
| --- | -------- | ----------------- | ------ |
| 93. | 12/14/07 | Letter from Judy Okenfuss to Beth Fegan regarding providing dates for 30(b)(6) depositions "as soon as practicable" | Fegan Decl., Ex. 26 |
| 94. | 12/14/07 | Defendants' Objections and Responses to Plaintiffs' First Request for Production of Documents. | Fegan Decl., Ex. 15 |
| 95. | 12/14/07 | RC2 produces to MDL counsel RC2-11-000-0000001 to RC2-11-000-00001113 consisting of SEC filings. | Fegan Decl., ¶ 3. |
| 96. | 12/19/07 | JPML transfers all federal actions to Judge Leinenweber in N.D. Ill. | JPML Transfer Order |
| 97. | 12/19/07 | TRANSFER ORDER (certified) from the MDL Panel designating case 07cv3514 as part of MDL 1893. | *Hesse* Docket |
| 98. | 12/20/07 | Named Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Production to All Plaintiffs issued in MDL action. | Fegan Decl., Ex. 16 |
| 99. | 12/20/07 | Defendants' Response to Plaintiffs' First Set of Requests to Admit to Defendants Pursuant to Fed R. Civ. P. 36 issued in MDL action. | Fegan Decl., Ex. 17 |
| 100. | 12/21/07 | Defendants produce documents RC2-01-000-0004025 to 4033 and RC2-01-003-0000377 to 386 and RC2-01-005-0000003 to 20 re First Set of Requests to Admit to Defendants. | Fegan Decl., ¶ 3 |
| 101. | 12/27/07 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel held. | Fegan Decl., ¶ 2 |
| 102. | 1/5/08 | MOTION by Defendants RC2 Corp., Learning Curve Brands, Inc., Learning Curve Brands, Inc. for a Protective Order. | *Hesse* Docket |

Comprehensive Chronology

| | Date | Event Description | Source |
|---|---|---|---|
| 103. | 1/10/08 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel held. | Fegan Decl., ¶ 2 |
| 104. | 1/14/08 | REPLY by Defendants RC2 Corp., Learning Curve Brands, Inc., Learning Curve Brands, Inc. in support of Motion to Dismiss. | *Hesse* Docket |
| 105. | 1/15/08 | AGREED PROTECTIVE Order. Signed by Judge Harry D. Leinenweber on 1/15/2008. | *Hesse* Docket |
| 106. | 1/18/08 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel held. | Fegan Decl., ¶ 2 |
| 107. | Sometime during the week of 1/22/08 | RC2 wires money to USA Today and Parade for notice publication of settlement according to Murphy in-court statement. | Transcript of 1/29/08 at 21 |
| 108. | 1/22/08 at 2:00 p.m. | *Barrett* parties appear in court before Judge Maki, who enters preliminary approval of settlement. | Handwritten Order in *Barrett* of 1/22/08 |
| 109. | 1/22/08 at 3:17 p.m. | Plaintiff's Memorandum in Support of Preliminary Approval of Class Action Settlement filed in *Barrett v. RC2*. | Plaintiff's Memorandum in Support of Preliminary Approval of Class Action Settlement |

16

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 110. | 1/22/08 | KamberEdelson issues press release announcing *Barrett v. RC2* settlement. | Press Release, KamberEdelson, "KamberEdelson Announces Court Approval of Thomas & Friends Toy Recall Settlement" |
| 111. | 1/22/08 | RC2 issues press release re *Barrett* settlement, expecting "to record in the 2007 financial result, a charge in the range of $3.5 million to $4.5 million, net of tax, to cover estimated additional replacement costs or refunds, donations, notice charges, claims administration and legal fees related to this settlement." Stoelting notes that the "preliminary agreement acknowledges and builds upon the many steps that we've taken to replace recalled products and improve product safety, including instituting our Multi-Check Safety System, which provides additional comfort for parents, has now been extended to all of RC2's product lines." | Press Release, RC2 Corp., "RC2 Reaches Proposed Settlement of Nationwide Class Action Arising From Recall of Certain Thomas & Friends Wooden Railway Products" |
| 112. | 1/23/08 | Judge Maki enters typed Preliminary Approval Order. | Preliminary Approval Order in *Barrett* of 1/23/08 |
| 113. | 1/23/08 | HBSS issues press release re: *Barrett* settlement. | HBSS Press Release (1/23/08)[4] |

---

[4] The last four entries in Defendants' Settlement Chronology refer to Mr. Murphy's purported discovery of errors in the Settlement Agreement and his attempts to cure them. *See* Def. Resp. at 15-16. However, each of the four entries reflects an occurrence time of January 28, 2008 or after. However, both Barrett's counsel and Defendants were already on notice of the issues raised by MDL Plaintiffs through HBSS' press release dated January 23, 2008, and in fact had filed a motion for rule to show cause on January 25 against HBSS for their published objections to the settlement. Thus, the errors and suggested cures that Mr. Murphy supposedly discovered five days after learning of HBSS' (and the Interim Lead Counsel's) issues with the alleged settlement were hardly made in a vacuum and thus are omitted here.

