# Exhibit 2

## Beth Fegan

| | |
|---|---|
| **From:** | Okenfuss, Judy [Judy.Okenfuss@icemiller.com] |
| **Sent:** | Wednesday, October 17, 2007 12:32 PM |
| **To:** | William N. Riley Esquire; Fred Fox; Laurence King; Beth Fegan; Ivy Arai; Christine Fox; Jaime Kendall; Joe Williams |
| **Cc:** | Murphy, Bart; Miroff, Drew J.; Petersen, James |
| **Subject:** | RC2: Report on Planning Meeting |
| **Attachments:** | RC2 - Report on Parties Planning Meeting.pdf |

Counsel:

As follow-up to our meeting last Friday, we are forwarding to you our response to your proposed report to the court. You will note that we have attempted to work within your proposed schedule; however, in many places we simply felt that the proposed time was too short. With regards to the class certification response time, we have changed that to the 75 days which was discussed during our meeting. We have also included some of the other issues discussed during our meeting. Finally, you will note that we have included a statement regarding the effect of the MDL.

We are still in the process of reviewing the proposed protocol with regards to production of electronic documents and would expect to have something to you within a few days. Please let me know if you would like to discuss, by phone, the report of case management meeting.

Judy

Judy S. Okenfuss
Ice Miller LLP
Suite 3100
Indianapolis, IN
(317) 236-2115 (W)
(317) 592-4721 (Fax)

www.icemiller.com

**************************************************************************

CIRCULAR 230 DISCLOSURE: Except to the extent that this advice concerns the qualification of any qualified plan, to ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.
ICE MILLER LLP
**************************************************************************

2/12/2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

IN RE THOMAS AND FRIENDS™
WOODEN RAILWAY TOYS LITIGATION

This Document Relates To:

*Hesse v. Learning Curve Brands, Inc., et al.*, No.
07 C 3514;

*Deke v. RC2 Corp. et al.*, No. 07 CV 3609;

*Walton v. RC2 Corp. et al.*, No. 07 CV 3614;

*O'Leary v. Learning Curve Brands, Inc.*, No. 07
C 3682;

*Djurisic v. Apax Partners, Inc., et al.*,  No. 07 C
3707;

*Reddell v. Learning Curve Brands, Inc., et al.*,
No. 07 C 3747;

*Rhode v. Learning Curve Brands, Inc., et al.*, No.
07 C 4187;

*Kreiner v. RC2 Corp., et al.*, No. 07 C4547;

*Wilson v. RC2 Corp., et al.*, No. 07 CV 4642

No. 07 C 3514

Judge Leinenweber

**Report of Parties Planning
Meeting**

**Report of Parties Planning Meeting**

1)    **Rule 26(f) Meeting**

Pursuant to Federal Rule Civil Procedure 26(f), a meeting was held on October 12th,
2007 at the offices of Price Waicukauski & Riley in Indianapolis, Indiana and was
attended in person by:

        Will Riley, Joe Williams, and Jaime Kendall from Price Waicukauski & Riley as
        interim lead counsel for the putative class; and,

        Jim Petersen, Judy Okenfuss, and Drew Miroff as counsel for the defendants.

Also, the following counsel participated by telephone:

Beth Fegan of Hagens Berman Sobol Shapiro, interim lead counsel for the putative class; and,

Chris Fox and Larry King of Kaplan Fox & Kilsheimer, interim lead counsel for the putative class.

2) **Parties Involved**

Plaintiffs: **[Need to be added by Plaintiffs.]**

Defendants: RC2 Corporation and Learning Curve Brands, Inc.

3) **Proposed Class Certification Schedule**

a) Plaintiffs' Motion for Class Certification will be filed on or before April 11, 2008;

b) Plaintiffs shall disclose the name, address, and vita of all expert witnesses whose testimony, affidavit, or report will be used in support of class certification and shall serve the report required by Federal Rule Civil Procedure 26(a)(2)(B) on or before April 11, 2008.

c) Plaintiffs shall make all expert witnesses disclosed in 3(b) available for depositions prior to May 18, 2008.

d) Defendants' Response to the Motion for Class Certification will be filed on or before June 25, 2008.

e) Defendants shall disclose the name, address, and vita of all expert witnesses whose testimony, affidavit, or report will be used in opposition to class certification and shall serve the report required by Federal Rule Civil Procedure 26(a)(2)(B) on or before June 25, 2008.

f) Defendants shall make all expert witnesses disclosed in 3(e) available for depositions prior to July 25, 2008.

g) Plaintiffs' Reply to Defendants' Response to Motion for Class Certification will be filed on or before August 15, 2008.

h) The Court shall schedule a hearing on Plaintiffs' Motion for Class Certification at its convenience at any time on or after September 1, 2008.

