# **Exhibit 9**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE THOMAS TRAINS PAINT
LITIGATION

DOCUMENT RELATES TO:

*Hesse v. Learning Curve Brands Inc., et al.*, No.
07 C 3514

*Deke v. RC2 Corp. et al*, No. 07 CV 3609

*Walton v. RC2 Corp. et al*, No. 07 CV 3614

*O'Leary v. Learning Curve Brands, Inc.*, No. 07
C 3682

*Djurisic v. Apax Partners, Inc. et al*, No. 07 C
3707;

*Reddell v. Learning Curve Brands, Inc. et al.*,
No. 07 C 3747;

*Rhode v. Learning Curve Brands, Inc. et al*, No.
07 C 4187;

*Kreiner v. RC2 Corp. et al.*, No. 07 C 4547;

*Wilson v. RC2 Corp. et al*, No. 07 CV 4642

Lead Case No. 07 C 3514

JUDGE LEINENWEBER
MAG. JUDGE NOLAN

### FIRST SET OF REQUESTS TO ADMIT TO DEFENDANTS
### PURSUANT TO FED. R. CIV. P. 36

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs request that

Defendants make the following admissions of the truth of the matters set forth in each request

within thirty (30) days from the date of service of these requests to admit.

### I.    INSTRUCTIONS

1.    All information is to be divulged which is in the possession of Defendants, their

attorneys, investigators, agents, employees, or other representatives.

2.      If the Defendant is unable to provide a complete admission or denial, then state why a complete admission or denial cannot be provided, what information or documents would be required to provide a complete admission or denial, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

4.      If the attorney-client privilege, "work-product" limited immunity, or any other privilege is claimed as to any information, communication or document, state the date of such document or communication; identify the person who authorized, prepared, or participated in preparing such document or communication and identify the person to whom it was directed, sent, or circulated, identify the person now in possession of such document or who knows the content of such communication, and state the general subject matter of the document or communication, and the basis for the claim of privilege as to each said document or communication.

## II.    DEFINITIONS

1.      Plaintiffs incorporate the Definitions from Plaintiffs' First Request for Production of Documents To Defendants RC2 Corporation, Learning Curve Brands, Inc. f/k/a RC2 Brands, Inc. as though fully set forth herein.

## III.    RELEVANT TIME PERIOD

Unless otherwise stated in a request, the relevant time period is January 1, 2001 to the present.

## IV.    REQUESTS TO ADMIT

A.    Basics

1.      Admit that you distributed the Recalled Toys.

2.      Admit that you sold the Recalled Toys.

3.    Admit that you placed the Recalled Toys on the market.

4.    Admit that the Plaintiffs were among the intended purchasers of the Recalled Toys.

5.    Admit that parents were among the intended purchasers of the Recalled Toys.

6.    Admit that the Plaintiffs' children were among the intended users of the Recalled Toys.

7.    Admit that children are among the intended users of the Recalled Toys.

**B.    Marketing**

8.    Admit that you market Thomas & Friends toys.

9.    Admit that one of your websites is located at www.learningcurve.com.

10.    Admit that, on the website www.learningcurve.com, you assured parents that you wanted to help parents keep their children healthy, happy and safe.

11.    Admit that the following representation appeared on the website www.learningcurve.com: "We understand that what matters most to parents is keeping their children healthy, happy and safe.  What matters most to us is helping parents do just that by offering products for every stage of your child's development...."

12.    Admit that the following representation appeared on the website www.learningcurve.com: "Learning Curve offers developmental toys that engage children, and provide parents with peace of mind, knowing their children are being inspired and enlightened by safe and quality playthings."

**C.    Lead Paint**

13.    Admit that lead is invisible to the naked eye.

14.    Admit that lead has no smell.

15.     Admit that the CPSC banned paint containing in excess of 0.06% lead by weight intended for consumer use.

16.     Admit that the CPSC banned toys and other articles intended for use by children that use paint with a lead content in excess of 0.06%.

17.     Admit that the CPSC banned toys and other articles intended for use by children that use paint with a lead content in excess of 0.06%.because they present a risk of lead poisoning to children.

18.     Admit that lead paint can be poisonous to children if ingested.

19.     Admit that the U.S. Center for Disease Control has set a blood lead "level of concern" of 10 micrograms per deciliter of blood.

20.     Admit that, according to the National Safety Council, it only takes the lead dust equivalent of a single grain of salt for a child to register an elevated blood lead level.

21.     Admit that it only takes the lead dust equivalent of a single grain of salt for a child to register an elevated blood lead level.

22.     Admit that a universally recognized method for testing lead levels in humans is a blood test.

23.     Admit that blood lead test results can be compared to the published standard of 10 ug/dl, established by the CDC.

