# **Exhibit 12**

Case 1:07-cv-07184  Document 30-13  Filed 02/13/2008  Page 1 of 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE THOMAS AND FRIENDS™ WOODEN RAILWAY TOYS LITIGATION<br><br>This Document Relates To:<br><br>*Hesse v. Learning Curve Brands, Inc., et al.*, No. 07 C 3514;<br><br>*Deke v. RC2 Corp., et al.*, No. 07 CV 3609;<br><br>*Walton v. RC2 Corp. et al.*, No. 07 CV 3614;<br><br>*O'Leary v. Learning Curve Brands, Inc.*, No. 07 C 3682;<br><br>*Djurisic v. Apax Partners, Inc., et al.*, No. 07 C 3707;<br><br>*Reddell v. Learning Curve Brands, Inc., et al.*, No. 07 C 3747;<br><br>*Rhode v. Learning Curve Brands, Inc., et al.*, No. 07 C 4187;<br><br>*Kreiner v. RC2 Corp., et al.*, No. 07 C4547;<br><br>*Wilson v. RC2 Corp., et al.*, No. 07 CV 4642. | No. 07 C 3514<br><br>Judge Leinenweber |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ALL PLAINTIFFS

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants, RC2 Corporation and Learning Curve Brands, Inc. ("RC2"), by counsel, request that each named plaintiff, in accordance with the Definitions and Instructions set forth below and within thirty (30) days from service of these requests, produce and permit defendants and their representatives to inspect and copy, at the law offices of Ice Miller, LLP, One American Square, Indianapolis, Indiana 46282, all of the

requested documents and items described below that are in the possession, custody or control of Plaintiffs or their attorneys.

### Definitions

To avoid the unnecessary repetition, the definition for each of the following terms are to be inserted where the term appears as if fully restated in each instance:

1. "Plaintiff," "you" and "your" mean each plaintiff named in Plaintiffs' Second Amended Consolidated Complaint and any persons acting or purporting to act on behalf of any plaintiff, including but not limited to past or present agents, representatives, consultants, accountants, investigators, employees or attorneys.

2. "Recalled Toys" means the toys identified in RC2 Corporation's June 13, 2007 and September 26, 2007 voluntary recalls involving 31 components of the Thomas & Friends Wooden Railway line.

3. "Action" means the above-captioned case.

4. "Person" means any natural individual and/or any entity or organization, including divisions or departments thereof, and shall include but not be limited to a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization or proprietorship.

5. "Document" means, without limitation, the draft, original, and all non-identical copies of all writings, whether handwritten, typed, electronic, printed, or otherwise produced, and includes, without limitation, letters, correspondence, electronic mail ("email"), deleted electronic mail, memoranda, notes, agreements, contracts, legal pleadings, reports, proposals, requests for proposals, outlines, summaries, check lists, forms, bills, records, compilations, notebooks, instructions, photographs, sales literature, advertising literature, promotional literature, documents stored electronically, and any other items within Fed. R. Civ. P. 26 and 34.

6. "Communication" means, without limitation, any effort to receive or convey information, whether oral or written, including but not limited to correspondences, exchanges of written or recorded information, face-to-face meetings, and electronic, facsimile or telephone communications.

7. "Relating to," "related to," "regarding," or "concerning" mean, without limitation, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part. A document "relates" to the

subject matter of the request if the subject matter of the document is then identified in the request or if the document describes, refers to, serves as a basis for, is derived from, is produced as the result of, incorporates, suggests, relies upon, is part of, or in any other way logically be connected to the subject matter of the inquiry.

8. The terms "and" and "or" should be read as "and/or" and in each instance shall have the meaning that broadens rather than limits the request.

9. Where the context herein makes it appropriate, each singular word shall include its plural, and each plural shall include its singular.

10. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## Instructions

In responding to these Requests for Production, furnish all information and documents available to you, including information in the possession of your attorneys, investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot respond to the discovery in full after exercising due diligence to secure the documents and information, respond to the extent possible, specifying your inability to answer the remainder and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

If you claim that any document covered in this Request is subject to a conditional or absolute privilege or should not be produced for any other reason, file and serve a written response to this Request within thirty (30) days after service hereof, setting forth for each such document:

 (a) Its date;

 (b) Its description (letter, memorandum, etc.);

 (c) Its author or addressor;

 (d) Its recipient and/or addressee;

 (e) All persons who received copies of the document;

 (f) The subject matter or matters referred to in the document; and

 (g) The ground or reason for nonproduction.

The Requests for Production which follow are to be considered continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information or documents as you or any other person acting in your behalf may hereafter obtain which would augment or otherwise modify the responses first given. Such supplementary responses are to be served upon the undersigned counsel within ten (10) days after the receipt of such information or within 10 days before trial, whichever is earlier.

