# **Exhibit 13**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE THOMAS TRAINS PAINT LITIGATION | Lead Case No. 07 C 3514 |
|  | JUDGE LEINENWEBER |
|  | MAG. JUDGE NOLAN |
| This Document Relates To: |  |
| ALL CASES |  |

### NOTICE OF DEPOSITIONS

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs will take the following deposition by stenographic means at the date, time and place indicated below before a notary public or some other person authorized by law to administer oaths. You are invited to attend and cross-examine. The examinations will continue from day-to-day until completed.

| Deponent | Date/Time | Place |
|---|---|---|
| RC2 Corporation | December 17, 2007 9:00 a.m. | Hagens Berman Sobol Shapiro, LLP 820 North Blvd, Suite B Oak Park, Illinois 60301 |
| Learning Curve Brands, Inc. | December 18, 2007 9:00 a.m. | Hagens Berman Sobol Shapiro, LLP 820 North Blvd, Suite B Oak Park, Illinois 60301 |

Each deponent is advised of its duty, pursuant to Rule 30(b)(6), to designate and produce for deposition at that time one or more of its officers, directors, employees or agents with personal knowledge to testify on its behalf with respect to the following subjects related to the period January 1, 2001 through the present for RC2 Corporation and/or Learning Curve Brands,

1

Inc. and each of their departments, divisions, offices, subsidiaries, and affiliates (hereafter "RC2," "you" or "your"):

    1.      The personnel, organization, reporting structure, and location of RC2's offices.

    2.      The description, maintenance, organization, and storage of all documents generated, or maintained by or on RC2's behalf.

    3.      The existence and location of documents responsive to each of plaintiffs' requests for production of documents.

    4.      All periodic reports generated by any department or division within RC2 responsible for manufacturing, testing and/or inspection of imported toys.

    5.      Any periodic meetings of any of RC2's directors, officers, employees, or staff.

    6.      Your discovery of excess levels of lead contained in any of the Recalled Toys, including:

        (a)     When you learned of the problem;

        (b)     Who at you learned of the problem;

        (c)     How you learned of the problem;

        (d)     How the problem was communicated to RC2's officers and directors;

        (e)     Any testing conducted between the time when RC2 learned of the problem and when the June 13, 2007 recall was announced;

        (f)     Any testing conducted between the June 13, 2007 recall and the September 26, 2007 recall; and

        (g)     The level of lead contained in all of the Recalled Toys.

    7.      The investigation undertaken by you after you discovered excess levels of lead contained in the Recalled Toys including:

      (a)     Communications with your contract manufacturers, the United States Consumer Product Safety Commission ("CPSC") and any other governmental entity, paint suppliers, independent and/or internal testing laboratories, and anyone else concerning the discovery of lead in the surface paint of the Recalled Toys.

      (b)     The identity and location of the manufacturing facilities which used lead paint in their manufacture of the Recalled Toys.

      (c)     The identity and location of the paint suppliers supplying the lead paint used in the manufacture of the Recalled Toys.

8.     The June 13, 2007 recall and the September 26, 2007 recall (referred to herein as "Recalls") including:

      (a)     Defendants' actions to inform retailers and wholesalers of the Recalls.

      (b)     Defendants' actions to inform the public of the Recalls including your actions to inform members of the public whose primary language is not English.

      (c)     Any steps taken by defendants to guarantee the Recalled Toys are no longer being manufactured with lead paint after the Recalls were announced by the CSPC on June 13, 2007 and then again on September 26, 2007.

      (d)     All communications with RC2's other contract manufacturers not implicated in the recalls of June 13, 2007 and September 26, 2007 during and after the recall process regarding lead levels in the toys manufactured by RC2.

      (e)     RC2's decision to replace the Recalled Toys that were part of the Recalls, rather than refund the purchase price as a part of the recall.

(f)     The decision to provide replacement toys including which toys to offer as replacement toys;  the safety testing and/or approval, if any, for lead contained in the replacement toys;  and the prices of the replacement toys.

(g)     Any steps taken by RC2 and other defendants to guarantee the Recalled Toys that contain lead paint are no longer being sold to the public.

9.     All documents concerning sales or distribution data of the Recalled Toys, including

(a)     The price of each Recalled Toy by SKU or serial number.

(b)     The quantity of Recalled Toys returned by stores.

(c)     The quantity of Recalled Toys returned by parents through your product replacement program.

(d)     The total number of toys sold in the United States which were subject to the Recalls.

(e)     The total sales, revenues and profits made by you from the toys sold in the United States which were subject to the Recalls.

