# **Exhibit 16**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE THOMAS TRAINS PAINT LITIGATION | Lead Case No. 07 C 3514<br><br>JUDGE LEINENWEBER<br>MAG. JUDGE NOLAN |
| This Document Relates To:<br><br>All Actions | |

**NAMED PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ALL PLAINTIFFS**

Named plaintiffs, by and through their attorneys, hereby submit the following objections and responses to Defendants' First Set of Requests for Production to All Plaintiffs ("Document Requests").

I. **GENERAL OBJECTIONS TO DEFENDANTS' REQUESTS, DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs make the following General Objections whether or not separately set forth in response to each Document Request. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the Individual Requests does not waive any of plaintiffs' General Objections.

2. Plaintiffs object to the definition of "you" and "your" as overbroad and arguably calling for the production of documents from individuals other than the plaintiffs, over whom plaintiffs have no control.

3. Plaintiffs object to the Document Requests to the extent that they purport to impose any obligations on plaintiffs that are not imposed by law, or are otherwise inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

4. Plaintiffs object to the Document Requests to the extent that they are overly broad and unduly burdensome.

5. Plaintiffs object to the Document Requests to the extent that they are vague or ambiguous.

6. Plaintiffs object to the Document Requests to the extent that the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiffs object to the Document Requests to the extent they fail to state with sufficient particularity the materials and categories of materials to be produced.

8. Plaintiffs object to the Document Requests to the extent that they seek or require the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege or immunity.

9. Plaintiffs object to the Document Requests to the extent that they impose upon them a duty to seek out information or documents which are not in their possession, custody or control.

10. Plaintiffs object to the Document Requests to the extent they seek information protected by plaintiffs' right to privacy, including, but not limited to, highly personal medical and financial information.

11. Plaintiffs object to the Documents Requests to they extent that certain of the requests are premature. Therefore, plaintiffs reserve their right to supplement these responses.

12. Plaintiffs object to the relevant time period of certain of the Document Requests as overbroad and unduly burdensome.

13. In providing responses to the Document Requests, plaintiffs do not in any way waive or intend to waive, but rather intend to preserve:

(a) All objections as to the competency, relevancy, materiality and admissibility of any of the documents requested and their subject matter;

(b) All objections as to the vagueness, ambiguity or other infirmity in the form of any of the Document Requests, and any objections based on the undue burden imposed thereby;

(c) All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

(d) All rights to object on any ground to any other discovery requests involving or related to the subject matter of the Document Requests;

(e) The right to supplement responses to the Document Requests prior to trial; and

(f) Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of this Court or other statutes or common law.

14. To the extent that plaintiffs provide documents in response to the Document Requests, such production shall not constitute a waiver of any objection to the relevancy of such documents, all such objections being expressly reserved. Plaintiffs also expressly reserve the right to object to further discovery, to the subject matter of the Document Requests, and to the introduction of any response to these Document Requests or any portion thereof, or any document herein into evidence in this or any other action.

## II.    OBJECTIONS TO SPECIFIC REQUESTS

### DOCUMENT REQUEST NO. 1:

Any and all Recalled Toys purchased by Plaintiff or to which Plaintiff claims his or her child was exposed. If you are claiming exposure to any Recalled Toy not currently in your possession, provide documents sufficient to identify any such toy as well as the current custodian and/or location of such toy.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Plaintiffs object to this Document Request on the ground that it is overbroad and unduly burdensome. Plaintiffs also object to Defendants' failure to comply with Fed. R. Civ. P. 34(a)(2), which does not require any party to produce "property" (excluding documents and electronically-stored information), but rather permits the requesting party to request an inspection at the property owners' convenience. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce documents sufficient to identify any Recalled Toys purchased or owned by them.

### DOCUMENT REQUEST NO. 2:

Documents sufficient to identify from whom Plaintiff purchased each Recalled Toy that Plaintiff claims to own or to have previously owned, when Plaintiff purchased each such toy, and the price Plaintiff paid for each such toy.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to and without waiver of the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

### DOCUMENT REQUEST NO. 3:

All sales receipts, credit card receipts, cancelled checks, invoices, or other records for the purchase of each and every Recalled Toy purchased by Plaintiff.

4

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiffs object to this Document Request on the ground that it is overbroad and unduly burdensome. This Document Request calls for highly personal financial information such as cancelled checks which are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce sales receipts and/or credit card receipts, if any, evidencing the purchase of each Recalled Toy.

