Case 1:07-cv-07184    Document 30-23    Filed 02/13/2008    Page 1 of 5

# **Exhibit 22**



HAGENS BERMAN
SOBOL SHAPIRO LLP

ELIZABETH A. FEGAN
DIRECT (708) 776-5604
BETH@HBSSLAW.COM

February 1, 2008

*Via E-Mail and Facsimile*

Bart Murphy, Esq.
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532

James Petersen, Esq.
Judy Okenfuss, Esq.
ICE MILLER LLP
One American Square
Suite 311
Indianapolis, IN 46282-0200

*Counsel for Defendants*

William M. Audet, Esq.
AUDET & PARTNERS LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Jay Edelson, Esq.
KAMBEREDELSON
53 West Jackson Blvd., Suite 1530
Chicago, IL 60604

Gino L. DiVito, Esq.
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street
7th Floor
Chicago, IL 60604

Scott Kamber, Esq.
KAMBEREDELSON
11 Broadway, 22nd Floor
New York, NY 10004

*Counsel for Plaintiff in Barrett (Cir. Ct. Cook County, Ill.)*

Counsel:

    We are writing in response to Jay Edelson's letter of today's date. First, we believe that Judge Leinenweber's comments on the record (as the transcript will reflect) speak for themselves. Accordingly, as Interim Co-Lead Counsel in the MDL and counsel for the Federal Plaintiffs-Proposed Intervenors in *Barrett*, we would welcome the opportunity to meet with all parties, including Defendants in the MDL, to discuss the consideration that should be included in any settlement of the MDL proceedings.

    Second, the *Barrett* parties intend to bind the Class to the Settlement Agreement as written, and not to Mr. Edelson's explanations of those benefits. Accordingly, we stand by our recitation of the inadequacies of the settlement as written.

Bart Murphy, Esq.
James Petersen, Esq.
Judy Okenfuss, Esq.
William M. Audet, Esq.
Scott Kamber, Esq.
Jay Edelson, Esq.
February 1, 2008
Page 2

    Third, Mr. Edelson and Mr. Murphy have stated that we have a misunderstanding of the procedural history of the settlement as well as the underlying valuation of the settlement as written. Accordingly, in order to inform ourselves of the underlying facts on which you base your views, we request that you produce the following by February 6, 2008:

1. *Barrett* Summons with completed return of service and identification of the process server;

2. Documents sufficient to reflect the first date of communication between Barrett's counsel and counsel for Defendant;

3. All documents produced by either party in *Barrett*, together with all cover letters or other documentation reflecting the dates on which the documents were produced;

4. Transcripts of all depositions taken in *Barrett*;

5. All analyses regarding the value of the alleged benefits provided to the class under the *Barrett* settlement agreement;

6. All documents on which any analysis responsive to No. 5 above is based;

7. All documents on which the attorneys fee award of $2.9 million is based;

8. All correspondence, whether by formal letter or email, exchanged between the *Barrett* parties regarding settlement;

9. All documents reflecting the dates of mediation;

10. All documents reflecting the date on which Defendant committed to attend a mediation

11. All documents reflecting which discovery and other information was provided to Plaintiffs on the first day of mediation to educate them regarding the case and settlement (as referenced by Barrett's counsel at the hearing before Judge Leinenweber on January 31, 2008)

12. All documents reflecting the written commitment by defense counsel that "defendant was not engaged in any settlement discussions with other counsel." *See* Declaration of Jay Edelson ("Edelson Declaration"), ¶ 7;

13. The discovery plan referred to in paragraph 9 of the Edelson Declaration;

Case 1:07-cv-07184    Document 30-23    Filed 02/13/2008    Page 4 of 5

Bart Murphy, Esq.
James Petersen, Esq.
Judy Okenfuss, Esq.
William M. Audet, Esq.
Scott Kamber, Esq.
Jay Edelson, Esq.
February 1, 2008
Page 3

14. All documents reflecting the settlement demands of Barrett, including but not limited to regarding attorneys fees and including but not limited to the original demands and all subsequent iterations;

15. A copy of the Chicago Daily Law Bulletin in which the *Barrett* case was purportedly the "case of the day";

16. All expert reports in *Barrett*, including any reports of consulting experts on which the plaintiffs relied in failing to pursue the recovery of costs for blood tests as Mr. Kamber put at issue before Judge Leinenweber on January 31, 2008[1];

17. All documents regarding blood lead testing and medical monitoring;

18. All documents in support of any contention that inclusion in any settlement of benefits for the class for the recovery of blood lead testing costs would cause a panic;

19. All documents submitted to the mediator in *Barrett*;

20. All documents supporting or underlying the reasons for filing, and the relief requested in, the agreed motion to amend the settlement agreement presented to Judge Maki on January 29, 2008;

21. All documents reflecting any agreements by plaintiffs and/or counsel in the coordinated state court actions, or any other lawsuit, to the proposed settlement; and

22. Any other documents that you believe are necessary for the Courts to make a full, fair and informed decision regarding all of the issues before them.

We look forward to receipt of these documents. We also look forward to your reconsideration of the comments by Judge Leinenweber at the close of yesterday's hearing.

---

[1] In the event that the *Barrett* parties desire to submit this report to Interim Co-Lead Counsel for the Class in the MDL in confidence, counsel will maintain that report in confidence and submit it to the Court *ex parte* for an *in camera* review if necessary but will not share it with defense counsel except by Order of Court.

Bart Murphy, Esq.
James Petersen, Esq.
Judy Okenfuss, Esq.
William M. Audet, Esq.
Scott Kamber, Esq.
Jay Edelson, Esq.
February 1, 2008
Page 4

          Sincerely,

          HAGENS BERMAN SOBOL SHAPIRO LLP

          *Beth*

          Elizabeth A. Fegan

EAF/tb

cc:    Fred Fox, Esq.
       William Riley, Esq.
       Steve Berman, Esq.