# **Exhibit 26**



**ICEMILLER** LLP
LEGAL COUNSEL

December 14, 2007

Writer's Direct Number: (317) 236-2115
Direct Fax: (317) 592-4721
Internet: Judy.Okenfuss@icemiller.com

Via Email:

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL 60301

RE:   *In Re: Thomas & Friends™ Wooden Railway Toys Litigation*

Dear Beth:

I am in receipt of your email dated December 13th, 2007 regarding the 30(b)(6) depositions. As discussed earlier this week, we are working to determine the appropriate people to respond to your 30(b)(6) Deposition Notices and, then provide you dates for the depositions. However, due to the lengthy nature of the 30(b)(6) Deposition Notices this is taking some time. Nonetheless, we will get those dates to you as soon as practicable.

We also want to take this opportunity to confer with you in an attempt to resolve the deficiencies contained within the 30(b)(6) Deposition Notices. Specifically, multiple parts of the Deposition Notices are overly broad, vague and unduly burdensome. For instance, Paragraph Two asks for testimony including a description of all documents generated or maintained by or on behalf of RC2 Corporation ("RC2"). Obviously, it would not be possible to prepare any representative on behalf of RC2 and/or Learning Curve Brands, Inc., to be able to respond to such a broadly worded request. Rather, Defendants would ask for clarification as to the specific documents of interest.

Similarly, Paragraph Four is also overly broad, unduly burdensome, and seeks information which is not relevant nor reasonably calculated to lead to admissible evidence. Specifically, it asks for all reports generated by any department or division which is responsible for manufacturing, testing, and/or inspection of imported toys. As you are aware, RC2 Corporation distributes a number of toys, the majority of which are not involved in this litigation. Therefore, such a broadly worded request is objectionable. Paragraph Five asks for any periodic meetings of any RC2 employees or staff. Again, you have made no attempt to limit this request to matters which are relevant to the litigation or any of the issues in this litigation. As such, it is also objectionable.

Paragraph Six is generally acceptable; however, as you can imagine, RC2 and Learning Curve will not answer any questions which relate to information received from consulting experts, or which is otherwise privileged. Paragraph Eight contains portions which, again, are overly broad and vague. Specifically, subsection (c) asks for steps taken by Defendants to guarantee that recalled toys are no longer being manufactured with lead paint. However, there is

December 14, 2007
Page 2

not a requirement that toys be manufactured without lead; rather, any lead in the surface paint should be within acceptable levels. Similarly, Paragraph Eight is overly broad and vague in that it seeks information regarding steps taken after the recall and related to the decisions as to how to proceed with the recall. This information is not relevant, nor reasonably calculated to lead to the issues set forth in this case.

Paragraph Nine (e) is further objectionable as it seeks testimony which is overly broad and not relevant, nor reasonably calculated to lead to admissible evidence. Similarly, Paragraph Ten is also overly broad and objectionable in that it is not limited to the toys which are subject to the recall. Rather, it seeks safety requirements on all toys manufactured by RC2. As you are aware, RC2 distributes a large number of toys, the majority of which are not involved in this recall. Further, the safety requirements of the toys vary greatly including issues such as sharp edges and/or choking hazards. Obviously, these issues are not relevant to the pending litigation, nor reasonably calculated to lead to admissible evidence. For this reason, requiring a corporate representative to be prepared to testify as to all safety requirements for all toys is simply overly burdensome.

Please consider this letter our attempt to confer with Plaintiffs to resolve our dispute regarding the 30(b)(6) Deposition Notices pursuant to Federal Rule of Civil Procedure 26(c). If we are unable to work through these matters, we will then go forward with filing a motion for a protective order with the court. I look forward to hearing from you.

Very truly yours,

ICE MILLER LLP

Judy S. Okenfuss

JSO:swm

cc:   Frederic Fox (via email)
      Laurence King (via email)
      Will Riley (via email)
      Bart Murphy (via email)
      Jim Petersen (via email)

I/2039785.1