# **Exhibit 30**

1

TRANSCRIPT OF PROCEEDINGS, JANUARY 29, 2008
BYRON BARRETT -VS- RC2 CORPORATION

```
 1  STATE OF ILLINOIS )
 2                    )  SS:
 3  COUNTY OF C O O K )
 4       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
 5         COUNTY DEPARTMENT - CHANCERY DIVISION
 6
 7  BYRON BARRETT, individually and on  )
 8  behalf of all others similarly      )
 9  situated,                           )
10             Plaintiffs,              )
11        v.                            ) NO. 07 CH 20924
12  RC2 CORPORATION,                    )
13             Defendant.               )
14
15       TRANSCRIPT OF PROCEEDINGS had in the
16  above-entitled cause on the 29th day of January,
17  A.D. 2008, at 10:55 a.m.
18
19  BEFORE:  HONORABLE WILLIAM O. MAKI.
20
21
22
23
24
```

ORIGINAL

```
 1  APPEARANCE:
 2      HAGENS BERMAN SOBOL SHAPIRO, LLP.,
 3      (820 North Boulevard, Suite B,
 4      Oak Park, Illinois  60302,
 5      708-776-5600), by:
 6      MS. ELIZABETH A. FEGAN and
 7      MR. DANIEL J. KUROWSKI,
 8          appeared on behalf of the Plaintiffs and
 9          Intervenors;
10
11      KAMBEREDELSON, LLC,
12      (53 West Jackson Boulevard, Suite 1530,
13      Chicago, Illinois  60604,
14      312-589-6378), by:
15      MR. JAY EDELSON and MR. STEVEN LEZELL,
16          appeared on behalf of the Plaintiffs;
17
18      TABET DiVITO & ROTHSTEIN,
19      (The Rookery Building, 209 S. LaSalle Street,
20      7th Floor,
21      Chicago, Illinois  60604,
22      312-762-9460), by:
23      MR. GINO L. DiVITO,
24          appeared on behalf of the Plaintiffs;
```

TRANSCRIPT OF PROCEEDINGS, JANUARY 29, 2008
BYRON BARRETT -VS- RC2 CORPORATION

```
 1  APPEARANCE:
 2
 3      ICE MILLER, LLP.,
 4      (2300 Cabot Drive, Suite 455,
 5      Lisle, Illinois  60532,
 6      630-955-6392), by:
 7      MR. BART T. MURPHY,
 8          appeared on behalf of the Defendant.
 9
10  ALSO PRESENT:
11
12      SHEFSKY & FROELICH, LTD.,
13      (111 East Wacker Drive, Suite 2800,
14      Chicago, Illinois  60601,
15      312-836-4071), by:
16      MR. TIMOTHY J. EATON and MR. JAMES WILSON;
17
18      KAPLAN FOX & KILSHEIMER, LLP.,
19      (350 Sansome Street,
20      San Francisco, California  94104,
21      415-772-4700), by:
22      MR. LAURENCE D. KING.
23  REPORTED BY:  MIGDALIA MONTERO, C.S.R.
24              Certificate No. 84-4383.
```

1  December 10th settlement offer, a formal demand that
2  they made to the defendant.
3          I think what they don't realize is we had
4  already reached a settlement on, I believe, November
5  30th in front of Judge Boharic.  We had a memorandum
6  of understanding and all these terms of the
7  settlement, and then we were just writing it up.  As
8  Counsel knows, it takes sometime to write up these
9  complex settlement agreements.  So there was a
10 situation where the defendant wasn't pitting one
11 side against the other.  We, in fact, asked for
12 repeated assurances during the settlement process --
13      THE COURT:  Can I just interject here for a
14 question at this point?  One of the matters that
15 Hagens Berman raises on Page 10 of their brief that
16 they filed today, it says, "Defendant did not appear
17 in the case until January 24th, 2008, after
18 preliminary approval was granted."  Is that true?
19      MR. MURPHY:  It's true, Your Honor.  I didn't
20 file my appearance until then.  It wasn't
21 intentional.  I just realized it was an oversight
22 that I hadn't filed an appearance until that time.
23      THE COURT:  So it was an oversight?
24      MR. MURPHY:  Yes.

```
 1        THE COURT:  When did you file it?
 2        MR. MURPHY:  January 24th.  I believe it was
 3   the 24th, possibly the 23rd, whatever the date they
 4   allege in one of their -- I'm not sure if it was the
 5   23rd or 24th.
 6        MR. EDELSON:  That actually goes to an
 7   important point, where they try to create this
 8   impression that we were keeping everybody in the
 9   dark.  That's not true.  When we filed our case in
10   Cook County, the case got substantial press.  I
11   think it was the "Case of the Day" in the Chicago
12   Daily Law Bulletin.  Our co-counsel, Bill Audet, put
13   the information about this case on his website.  I
14   spoke at a symposium, where I talked about -- I
15   actually compared this case to the pet food case
16   that we have with Hagens Berman.  When the press has
17   asked me about these types of issues, I have talked
18   about it.  The idea that we were in anyway hiding
19   these cases, it's just not true.  But again, I'm
20   starting to believe this isn't a matter of Hagens
21   Berman making things up.  I just think they are just
22   misinformed.
23             Back to what is actually before the
24   Court, Hagens Berman has at a lot of different
```

```
 1  absolutely this Court and Judge Leinenweber should
 2  have the opportunity to coordinate and figure out
 3  how these issues are going to be unraveled.
 4             Ultimately, Your Honor, the objection
 5  date and the final approval date wasn't until
 6  sometime in April, so taking an extra seven days or
 7  fourteen days to make sure these issues are worked
 8  out now is going to save everybody time in the long
 9  run and will still get everybody to the end game.
10  So the harm here, Your Honor, isn't pushing ahead
11  merely because they want to push ahead quickly so
12  that the issues can't be heard.
13       MR. MURPHY:  Your Honor, since some allegations
14  are being leveled against me and we are on the
15  record, I would like to respond real briefly.  I
16  don't want to waste everyone's time here.
17             First off, if you want to be technical
18  about it, I believe I did commit last week, and not
19  me, my client actually paid.  What I committed to
20  yesterday was releasing the proof, so that it can go
21  to the printer.  So the actual monies had to be
22  wired to the ad agency last week I believe, if we
23  want to be technical about it, which Ms. Fegan is
24  evidently interested in being technical about it.
```