IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE RC2 CORP. TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | No. 07 CV 7184 MDL No. 1893 |
| *Document relates to all actions* | ) | Judge Leinenweber |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO THE DECLARATION OF PLAINTIFFS' COUNSEL WILLIAM RILEY AND A NEW ARGUMENT SUBMITTED FOR THE FIRST TIME IN PLAINTIFFS' REPLY OR IN THE ALTERNATIVE TO STRIKE THE DECLARATION AND ARGUMENT**

Regrettably Defendants seek leave from this Court to file instanter the attached sur-reply memorandum in opposition to Plaintiffs' Motion for a Preliminary Injunction to allow them to respond to the new arguments and factual assertions raised in Plaintiffs' Reply Brief and in the Declaration of Plaintiffs' Counsel William Riley which was submitted in support of the Reply. Alternatively, Defendants request the Court to strike the Declaration of Mr. Riley and the new argument raised in Plaintiffs' Reply. In support of this motion Defendants state as follows:

1. The Declaration of one of Plaintiffs' Counsel, William Riley was filed for the first time by Plaintiffs' Counsel as part of their Reply Brief (See Document No. 31 on docket). Previously Ms. Fegan, one of Plaintiffs' Counsel had been the "spokesperson" for Plaintiffs' Counsel and her declaration was submitted in support of Plaintiffs' Motion for a Preliminary Injunction. Plaintiffs' Counsel now in their Reply brief offer the declaration of Mr. Riley which presumably could have been offered in support of Plaintiffs' initial memorandum.

2. In that Mr. Riley's declaration is now being offered for the first time in Plaintiffs' Reply, without leave from this Court to file a sur-reply, Defendants are unable to rebut the assertions made by Mr. Riley in his declaration. A Court may grant leave to file a Sur-reply to a

1

party who wishes to respond to arguments raised for the first time in an opponent's reply brief. *See, e.g., Fletcher v. ZLB Behring LLC*, 2006 U.S. Dist. LEXIS 94838, fn. 2 (N.D. Ill., Oct. 23, 2006) (noting that the Court had allowed Defendant leave to file a Sur-reply in order to address new arguments in Plaintiff's reply brief).

3. While Plaintiffs' Counsel may assert that Mr. Riley's affidavit is merely a response to the declarations of Defense Counsel submitted in Defendants' Response to Plaintiffs' Motion, Defendants assert the declaration goes beyond a mere response and raises new assertions, mischaracterizes events and attempts to attribute statements to Defense Counsel which are not accurate. Notably this declaration could have been offered in support of Plaintiffs' initial memorandum. Fundamental fairness dictates that Defendants should be provided the opportunity to respond to this declaration.

4. Alternatively, Defendants request that Mr. Riley's Declaration be stricken. Striking a declaration submitted for the first time in a reply brief is warranted under these circumstances. *See Coilcraft, Inc. v. Inductor Warehouse, Inc.* 2007 U.S. Dist. LEXIS 52350 fn. 6 (N.D. Ill., July 18, 2007) (Court struck affidavit attached to the Reply Brief because the Plaintiff "should have included the affidavit in its opening brief," supporting its Motion for a Finding of Contempt).

5. In addition to submitting the affidavit of Mr. Riley for the first time in their Reply Brief, the Reply Brief also mischaracterizes an argument made by Defendants' Counsel and then based on this mischaracterization calls Defendants' Counsel to task for making the argument which in actuality Defendants never made. Specifically Plaintiffs assert that Defendants argued that "Plaintiffs' request for relief under the All-Writs Act is barred by the 'Rooker-Feldman' doctrine" (Pltfs Reply Memo at p. 10). No such argument was ever made by Defendants in their

2

response. In as much as this straw man argument was created by Plaintiffs in their Reply, absent leave to file a sur-reply Defendants would be unable to respond.

6. In the alternative, Defendants would request that this argument which is contained at Section III (B) at pages 10-12 of Plaintiffs' Reply be stricken.

7. Defendants' proposed Sur-Reply Memorandum is attached hereto as Exhibit 1 and should the Court grant leave to file it, Defendants would ask that the Sur-Reply Memorandum be deemed to be filed as of the date this Motion is granted.

WHEREFORE, Defendants respectfully request that the Court grant leave to file the attached Sur-Reply brief instanter or in the alternative to strike the declaration of Mr. Riley and the argument contained in Section III (B) of Plaintiffs' Reply brief.

        Respectfully submitted,

        RC2 CORPORATION and
        LEARNING CURVE BRANDS, INC.


        s/Bart T. Murphy
        By one of their attorneys
        Bart T. Murphy
        ICE MILLER LLP
        2300 Cabot Drive, Suite 455
        Lisle, IL 60532
        (630) 955-0555


Judy S. Okenfuss
James L. Petersen
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of February, 2008, a copy of the foregoing has been filed electronically using the Court's CM/ECF system which sent electronic notification of this filing to the following counsel for Plaintiffs:

|  |  |
|---|---|
|  | Elizabeth A. Fegan  beth@hbsslaw.com |
|  | Jack Reise  jreise@csgrr.com |
|  | Joe R. Whatley, Jr.  jwhatley@wdklaw.com |
|  | Robert James Pavich  rpavich@monicopavich.com |
|  | Thomas A. Zimmerman, Jr.  tom@attorneyzim.com |
|  | William N. Riley  wirliey@price-law.com |
|  | Ben Barnow  b.barnow@barnowlaw.com |
|  | Ethan M. Preston  ep@eplaw.us |

*s/ Bart T. Murphy*
Bart T. Murphy
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, IL  60532
(630) 955-0555

I/2080465.1