17

Comprehensive Chronology

|     | Date | Event Description | Source |
| --- | --- | --- | --- |
| 114. | 1/24/08 | Meet and confer regarding discovery issuesbetween Plaintiffs' counsel and Defendants' counsel on discovery issues held. | Fegan Decl., ¶ 2 |
| 115. | 1/24/08 | Ice Miller enters appearance in *Barrett v. RC2 Corp.* | Orig. Fegan Decl., Ex. 21 (*Barrett* Docket) |
| 116. | 1/25/08 | Meet and confer regarding discovery issues between Plaintiffs' counsel and Defendants' counsel regarding discovery issues held. For first time, defense counsel states that they are going to move to stay the MDL proceedings. | Fegan Decl., ¶ 2 |
| 117. | 1/25/08[5] | *Barrett* counsel (with RC2 counsel attending) present Emergency Motion for Rule to Show Cause against Hagens Berman Sobol Shapiro LLP before Judge Maki without notice to Federal Plaintiffs | Handwritten Order of 1/25/08 entered by Judge Maki |
| 118. | 1/25/08 | RC2 moves in N.D. Ill. to stay all MDL cases in light of *Barrett* settlement. | Defendants' Motion to Stay Proceedings |
| 119. | 1/25/08 | RC2 files opposition to motion to remand in *April Wilson v. RC2 Corp.* before Judge Leinenweber. | Defendants' Response to Motion to Remand Removed Action |

---

[5] Except for one entry, all entries from January 25, 2008 to the present relate solely to the issues currently being presented before this Court and Judge Maki and thus are not designated with color.

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 120. | 1/28/08 | Bart Murphy releases proofs for notice publication of settlement according to Murphy in-court statement. | Fegan Decl., Ex. 30 (*Barrett* Transcript of 1/29/08 at 21) |
| 121. | 1/28/08 | Plaintiffs' Emergency Motion for Preliminary Injunction Pursuant to the All Writs Act filed in MDL action. | *Hesse* Docket |
| 122. | 1/28/08 | Federal Plaintiffs' Emergency Application for Leave to Intervene as Plaintiffs, Individually and on Behalf of All Others Similarly Situated and to Stay Notice filed in *Barrett* action. | Federal Plaintiffs' Emergency Application for Leave to Intervene as Plaintiffs, Individually and on Behalf of All Others Similarly Situated and to Stay Notice |
| 123. | 1/28/08 | Defendants and State Class Counsel file Agreed Motion to Amend Settlement Agreement, Claim Form and Notice to Class Members in *Barrett* action | Agreed Motion to Amend Settlement Agreement, Claim Form and Notice to Class Members |
| 124. | 1/29/08 | Opposition to Emergency Motion for Rule to Show Cause filed in *Barrett* action. | Hagens Berman Sobol Shapiro LLP's Opposition to Emergency Motion for Rule to Show Cause |
| 125. | 1/29/08 | Hearing before Judge Maki in Circuit Court of Cook County on Emergency Motion for a Rule to Show Cause. ORDER by Judge Maki denying the Parties' Motion for Rule to Show Cause and for a TRO, staying class notice pending further court order, denying the Parties' Motion to Amend the Settlement Agreement, and setting another hearing date for MDL Plaintiffs' Motion to Intervene. | Orig. Fegan Decl., Ex. 26 (Handwritten Order of 1/29/08 entered by Judge Maki); Fegan Decl., Ex. 30 (Transcript of Proceedings (1/29/08)) |

Comprehensive Chronology

|  | Date | Event Description | Source |
|---|---|---|---|
| 126. | 1/29/08 | Plaintiffs' Motion for Entry of Case Management Order No. 2 to Protect the Integrity of the MDL Proceedings filed in MDL action. | *MDL* Docket |
| 127. | 1/30/08 | Real-Party-In-Interest, State Plaintiffs' Response to "Emergency" Motion for Preliminary Injunction Pursuant to All Writs Act filed by *Barrett* counsel in MDL action. | *MDL* Docket |
| 128. | 1/31/08 | ORDER by Circuit Court of Cook County setting a briefing schedule for MDL Plaintiffs' Motion to Intervene and staying notice "pending further order of court." (Parties' response is due by 2/11, Plaintiffs' reply is due by 2/19 and a hearing is on 2/25 at 2 p.m.) | Handwritten Order of 1/31/08 entered by Judge Maki |
| 129. | 1/31/08 | Hearing before Judge Leinenweber on Plaintiffs' Emergency Motion for an Preliminary Injunction Pursuant to the All Writs Act, at which Court set a briefing schedule for the Emergency Motion (Defendants response is due by 2/8, Plaintiffs' reply is due by 2/13, and expected ruling date on 2/20 at 9 a.m.). | *MDL* Docket |