4)    **Discovery Subjects Discussed**

    a)   Defendants requested that discovery be completed in phases, with discovery required for class certification completed initially.  Plaintiffs believe discovery will be limited and proposed that discovery for class certification and liability be completed simultaneously.  The parties did not reach an agreement on this point.

    b)   Plaintiffs will provide a copy of the requests for production to Defendants which they intend to formally serve on October 29, 2007.  This preview is intended to provide Defendants with information as to the subjects on which Plaintiffs believe discovery may be needed.  The parties agree that this preview will not trigger any response deadlines and will not be used against any subsequent request by Defendants for additional time to respond to said discovery if such time ultimately becomes necessary.  Defendants have indicated that as part of the discovery for class certification they may need to depose, at a minimum, the named plaintiffs.

    c)   The parties have agreed to abide by the Federal Rules of Civil Procedure 30(d)(2) as to the duration of depositions with the understanding that if additional time is required the parties will attempt to reach an informal agreement.

    d)   The parties have asked for an MDL, which would include this case and, further, have asked the JPML to assign the MDL to this Court.  Defendants believe that the MDL may require a modification to the dates agreed upon in this plan.

5)    **Proposed Schedule for Pretrial Pleadings and Discovery Plan**

    a)   Plaintiffs shall file preliminary witness and exhibit lists on or before August 4, 2008.

    b)   [Defendants propose the following additional statement:  Discovery relating to issues other than class certification will begin at the completion of the class certification discovery, which is on or after August 4, 2008]

    c)   Defendants shall file preliminary witness and exhibit lists on or before September 4, 2008.

    d)   Non-expert witness discovery and fact discovery relating to liability issues shall be completed by January 4, 2009.

e) Plaintiffs shall disclose the name, address, and vita of expert witnesses and shall serve the report required by Federal Rule Civil Procedure 26(a)(2)(B) on or before January 19, 2009.

f) Plaintiffs shall make their experts available for depositions on or before February 19, 2009.

g) Defendants shall disclose the name, address, and vita of all expert witnesses and shall serve the report required by Federal Rule Civil Procedure 26(a)(2)(B) on or before March 20, 2009.

h) Defendants shall make their experts available for depositions on or before April 20, 2009.

i) Plaintiffs shall disclose the name, address, and vita of all rebuttal expert witnesses and shall serve the report required by Federal Rule Civil Procedure 26(a)(2)(B) on or before May 4, 2009.

j) Plaintiffs shall make their rebuttal experts available for depositions on or before June 4, 2009.

k) Expert witness discovery and discovery relating to damages shall be completed by August 19, 2009.

l) Dispositive motions are expected and shall be filed no later than October 19, 2009.

m) Trial Ready Date:  December 19, 2009.

6)    **Preservation and Disclosure of Electronically Stored Discovery Information**

a) The Parties have discussed preservation and disclosure of electronically stored information.

b) Protocols which have been agreed upon are attached as Exhibit A to this report.

7)    **Possibilities of Prompt Settlement or Resolution**

a) The parties discussed the possibilities of a prompt settlement or resolution and were unable to reach any agreement.

8)    **Referral to Magistrate**

a) The parties do not agree to refer this matter to the Magistrate.


Respectfully Submitted,


Dated:  October 25, 2007

By:_____
One of the Lead Counsel for the Putative Class

William N. Riley
Jaime Ranah Kendall
Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN  46204

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO, LLP
820 North Boulevard, Suite, B
Oak Park, IL  60302

Laurence D. King
KAPLAN FOX & KILSHEIMER, LLP
555 Montgomery Street, Suite 1501
San Francisco, CA  94111

Frederic S. Fox
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 22nd Floor
New York, NY  10022



By:_____
Counsel for the Defendants

Judy S. Okenfuss
James L. Petersen
ICE MILLER, LLP
One American Square, Suite 3100
Indianapolis, IN  46282

Bart T. Murphy
ICE MILLER LLP
2300 Cabot Drive, Suite 455

Lisle, IL 60532


I/2025376.1