**D.     The Recalled Toys**

24.     Admit that you distributed Thomas & Friends Toys that were painted with red surface paint containing lead.

25.     Admit that you sold Thomas & Friends Toys that were painted with red surface paint containing lead.

26.    Admit that you distributed Thomas & Friends Toys that were painted with yellow surface paint containing lead.

27.    Admit that you sold Thomas & Friends Toys that were painted with yellow surface paint containing lead.

28.    Admit that you distributed Knights of Sword toys that were painted with surface paint containing lead.

29.    Admit that you sold Knights of Sword toys that were painted with surface paint containing lead.

30.    Admit that, on June 14, 2007, the CPSC announced a voluntary recall of the following Thomas & Friends Toys: Red James Engine & Red James' #5 Coal Tender, Red Lights & Sounds James Engine & Red James' #5 Lights & Sounds Coal Tender, James with Team Colors Engine & James with Team Colors #5 Coal Tender, Red Skarloey Engine, Brown & Yellow Old Slow Coach, Red Hook & Ladder Truck & Red Water Tanker Truck, Red Musical Caboose, Red Sodor Line Caboose, Red Coal Car labeled "2006 Day Out With Thomas" on the Side, Red Baggage Car, Red Holiday Caboose, Red "Sodor Mail" Car, Red Fire Brigade Truck, Red Fire Brigade Train, Deluxe Sodor Fire Station, Red Coal Car, Yellow Box Car, Red Stop Sign, Yellow Railroad Crossing Sign, Yellow "Sodor Cargo Company" Cargo Piece, Smelting Yard, and the Ice Cream Factory (collectively, "First Thomas Recall Toys").

31.    Admit that a true and correct copy of one of Defendants' "Replacement Request" forms is attached as Exhibit A.

32.    Admit that the First Thomas Recall Toys were sold throughout the United States from January 2005 through June 2007.

33.    Admit that the First Thomas Recall Toys sold in retail stores for between $10.00 and $70.00.

34.    Admit that you distributed at least 1.5 million units of the First Thomas Recall Toys prior to the recall.

35.    Admit that, on September 26, 2007, the CPSC announced a voluntary recall of Knights of Sword toys.

36.    Admit that you distributed at least 800 units of the Knights of Sword toys that were subject to a recall.

37.    Admit that, on September 26, 2007, the CPSC announced a voluntary recall of the following Thomas & Friends Toys: All Black Cargo Car included in the Brendam Fishing Dock Set; "Toad" vehicle with brake lever; Olive Green Sodor Cargo Box included in the Deluxe Cranky the Crane; All Green Maple Tree Top included in the Conductor's Figure 8 Set; and Green Signal Base included in the Conductor's Figure 8 Set (collectively, "Second Thomas Recall Toys").

38.    Admit that you distributed at least 200,000 units of the Second Thomas Recall Toys prior to the recall.

39.    Admit that the Second Thomas Recall Toys were sold throughout the United States from March 2003 through September 2007.

40.    Admit that the Second Thomas Recall Toys sold in retail stores for between $10.00 and $40.00.

41.    Admit that you distributed the "Toad" vehicle with brake lever that was subject to the September 26, 2007 voluntary recall to some owners of Recalled Toys that had returned Recalled Toys to you.

42.    Admit that you distributed replacement toys that were not in their original packaging to owners of Recalled Toys that had returned Recalled Toys to you.

43.    Admit that you distributed replacement toys without including the original packaging to owners of Recalled Toys that had returned Recalled Toys to you.

44.    Admit that you distributed replacement toys with chipped paint to owners of Recalled Toys that had returned Recalled Toys to you.

45.    Admit that you distributed replacement toys that had been repainted to owners of Recalled Toys that had returned Recalled Toys to you.

**E.    Illinois Headquarters**

46.    Admit that your headquarters are in Illinois.

47.    Admit that You conduct the following business from or in your Illinois headquarters:  all or part of the negotiation of your licenses for the Thomas & Friends name.

48.    Admit that You conduct the following business from or in your Illinois headquarters:  all or part of the sale of your Thomas & Friends Toys to retail stores and other distributors.

49.    Admit that You conduct the following business from or in your Illinois headquarters: all or part of the marketing of your Thomas & Friends Toys.

50.    Admit that You conduct the following business from or in your Illinois headquarters: all or part of the advertising of your Thomas & Friends Toys.

51.    Admit that You conduct the following business from or in your Illinois headquarters:  the oversight of some or all of your relationships with suppliers in China.

52.    Admit that You conduct the following business from or in your Illinois headquarters:  all or part of your communications with the CPSC.