## Documents And Things To Be Produced

1. Any and all Recalled Toys purchased by Plaintiff or to which Plaintiff claims his or her child was exposed. If you are claiming exposure to any Recalled Toy not currently in your possession, provide documents sufficient to identify any such toy as well as the current custodian and/or location of such toy.

**RESPONSE:**

2. Documents sufficient to identify from whom Plaintiff purchased each Recalled Toy that Plaintiff claims to own or to have previously owned, when Plaintiff purchased each such toy, and the price Plaintiff paid for each such toy.

**RESPONSE:**

3. All sales receipts, credit card receipts, cancelled checks, invoices, or other records for the purchase of each and every Recalled Toy purchased by Plaintiff.

**RESPONSE:**

4. All press releases which plaintiff's counsel have issued regarding any litigation against RC2 or Learning Curve.

**RESPONSE:**

5. Any reports of testing for lead levels of any toys or products of any kind which are manufactured and/or distributed by any of the Defendants.

**RESPONSE:**

6. Any and all advertisements, marketing materials, packaging or warranties upon which Plaintiff relied in determining to purchase a Recalled Toy.

**RESPONSE:**

7. Any and all documents evidencing or containing communications between Plaintiff and RC2 and/or Learning Curve, including any agents, employees or representatives of RC2 and/or Learning Curve.

**RESPONSE:**

8. Any and all documents evidencing or containing communications between Plaintiff and anyone else regarding or related to this action, the Recalled Toys or any exposure to lead experienced by Plaintiff's child.

**RESPONSE:**

9. Any and all packaging, instructions, warnings or warranties for any of the Recalled Toy purchased by Plaintiff.

**RESPONSE:**

10. Any and all documents evidencing the replacement of any of the Recalled Toys purchased by Plaintiff.

**RESPONSE:**

11. Any and all medical records related to any harm allegedly suffered by any child of Plaintiff as a result of the child's use of a Recalled Toy from date of child's birth to present.

**RESPONSE:**

12. Any and all medical records related to any testing, treatment or care for lead poisoning, lead exposure or potential lead exposure of any child of Plaintiff from date of child's birth to present.

**RESPONSE:**

13. All records related to any blood tests performed on any child of Plaintiff from date of child's birth to present.

**RESPONSE:**

14. All records related to any urine tests performed on any child of Plaintiff from date of child's birth to present.

**RESPONSE:**

15. Any and all written reports or notes of any physician, nurse, technician, therapist, counselor or other medical practitioner regarding or relating to testing or treating

7

Plaintiff's child for exposure to lead or other medical, psychological or behavioral problem alleged caused by exposure to lead from date of child's birth to present.

**RESPONSE:**

16. Any and all receipts, bills, invoices, statements or other documents evidencing any claimed loss or damage as a result of Plaintiff's purchase of the Recalled Toys or Plaintiff's child's alleged exposure to lead in the surface paint of the Recalled Toys.

**RESPONSE:**

17. Documents sufficient to identify each and every residence of the Plaintiff since the date of birth of his/her first child to the present.

**RESPONSE:**

18. Copies of birth certificates for each and every child of the Plaintiff.

**RESPONSE:**

19. Documents sufficient to identify each and every school or other educational facility attended by each of child of the Plaintiff from the date of birth to present.

**RESPONSE:**

8

20. Documents sufficient to identify each and every day care, nursery school, in-home baby sitter, or other location which a child of the Plaintiff visited on a regular basis for a period of at least one month from the date of birth to present.

**RESPONSE:**

21. All documents relating to any recall forms submitted to RC2 in connection with the recall of the Recalled Toys.

**RESPONSE:**

22. Any notes, diaries or recordings of any kind, including tape recordings or any other electronic means, of any communications between Plaintiff and any Defendant or their agents or employees.

**RESPONSE:**

23. All photographs of any Recalled Toy in the possession of or that was in the possession of any Plaintiff or which any child of Plaintiff had contact with or used in any manner.

**RESPONSE:**

24. All documents relating to the participation of Plaintiff in any other toy recall in the past five years other than recalls involving the Recalled Toys.

**RESPONSE:**

Dated: November 20, 2007

                                                Respectfully submitted,

                                                RC2 CORPORATION AND LEARNING CURVE BRANDS, INC.

                                                */s/ Judy S. Okenfuss*
                                                Judy S. Okenfuss
                                                *By one of their attorneys*

Judy S. Okenfuss
James L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282
(317) 236-2100

Bart T. Murphy #6181178
ICE MILLER LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was hand delivered to William N. Riley at the address below and also deposited in the U.S. mail, first-class postage prepaid, on the 20th day of November, 2007, addressed to the following:

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard Suite B
Oak Park, IL 60301
(708) 776-5600

Laurence D. King
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street
Suite 1501
San Francisco, CA 94111

Frederic S. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 22nd Floor
New York, New York 10022
(212) 687-1980

William N. Riley
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-8787

*[signature: Judy A. Okenfuss]*
Judy S. Okenfuss
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282
(317) 236-2115

I/2042161.1