10.     RC2's safety requirements of the toys it manufactures including:

(a)     The product safety specifications and applicable safety standards and requirements which apply to the manufacture of RC2 toys and products.

(b)     Communications between you and your contract manufacturers and/or their paint suppliers regarding product safety.

(c)     RC2's design of the Recalled Toys, including the choice of surface paint.

(d)     The identity and location any independent, safety testing laboratories that tested any of the Recalled Toys.

4

(f)      Any review, testing, safety check or other investigation of the surface paint contained on the Recalled Toys by independent certified safety testing laboratories, internal testing laboratories or any other entity, whether or not the results revealed lead.

(g)      The institution and implementation of the "Multi-Check Toy Safety System" referenced in your letter dated September 6, 2007 submitted to members of the Committee on Energy and Commerce.

11.      Any investigation by the CPSC or any other governmental agency concerning the Thomas & Friends toys and/or the Knights of Sword toys, related to the Recalls.

12.      Without limitation to time period, RC2's computer system and equipment, data processing system and equipment, and electronically stored information and materials (including electronic mail), including, but not limited to the following:

(a)      The identification by title of reports actually generated or capable of being generated from any such database;

(b)      The operations and layout of the electronic data processing system on which RC2 performed all of its electronic data processing functions, including, but not limited to, databases, data backup, archiving and restoration;

(c)      Damage to or destruction of media, and deletion, erasure or removal of electronic information;

(d)      The Company's practice or policy of maintaining "hard copies" of computer stored information; and

(e)      Archiving and storage of information, data and e-mail on any hard drives.

13.      The Electronic Mail (E-mail) system(s) utilized by or at RC2, without limitation to time period, including but not limited to:

5

(a)     How such system functioned or functions; and

(b)     the retention of any disks or tapes containing any E-mail messages.

DATED: December 6, 2007

By: *Christine M. Fox*

Frederic S. Fox
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94111

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel: (206) 623-7292

Elizabeth A. Fegan
Timothy P. Mahoney
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, IL 60301
Tel: (708) 776-5600
Fax: (708) 776-5601

William N. Riley
Jamie Kendall
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

*Lead Counsel for the Class*

Robert James Pavich
John J. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark Street, Suite 700
Chicago, IL 60603

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau
WEXLER TORISEVA WALLACE LLP
1 North LaSalle Street, Suite 2000
Chicago, IL 60602

Kevin Barry Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue, Suite 305
Chicago, IL 60601

Thomas A. Zimmerman
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street, Suite 1300
Chicago, IL 60603

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 W. Main St.
Russellville, AR 72811

*Additional Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE THOMAS AND FRIENDS™
WOODEN RAILWAY TOYS
LITIGATION

Case No.: 07-C-3514

This Document Relates to:

JUDGE LEINENWEBER

All Actions

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served via overnight mail or as otherwise indicated on the 6th day of December 2007 on the attorneys on the attached service list.

- **NOTICE OF DEPOSITIONS**

Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

## IN RE THOMAS AND FRIENDS WOODEN RAILWAY TOYS LITIGATION
## SERVICE LIST

### BY FEDERAL EXPRESS
Bart Thomas Murphy, Esq.
Ice Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
Phone: (630) 955-0555
Fax: (630) 955-0662

### BY FEDERAL EXPRESS
Judith Starobin Okenfuss, Esq.
James L. Petersen, Esq.
Ice Miller LLP
One American Square
Suite 3100
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219

### BY FIRST CLASS MAIL

William N. Riley, Esq.
Price Waicukauski & Riley, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: 317-633-8787
Fax: 317-633-8797

Steve Berman, Esq.
Ivy D. Arai, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA, 98101
Tel. (206) 623-7292
Fax. (206) 623-0594

Beth Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Ste B
Oak Park, IL, 60301
Tel: (708) 776-5604
Fax: (708) 776-5601

Andrae P. Reneau
Wexler Toriseva Wallace LLP
1 North LaSalle Street, Suite 2000
Chicago, IL 60602

Thomas A. Zimmerman
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street, Suite 1300
Chicago, IL 60603

Alex G. Streett
James A. Streett
Streett Law Firm, P.A.
107 W. Main St.
Russellville, AR 72811

Robert James Pavich
John J. Pavich
Monico, Pavich & Spevack
20 South Clark Street, Suite 700
Chicago, IL 60603

Kevin Barry Rogers
Law Offices of Kevin Rogers
307 North Michigan Avenue, Suite 305
Chicago, IL 60601