**DOCUMENT REQUEST NO. 4:**

All press releases which plaintiff's counsel have issued regarding any litigation against RC2 or Learning Curve.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiffs object to this Document Requests to the extent defendants seek copies of publicly available documents and/or documents already in their possession. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

**DOCUMENT REQUEST NO. 5:**

Any reports of testing for lead levels of any toys or products of any kind which are manufactured and/or distributed by any of the Defendants.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiffs object to this Document Request on the ground that it is overbroad and unduly burdensome. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

5

**DOCUMENT REQUEST NO. 6:**

Any and all advertisements, marketing materials, packaging or warranties upon which Plaintiff relied in determining to purchase a Recalled Toy.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiffs object to this Document Request on the ground that it is overbroad and unduly burdensome. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

**DOCUMENT REQUEST NO. 7:**

Any and all documents evidencing or containing communications between Plaintiff and RC2 and/or Learning Curve, including any agents, employees or representatives of RC2 and/or Learning Curve.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiffs object to this Document Request on the ground that it is overbroad and unduly burdensome. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

**DOCUMENT REQUEST NO. 8:**

Any and all documents evidencing or containing communications between Plaintiff and anyone else regarding or related to this action, the Recalled Toys or any exposure to lead experienced by Plaintiff's child.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the ground it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**DOCUMENT REQUEST NO. 9:**

Any and all packaging, instructions, warnings or warranties for any of the Recalled Toy purchased by Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to and without waiver of the General Objections, plaintiffs respond as follows: plaintiffs will produce copies (or photographs, if applicable) of responsive, non-privileged documents and information, if any.

**DOCUMENT REQUEST NO. 10:**

Any and all documents evidencing the replacement of any of the Recalled Toys purchased by Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiffs object to this Document Request on the ground that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Document Requests to the extent defendants seek copies of documents or information, such as recall forms and Recalled Toys, already in their possession. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents relating to the replacement of any of the Recalled Toys.

**DOCUMENT REQUEST NO. 11:**

Any and all medical records related to any harm allegedly suffered by any child of Plaintiff as a result of the child's use of a Recalled Toy from date of child's birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the ground that it seeks highly personal medical information in an action which does NOT seek recovery for personal injury

7

claims. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome.

**DOCUMENT REQUEST NO. 12:**

Any and all medical records related to any testing, treatment or care for lead poisoning, lead exposure or potential lead exposure of any child of Plaintiff from date of child's birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the ground that it seeks highly personal medical information in an action which does NOT seek recovery for personal injury claims. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome. Subject to and without waiver of these objections and the General Objections, plaintiffs will produce receipts and/or invoices, if any, for any lead testing done on plaintiffs' children since the June 13, 2007 recall was announced.

**DOCUMENT REQUEST NO. 13:**

All records related to any blood tests performed on any child of Plaintiff from date of child's birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the ground that it seeks highly personal medical information in an action which does NOT seek recovery for personal injury claims. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome.

**DOCUMENT REQUEST NO. 14:**

All records related to any urine tests performed on any child of Plaintiff from date of child's birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the that ground it seeks highly personal medical information in an action which does NOT seek recovery for personal injury claims. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome.

**DOCUMENT REQUEST NO. 15:**

Any and all written reports or notes of any physician, nurse, technician, therapist, counselor or other medical practitioner regarding or relating to testing or treating Plaintiff's child for exposure to lead or other medical, psychological or behavioral problem alleged caused by exposure to lead from date of child's birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Document Request on the ground that it seeks highly personal medical information in an action which does NOT seek recovery for personal injury claims. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome.

**DOCUMENT REQUEST NO. 16:**

Any and all receipts, bills, invoices, statements or other documents evidencing any claimed loss or damage as a result of Plaintiff's purchase of the Recalled Toys or Plaintiff's child's alleged exposure to lead in the surface paint of the Recalled Toys.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiffs object to this Document Request on the ground that it is overbroad. Plaintiffs further object to this Document Request on the ground it seeks documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to identify each and every residence of the Plaintiff since the date of birth of his/her first child to present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the relevant time frame of this Document Request as excessively overbroad and unduly burdensome. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will provide a current mailing address but request that all contact with plaintiffs be made through Co-Lead Counsel and that any investigation of such residences be requested in accordance with Fed. R. Civ. P. 34(a)(2).

**DOCUMENT REQUEST NO. 18:**

Copies of birth certificates for each and every child of the Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections and the General Objections,

plaintiffs respond as follows: plaintiffs will provide a list of the birth dates and genders of each of their children.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to identify each and every school or other educational facility attended by each of child of the Plaintiff from date of birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 20:**

Documents sufficient to identify each and every day care, nursery school, in-home baby sitter, or other location which a child of the Plaintiff visited on a regular basis for a period of at least one month from the date of birth to present.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 21:**

All documents relating to any recall forms submitted to RC2 in connection with the recall of the Recalled Toys.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Plaintiffs object to this Document Request to the extent it seeks documents already in defendants' possession. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce responsive, non-privileged documents, if any.