53.     Admit that you conduct the following business from or in your Illinois headquarters: the development of your strategy surrounding the recall.

**F.     Prior Recall**

54.     Admit that, in 2003, RC2 acquired Learning Curve International, Inc, and certain of its affiliates.

55.     Admit that, in April 2003, Defendants and the CPSC announced a recall of two Lamaze-brand products due to their lead content.

56.     Admit that the 2003 recall included approximately 3,800 children's activity toys because the point on the metal wires of these toys contained excessive levels of lead.

**G.     Injury and Damages**

57.     Admit that You anticipated that one or more children would put the Thomas & Friends Toys in their mouths.

58.     Admit that a child who placed a Thomas & Friends toy painted with lead paint in their mouth was exposed to lead paint.

59.     Admit that you have refused to provide a refund to Plaintiffs for the cost of the First Thomas Recall Toys.

60.     Admit that you have refused to provide a refund to any owner for the cost of the First Thomas Recall Toys.

61.     Admit that you have refused to provide a refund to Plaintiffs for the cost of the Second Thomas Recall Toys.

62.     Admit that you have refused to provide a refund to any owner for the cost of the Second Thomas Recall Toys.

63.     Admit that you have refused to pay for the costs of lead testing for any person that owns a Recalled Toy.

64.    Admit that you have refused to pay for the costs of lead testing for any child that has played with a Recalled Toy.

Dated: November 15, 2007

By:  /s/ Elizabeth A. Fegan

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd, Suit B
Oak Park, Illinois 60301
(708) 776-5600
(708) 776-5601 (fax)

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY  10022

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
Suite 1501
San Francisco, CA  94111

William N. Riley
Jamie Kendall
Joseph Williams
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Ave
Indianapolis, Indiana 46204
*Co-Lead Counsel for the Class*

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau
WEXLER TORISEVA WALLACE LLP
1 North LaSalle Street
Suite 2000
Chicago, IL 60602

Robert James Pavich
John J. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, IL 60603

Kevin Barry Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue
Suite 305
Chicago, IL 60601

Thomas A. Zimmerman, Jr.
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street
Suite 1300
Chicago, IL 60603

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 W. Main St.
Russellville, AR 72811

Robert M. Foote, Esq.
Mark A. Bulgarelli, Esq.
Craig S. Mielke, Esq.
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 North First Street, Suite 2
Geneva, IL  60134
rmf@foote-meyers.com
mbulgarelli@foote-meyers.com
csm@foote-meyers.com

Kathleen Currie Chavez, Esq.
CHAVEZ LAW FIRM P.C.

28 North First Street, #2
Geneva, IL 60134
gkeg4@aol.com

Nicholas B. Roth, Esq.
EYSTER KEY TUBB ROTH MIDDLETON &
ADAMS LLP
402 East Moulton Street, S.E.
Decatur, AL 35602
nbroth@eysterkey.com

Joe R. Whatley, Esq.
Joseph P. Guglielmo, Esq.
Edith Kallas, Esq.
Mitchell M. Breit, Esq.
WHATLEY DRAKE & KALLAS
1540 Broadway, 37th Floor
New York, New York 10036
jwhatley@wdklaw.com
jguglielmo@wdklaw.com
ekallas@whatleydrake.com
mbreit@whatleydrake.com

*Additional Counsel for the Plaintiffs*

**EXHIBIT A**

.

## Replacement Request Form - Wooden Vehicle & Train Set Components Recall (U.S.)

The following is a list of recalled items from the Thomas & Friends Wooden Railway. If you own one of these items, please return it to us for replacement and a free gift. Please mail the item and this form to the following address:

RC2 Corporation
Attn: Wooden Vehicle Recall
2021 9th St. SE
Dyersville, IA 52040

If you reside outside of the United States or Canada, please call 866-725-4407 or email recalls@rc2corp.com for further instructions. DO NOT use this form.

Please allow 6-8 weeks for replacement processing.

**NOTE: Please do not return entire set. Return only the specific part listed.**

| Date: | | | | | |
|---|---|---|---|---|---|
| Parent or Adult Name Only: | | | Street Address: | | |
| Phone: | | | City/State/Zip: | | |
| E-mail: | | | | | |