**DOCUMENT REQUEST NO. 22:**

Any notes, diaries or recordings of any kind, including tape recordings or any other electronic means, of any communications between Plaintiff and any Defendant or their agents or employees.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the ground that this request is duplicative of Document Request No. 7. Subject to and without waiver of these objections and the General Objections, plaintiffs respond as follows: plaintiffs will produce documents, if any, evidencing or containing communications between plaintiffs and RC2 and/or Learning Curve.

**DOCUMENT REQUEST NO. 23:**

All photographs of any Recalled Toy in the possession of or that was in the possession of any Plaintiff or which any child of Plaintiff had contact with or used in any manner.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Subject to and without waiver of the General Objections, plaintiffs respond as follows: plaintiffs will produce copies of responsive photographs, if any.

**DOCUMENT REQUEST NO. 24:**

All documents relating to the participation of Plaintiff in any other toy recall in the past five years other than recalls involving the Recalled Toys.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiffs object to this Document Request on the ground that it is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections, plaintiffs respond as follows:

plaintiffs will provide a list of any other toy recalls in the past five years other than recalls involving the Recalled Toys in which they have participated.

DATED: December 20, 2007

KAPLAN FOX & KILSHEIMER LLP

*/s/ Christine M. Fox*

Frederic S. Fox
Christine M. Fox
850 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
ffox@kaplanfox.com
cfox@kaplanfox.com

Laurence D. King, Esq.
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com

Steve W. Berman
Ivy Arai
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60302
Telephone: 708-776-5600
Facsimile: 708-776-5601
beth@hbsslaw.com

13

William N. Riley
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-633-8787
Facsimile: 317-633-8797
wriley@price-law.com

Interim Co-Lead Counsel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE THOMAS AND FRIENDS™ WOODEN RAILWAY TOYS LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No.: 07-C-3514<br><br>JUDGE LEINENWEBER |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served via first class mail or as otherwise indicated on the 20th day of December 2007 on the attorneys on the attached service list.

- NAMED PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO ALL PLAINTIFFS

_____
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

# IN RE THOMAS AND FRIENDS WOODEN RAILWAY TOYS LITIGATION
## SERVICE LIST

Bart Thomas Murphy, Esq.
Ice Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
Phone: (630) 955-0555
Fax: (630) 955-0662

Judith Starobin Okenfuss, Esq.
James L. Petersen, Esq.
Ice Miller LLP
One American Square
Suite 3100
Indianapolis, IN 46282-0200
Phone: (317) 236-2100
Fax: (317) 236-2219

William N. Riley, Esq.
Price Waicukauski & Riley, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: 317-633-8787
Fax: 317-633-8797

Steve Berman, Esq.
Ivy D. Arai, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA, 98101
Tel. (206) 623-7292
Fax. (206) 623-0594

Beth Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Ste B
Oak Park, IL, 60301
Tel: (708) 776-5604
Fax: (708) 776-5601

Kenneth A. Wexler
Edward A. Wallace
Andrae P. Reneau

Wexler Toriseva Wallace LLP
1 North LaSalle Street, Suite 2000
Chicago, IL 60602

Thomas A. Zimmerman
Hugh J. Green
Zimmerman Law Offices, P.C.
100 West Monroe Street, Suite 1300
Chicago, IL 60603

Alex G. Streett
James A. Streett
Streett Law Firm, P.A.
107 W. Main St.
Russellville, AR 72811

Robert James Pavich
John J. Pavich
Monico, Pavich & Spevack
20 South Clark Street, Suite 700
Chicago, IL 60603

Kevin Barry Rogers
Law Offices of Kevin Rogers
307 North Michigan Avenue, Suite 305
Chicago, IL 60601

Joe R. Whatley, Jr.
Whatley Drake & Kallas
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203

Edith M. Kallas
Joseph P. Guglielmo
Whatley Drake & Kallas
1540 Broadway, 37th Floor
New York, New York 10036

Robert M. Foote
Craig Mielke
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, Suite 2
Geneva, Illinois 60134

Craig Stuart Lanza
Balestriere PLLC
225 Broadway Suite 2700
New York, NY 10007

Nicholas B. Roth
Eyster Key Tubb Weaver & Roth
P.O. Box 1607
Decatur, AL 35602-1607

J. Aaron Cooke
Cooke Law Firm
331 Columbia Street
Lafayette, Indiana 47902