| Qty | Item Name and Image | Qty | Item Name and Image | Qty | Item Name and Image |
|---|---|---|---|---|---|
| | Red James Engine | | Red Musical Caboose | | Red "Sodor Mail" Car |
| | Red James # 5 Coal Tender | | Red Sodor Line Caboose | | Red Coal Car |
| | Red Lights & Sounds James Engine | | Red Holiday Caboose | | Red "2006 Day Out With Thomas" Coal Car |
| | Red # 5 Lights & Sounds Coal Tender | | Red Fire Brigade Train | | Yellow & Green Box Car |
| | James Engine w/Team Colors | | Red Fire Brigade Truck | | Yellow "Sodor Cargo Co." Cargo Piece |
| | James # 5 Coal Tender w/Team Colors | | Red Hook & Ladder Truck | | Red Stop Sign |
| | Red Skarloey Engine | | Red Water Tanker Truck | | Yellow Railroad Crossing Sign |
| | Brown & Yellow Old Slow Coach | | Red Baggage Car | | |
| | Deluxe Sodor Fire Station | | Sodor Smelting Yard | | Sodor Ice Cream Factory |

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, certify that on November 15, 2007, I caused to be served on the following counsel Plaintiffs' FIRST SET OF REQUESTS TO ADMIT TO DEFENDANTS PURSUANT TO FED. R. CIV. P. 36 via electronic mail.

**Interim Lead Counsel For Plaintiffs**

Elizabeth A. Fegan, Esq.
Timothy P. Mahoney, Esq.
Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60301
beth@hbsslaw.com
timm@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman, Esq.
Ivy D. Arai, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
ivy@hbsslaw.com

Laurence D. King, Esq.
Linda M. Fong, Esq.
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
LKing@kaplanfox.com
lfong@kaplanfox.com

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue
New York, NY 10022
ffox@kaplanfox.com
dhall@kaplanfox.com

William Riley, Esq.
Joseph N. Williams, Esq.
Jamie Kendall, Esq.
Joe Williams, Esq.
PRICE WAICUKAUSKI & RILEY, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
wriley@price-law.com
jwilliams@price-law.com
jkendall@price-law.com

**Additional Plaintiffs' Counsel**

Robert M. Foote, Esq.
Mark A. Bulgarelli, Esq.
Craig S. Mielke, Esq.
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 North First Street, Suite 2
Geneva, IL  60134
rmf@foote-meyers.com
mbulgarelli@foote-meyers.com
csm@foote-meyers.com

Kathleen Currie Chavez, Esq.
CHAVEZ LAW FIRM P.C.
28 North First Street, #2
Geneva, IL  60134
gkeg4@aol.com

Nicholas B. Roth, Esq.
EYSTER KEY TUBB ROTH MIDDLETON & ADAMS LLP
402 East Moulton Street, S.E.
Decatur, AL  35602
nbroth@eysterkey.com

Joe R. Whatley, Esq.
Joseph P. Guglielmo, Esq.
Edith Kallas, Esq.
Mitchell M. Breit, Esq.
WHATLEY DRAKE & KALLAS
1540 Broadway, 37th Floor
New York, New York  10036
jwhatley@wdklaw.com
jguglielmo@wdklaw.com
ekallas@whatleydrake.com
mbreit@whatleydrake.com

Kenneth A. Wexler, Esq.
Edward A. Wallace, Esq.
Andrae P. Reneau, Esq.
WEXLER TORISEVA WALLACE LLP
1 North LaSalle Street, Suite 2000
Chicago, IL  60602
kaw@wtwlaw.us
eaw@wtwlaw.us
apr@wtwlaw.us

Mark J. Tamblyn, Esq.
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Suite 290
Sacramento, CA  95815
mjt@wtwlaw.us

Alex G. Streett, Esq.
James A. Streett, Esq.
STREETT LAW FIRM, P.A.
107 West Main St;

Russellville, AR  72811
alex@streettlaw.com
james@streettlaw.com

Robert James Pavich, Esq.
John J. Pavich, Esq.
Melanie Fairman, Esq.
MONICO, PAVICH & SPEVACK
20 South Clark Street, Suite 700
Chicago, IL  60603
rpavich@monicopavich.com
jpavich@monicopavich.com
mfairman@monicopavich.com

Kevin Barry Rogers, Esq.
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue, Suite 305
Chicago, IL  60601
rogers-law@sbcglobal.net

Thomas A. Zimmerman, Jr., Esq.
ZIMMERMAN AND ASSOCIATES
100 West Monroe, Suite 1300
Chicago, IL  60603
tom@attorneyzim.com

**Defendants' Counsel**

Bart Thomas Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL  60532
Bart.murphy@icemiller.com

James L. Petersen, Esq.
Katherine A. Winchester, Esq.
Judy S. Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN  46282-0200
Katherine.winchester@icemiller.com
Judy.okenfuss@icemiller.com
James.petersen@icemiller.com

By:  /s/ Elizabeth A. Fegan
Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd, Suit B
Oak Park, Illinois 60301
(708) 776-5600
(708) 776-5601 (fax)